## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEVIN D. MOTYKIE,
KATHERINE D. TORBICK, and                    )
KATHERINE D. TORBICK, as natural mother       )
and next friend of JT, a minor,               )
           Plaintiffs,            )
v.                                            )          Case Number:
                   )
GARY MOTYKIE, M.D.,                           )
JOSEPH G. HOWARD,                             )
LAW OFFICES OF JOSEPH HOWARD, P.C.,           )          Judge
OFFICER JOSEPH BELMONTE,                      )
OFFICER RANDY AKIN,                           )
OFFICER SCOTT MAY, and                        )
OFFICER ERNIE MEYERSON and                    )          JURY DEMAND
VILLAGE OF INVERNESS, ILLINOIS,               )
           Defendants.            )

## COMPLAINT AT LAW

    Plaintiffs, KEVIN D. MOTYKIE, KATHERINE D. TORBICK, and KATHERINE D.

TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney,

James J. Macchitelli, state against Defendants, GARY MOTYKIE, M.D., JOSEPH G.

HOWARD, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT

MAY,  OFFICER ERNIE MEYERSON and VILLAGE OF INVERNESS, ILLINOIS, and, state

as follows:

## INTRODUCTION

    1.    This action for unlawful search and seizure by GARY MOTYKIE, M.D.,

JOSEPH G. HOWARD, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,

OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON and VILLAGE OF INVERNESS,

ILLINOIS, is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law

and Plaintiffs' rights as secured by the United States Constitution.

## STATEMENT OF JURISDICTION AND VENUE

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendant jurisdiction as provided under 28 U.S.C. § 1367(a).  Alternatively, jurisdiction exists under 28 U.S.C. §§ 1332 for diversity jurisdiction as Defendant, Gary Motykie, is a citizen of the State of California and Plaitiff seeks damages in excess of $75,000.00.   Venue is proper under 28 U.S.C. §1391(b) as on information and belief, as the events giving rise to the claims asserted herein occurred within the district.

## THE PARTIES

3.      Plaintiff, KEVIN D. MOTYKIE, resides in Cook County, Illinois.

4.      Plaintiff, KATHERINE D. TORBICK, resides in Cook County, Illinois.

5.      Plaintiff, JT, is a minor who resides in Cook County, Illinois, with Plaintiff, KATHERINE D. TORBICK, his natural mother and next friend.

6.      All Plaintiffs are citizens of the United States of America and all Plaintiffs are entitled to protection of all rights protected by the United States Constitution.

7.      Defendant, GARY MOTYKIE, M.D., resides in Los Angeles, California, and is a Board Certified Plastic Surgeon and at all times was the landlord of Plaintiffs.

8.      Defendant, JOSEPH G. HOWARD, is an attorney at law licensed by the Illinois Supreme Court and his license to practice law in Illinois is in good standing.

9.      Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON are all Police Officers and employed by the Village of Inverness, Illinois, and each engaged in the conduct complained of while in the scope of his employment and under the color of law.  All Defendant Officers are sued in their individual capacity.

2

10.     Defendant, VILLAGE OF INVERNESS, ILLINOIS, is a unit of local government of the State of Illinois as defined by Article VII of the Constitution of the State of Illinois of 1970. Defendant, VILLAGE OF INVERNESS, ILLINOIS is a body politic and corporate under 55 ILCS 5/5-1001.

## BACKGROUND

11.     On December 23, 2021, a judge from the Circuit Court of Cook County, Illinois, wrongfully entered a court order that granted Defendant, Gary Motykie, M.D., emergency order of protection and an order of possession of the Premises or real property commonly known as 1120 Glencrest Drive, Inverness, County of Cook, Illinois 60010 (hereinafter "Premises").

12.     Since the December 23, 2021, emergency order of protection and order of possession was entered by a judge in his official capacity and through his official duties as a judge, it is believed that the judge is entitled to absolute immunity and is not named as a Defendant herein.

13.     The emergency order and order of possession entered on December 23, 2021, was illegally and unlawfully executed by the Defendants, Gary Motykie, M.D., Joseph G. Howard, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson, through the hiring of a locksmith, Juan Carlos Ramirez from Danny's Keys, to breach and by-pass the lock on Plaintiffs' Premises.

14.     Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and Katherine D. Torbick, as natural mother and next friend of JT, a minor are former tenants residing in the real property commonly known as 1120 Glencrest Drive, Inverness, County of Cook, Illinois 60010 (hereinafter "Premises"), pursuant to a lease, and this action was filed as unlawful retaliation by

3

Defendant, Gary Motykie, M.D., and as a retaliatory action against the Plaintiffs for Plaintiff, Kevin D. Motykie, asking Defendant, Gary Motykie, M.D., if he violated the Plaintiffs' privacy by illegally obtaining videos with sexual content of Kevin and Katherine and showing intimate private moments and posting said videos on the internet without Plaintiffs', Kevin D. Motykie's and Katherine D. Torbick's, knowledge nor their consent.

15.     Defendant, Joseph G. Howard, was retained by Defendant, Gar Motykie, M.D., and it is believed that Defendant, Joseph G. Howard, consulted with Defendant, Gary Motykie, M.D., and at all times relevant, Defendant, Joseph G. Howard, knew that Defendant, Gary Motykie, M.D., resided in Los Angeles, California.

16.     Defendant, Joseph G. Howard, further knew at all times relevant that Defendant, Gary Motykie, M.D., had no right to occupy the Premises or Inverness home and after considering the factors set forth in 750 ILCS 60-214(b)(2)(B), it would have been harder on Plaintiffs to leave the premises; yet,  Defendant, Joseph G. Howard, remained silent and fulfilled his unlawful agreement with his client, Defendant, Gary Motykie, M.D., and allowed the December 23, 2021, Emergency Order of Protection to be enetered against Plaintiffs.

17.      At all times relevant, the actions of Defendant, Joseph G. Howard, have been unethical and improper and have unlawfully assisted Defendant, Gary Motykie, M.D., to provide the trial judge with false facts and false imformation during the hearing on the Emergency Order of protection and further assisted Defendant, Gary Motykie, to unlawfully keep Plaintiffs' personal property.

18.     On December 23, 2021, Defendant, Gary Motykie, M.D., appeared in a Cook County Circuit Court on an emergency basis and obtained an Emergency Order of Protection

against Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and against Christopher Bono. The Emergency Order of Protection against Plaintiff, Katherine D. Torbick, was granted and issued without any threats being made by her against Defendant, Gary Motykie, M.D.

19.     On information and belief, Defendant, Gary Motykie, M.D., is a resident of the State of California and at all times relevant, Defendant, Gary Motykie, M.D., was only the Plaintiffs' Landlord and could not enter the Premises without Plaintiffs' invitation or approval or permission.

20.     On January 8, 2022, Defendant, Gary Motykie, M.D., obtained assistance from the Inverness Police Department to unlawfully obtain possession of the Premises or Inverness Property without following legal process or known protocols to have Cook County Sheriffs execute the order of possession.

21.     In fact, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, unlawfully assisted Defendant, Gary Motykie, M.D., in obtaining possession of the Premises and / or allowed assisted Defendant, Gary Motykie, M.D., to obtain possession of the Premises unlawfully through the use of the services of a locksmith.

22.     Defendant, Gary Motykie, M.D., did not have a key to the Premises as the Premises were leased by Plaintiff, Kevin D. Motykie, Katherine D. Motykie and JT, and possessed by Plaintiffs as their primary residemce. Defendant, Gary Motykie, M.D., had no right to enter the Premises on January 8, 2022, and had no right to the Premises short of filing an eviction and forcible entry and detainer action against Plaintiffs.

23.     The ultimate hallmark of a lease is the tenant's exclusive possession of the premises against all the world, including the owner" and police officers.  tenants, like all people,

5

enjoy the Fourth Amendment "right . . . to be secure in their . . . houses." The personal security of tenants is thus threatened when they cannot control their possessions free from unreasonable governmental inference.

24.     On January 8, 2022, Defendant, Gary Motykie, M.D., and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, forcibly entered the Premises with the assistance of a Locksmith that was hired by Defendant, Gary Motykie, M.D., demanded that Plaintiffs leave the Premises immediately and the Plaintiffs were allowed to remove a minuscule amount of their personal property from the Premises and their two dogs, and had to leave all other pets which half were allowed to die as Plaintiffs were not allowed access to the property, and on January 8, 2022, Plaintiffs were forcibly removed from the Premises by Defendant, Gary Motykie, M.D., and Defendants', Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, actions and assistance to Defendant, Gary Motykie, M.D., caused severe interference with Plaintiffs' liberty interests and resulted in unreasonable government interference through color of law as any participation of a police officer in an improper eviction constitutes a seizure in violation of the Fourth Amendment.

25.     The liberty interest of Plaintiffs as tenants in controlling their possessions and in being left alone in their own homes was be severely compromised by the actions of the Defendants at bar as the Defendants at bar caused the Plaintiffs suffer violations of their Constitutional rights to be free from unreasonable governmental interference.

26.     Thereafter, Defendant, Gary Motykie, M.D., intentionally interfered with Plaintiffs' attempts and rights to remove their personal property from the Premises or Inverness

Property. This interference caused the Plaintiffs to suffer severe hardships as they were forced to live in hotels for nine weeks and to eat restaurant food for nine weeks and had no furniture, no pets, no beds, no art pieces which are extremely valuable, no collectable pieces of property that was owned and possessed by Plaintiffs, no boat keys and batteries, no keys to their many vehicles, etc. The Plaintiffs lived out of hotels for nine weeks and had no personal identification documents such as but not limited to social security cards, passports, birth certificates, personal financial records needed for filing taxes returns, and, Plaintiffs had to buy immediately all daily personal items that were essential to life as well as JT's school supplies and other items.

27. It is well known that the seizure of Plaintiffs' possessory interest in their residence implicates the interests of privacy, security and liberty underlying the Fourth Amendment and all of these interests of Plaintiffs was compromised by the Defendants at bar in this case.

28. On January 10, 2022, Plaintiffs appeared in court before the Judge who entered the temporary order of protection and an order was entered on January 13, 2022, that instructed the parties' attorneys to make arrangements concerning retrieval of Plaintiffs' personal property.

29. Defendant, Gary Motykie, M.D., intentionally interfered with Plaintiffs' right to remove their personal property from the Premises or Inverness Property and this became a way that Defendant, Gary Motykie, M.D., could retaliate against Plaintiffs and unlawfully punish Plaintiffs for complaining about invasion of their privacy.

30. The orders entered on January 13, 2022, provide in pertinent part:

"Respondents shall be allowed to access and remove Personal property at 1120 Glencrest Drive, Inverness, Illinois 60010. The Respondents shall be accompanied by a member of the Inverness Police Department. The date shall be set to allow for the convenience of all parties involved."

7

31.    The attorney for Defendant, Gary Motykie, M.D., demanded the Plaintiffs were to provide an itemized list of their personal property which the Plaintiffs provided to Defendant, Joseph G. Howard, a 22 page list of personal property that totaled a value of $500,000.00.  A copy of the list of personal property that was provided to Defendant, Gary Motykie, M.D., through his attorney, is attached and marked Plaintiffs' Exhibit "A."

32.    Defendant, Gary Motykie, M.D., used the list of p ersonal property that was provided by the Plaintiffs on January 29, 2022, Defendant, Gary Motykie, M.D., arrogantly and illegally violated the Court's order to allow Plaintiffs to take all of their personal property and highlighted the items that he somehow decided what Plaintiffs would be allowed to remove from the Premises or Inverness Property and which was only a small percentage, 5%, of their personal property.  Upon arrival to retrieve their personal property, Defendant, Gary Motykie, M.D., had RedHawk Consulting Group, with armed security guards who blocked Plaintiffs from entering or removing any of their personal property from 90% of the 6,000 sq. ft. home and the garage and basement and only allowed Plaintiffs to retrieve some items from their bedrooms and limited items from kitchen, but, block every other room, including the home office.

33.    The response of Defendant, Gary Motykie, M.D.'s, to this court order was to violate the court's order entered on January 13, 2022, as the Defendant, Gary Motykie, M.D., did not comply with the order entered on January 13, 2022, and hired security guards to be present to intimidate and control the Plaintiffs and to block Plaintiffs to take only personal property that Defendant, Gary Motykie, M.D., decided to allow which was minuscule personal property which Plaintiffs could retrieve.

34.    The Defendant, Gary Motykie, M.D., agreed that Plaintiffs could remove personal property from the Premises or Inverness Property on January 30, 2022; thus, Plaintiffs rented a

8

U-Haul truck and Plaintiffs arrived at the Premises or Inverness Property on January 30, 2022, fully able to remove their personal property.

35.     When the Plaintiffs arrived, Defendant, Gary Motykie, M.D. had several security guards present who refused to allow the Plaintiffs to take much of their personal property from the Premises or Inverness Property.  Plaintiffs were told they had 2 hours and Plaintiffs were allowed to take clothes, but, were not allowed to take furniture, art pieces, movie memorabilia, Ford Shelby Mustang parts, watch collection with 30 or more watches, family heirlooms, coins, jewelry, gold, silver, diamonds, gun collection, computers, most of the kitchen items, their motor vehicles and many other personal properties obatined through Plaintiffs' lifetime.

36.     The RedHawk Consulting Group armed security guards hired by Defendant, Gary Motykie, M.D., refused to allow Plaintiff, Kevin Motykie, to take his motor vehicles, 3 Ford Shelby Mustangs, 1 Pontiac GTO, actually a Blue Tempest Lemans, 2011 Maserati, 2000 Porche Boxter, 1967 T5 Convertible Ford Mustang, electric motorcycle, Seadoo Jet Boat, Cubcadet tractor, and all of the Plaintiffs' furniture and half of Plaintiffs' kitchen items.

37.     Defendant told Plaintiffs that another date would need to be set to allow Plaintiffs to take and remove from the premises their personal property, a complete violation of the Court's orders; thus, Plaintiffs and Defendant, Gary Motykie, M.D., set February 26, 2022, but that date was cancelled by Defendant, Gary Motykie, M.D., and re-set to March 5, 2022, but March 5, 2022, was cancelled and on March 21, 2022, Defendant, Gary Motykie, M.D., sent a moving truck half full to Plaintiff's current home.  Many of the Plaintiffs' personal property items on the truck and delivered by Defendant, Gary Motykie, M.D., were broken, scratched and missing parts.   The items delivered were random items.

38.     On March 23, 2022, Defendant, Gary Motykie, M.D. ,sent a POD #1 to Plaintiffs'

home.  POD #1 contained only a few items on Plaintiffs' list and the other items, many were

broken.  The POD contained some of the toys that belonged to Katherine's 8 year old son and

two bedroom sets that belonged to Plaintiff, Kevin D. Motykie, but, failed to include a bedroom

set belonging to Palintff, Katherine D. Motykie.  The reaining items were emply boxes, throw

away garbage and old furmiture belonging to Defendant, Gary Motykie, M.D., that was stored in

the basement.  The majority of the POD #1 content was "literally garbage" that Plaintiffs' placed

on the curb to be taken away with municipal garbage. See photos attached and marked Exhibit

"B" and Exhibit "C."

39.     On April 29, 2022,  Defendant, Gary Motykie, M.D.,sent a POD #2 to Plaintiffs'

home.  POD #2 contained sitting room furniture that was destroyed, some workout equipment

from the basement, a shelf from one of the safes, broken pieces of Swarovsky Crystal, 10 coins

from Katherine's collection with many coins missing, one rare KOI coin in a box and several

items of stale food from the pantry.

40.     The Plaintiffs demanded another date for Plaintiffs to remove their personal

property and it was agreed that on May 3, 2022, Plaintiffs could take their personal property from

the Premises, but, because of heavy rain, the parties cancelled May 3, 2022, and re-set the

moving date for May 10, 2022, at which time Plaintiff, Katherine D. Torbick, received 20% of

the items she provided on the list and Plaintiff, Kevin D. Motykie, received nothing that he

provided on the list.

41.     Thereafter, Plaintiffs moved the court to Compel Defendant, Gary Motykie, M.D.,

to allow Plaintiffs to remove all of their items of personal property that were present in the

Premises or Inverness home on January 8, 2022, when they were unlawfully, forcibly removed from the Premises or Inverness Property.

42.     Defendant, Gary Motykie, M.D., responded that the Plaintiffs should file a replevin action to obtain their personal property from Defendant, Gary Motykie, M.D., and argued that the Court that decided the issue of the Emergency Order of Protection lacked the appropriate venue and jurisdiction to decide the parties' issues regarding possession of personal property.

43.     Plaintiffs provided Defendant, Gary Motykie, M.D., a list of their personal property that was present at the Premises or Inverness Property and Plaintiffs provided receipts of purchase for many of their items of personal property.  But, the court refused to be involved in the Plaintiffs' personal property and directed Plaintiffs to seek the return of their personal property in another venue or court.

44.     As of the January 8, 2022, removal from their residence at the Premises until the date that this action was filed, Defendant, Gary Motykie, M.D., is still refusing to allow Plaintiffs the return of their personal property.

45.     At all times relevant herein, approximately 80% of Plaintiffs' property is still missing. Defendant, Gary Motykie, M.D., failed and refused to act in good faith and failed and refused to allow Plaintiffs to remove their personal property from the Premises or Inverness Property and this intentional interference is sanctionable misconduct and maybe criminal as Defendant, Gary Motykie, M.D., has removed the Premises Plaintiffs' personal property and the whereabouts of which are unknown to Plaintiffs.

11

46.     Unfortunately, Defendant, Gary Motykie, M.D., continued to act in bad faith and continued to interfere with Plaintiffs' rights to obtain their personal property from the Premises or Inverness Property.  In fact, Defendant, Gary Motykie, M.D. took it upon himself to damage most of Plaintiffs' personal property and to send to the Plaintiffs a small percentage of their personal property many of which were broken by movers and placed in large containers.

47.     Plaintiffs reported the Defendant's, Gary Motykie, M.D.'s wrongful conduct, wrongful eviction and trespass and retention of their belongings and all of their personal property to the Inverness Police Department who refused to investigate any criminal acts conducted by Defendant, Gary Motykie, M.D.

48.     As the date that this complaint was filed and after repeated, continued requests to Defendant, Gary Motykie, M.D., through Gary Motykie, M.D.'s and Kevin Motykie's mother, to have their personal property returned, the Plaintiffs still have not received 80% of their personal property back from Defendant, Gary Motykie, M.D.

49.     The actions and misconduct of Defendant, Gary Motykie, M.D., have been asisted by Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and the actions and misconduct of Defendant, Gary Motykie, M.D., have caused to suffer severe emotional distress, uncomfortable anxiety, sleepless nights, and monetary damages to all of the Plaintiffs and are inexcusable as their actions are malicious and intentional.

**COUNT I - 42 U.S.C. § 1983**
**Fourth Amendment-Illegal Search and Seizure**
**against Defendant, GARY MOTYKIE, M.D., and**
**Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,**
**OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., and Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON, state as follows:

50.     Each of the foregoing Paragraphs 1-49 are incorporated as if restated fully herein.

51.     The search and seizure of the Plaintiffs' Premises and the retention of Plaintiffs' personal property by all of the Defendants, as detailed above, was illegal and was done with a lack of legal justification and was blatant, unreasonable misconduct.

52.     The Civil Rights Act of 1871, 42 U.S.C. §1983, creates a cause of action to recover damages stemming from the deprivation of rights secured by the Constitution and laws of the United States, and caused by the abuse of a position of authority exercised under color of law.

53.     On January 8, 2022, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, through , denied Plaintiffs their Fourth Amendment rights by seizing their property in contravention of the law, and, by evicting Plaintiffs pursuant to a void Order of Possession, and, by evicting Plaintiffs pursuant to a void Order of Possession.

54.     On January 8, 2022, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, violated all the Plaintiffs' Fourth Amendment rights to be free of unreasonable searches and seizures by entering their home without a warrant and

breaching their right to quiet enjoyment and further unlawfully retaliating against Plaintiffs.

55.     By using their positions of authority to evict the Plaintiffs, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, acted under color of law to deprive the Plaintiffs of their Constitutional and statutory rights.

56.     The unlawful searches and seizures of Plaintiffs' Premises and property, and belongings performed by Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, were in violation of Plaintiffs' right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

57.     The misconduct described in this count by Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, was objectively unreasonable and was undertaken intentionally and with willful indifference to all four Plaintiffs' constitutional rights.

58.     As a proximate result of the above-detailed actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, all four Plaintiffs suffered fear, anxiety, pain, severe emotional distress, severe major depression, difficulty sleeping, poor appetite, loss of capacity of enjoyment of life, difficulty remaining focused on tasks and the loss of all of their property.

59.     As a direct and proximate consequence of said conduct of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson,  the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and Defendant, Gary Motykie, M.D., including, but not limited to, an amount in excess of $1 Million for reasonable compensatory damages; an amount for punitive damages; an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

### COUNT II - U.S.C. § 1983
### Fourteenth Amendment- Due Process
### against Defendant, GARY MOTYKIE, M.D., and
### Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,
### OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., and Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON, state as follows:

60.     The foregoing Paragraphs 1-49 are incorporated as if restated fully herein.

61.     Plaintiffs had liberty interests under the Fourteenth Amendment of the United States Constitution to protect them from the Defendants' abuse of their powers and unduly interfering with Plaintiffs' rights to their property and possessions including their right to receive notice of an eviction.

62.     The Civil Rights Act of 1871, 42 U.S.C. §1983, creates a cause of action to recover damages stemming from the deprivation of rights secured by the Constitution and laws of the United States, and caused by the abuse of a position of authority exercised under color of law.

15

63.    On January 8, 2022, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, violated and denied Plaintiffs their Fourteenth Amendment procedural due process rights by forcibly entering their home without a warrant and demanding that they leave the Premises immediately.

64.    The actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, in forcibly entering Plaintiffs' home without a warrant and failing to provide Plaintiffs with reasonable notice prior to their eviction were intentional, willful and wanton.   Defendants said actions caused Plaintiff a loss of liberty that amounted to a deprivation.  The deprivation was without due process of law.

65.    Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, committed the acts alleged above under color of law, and in the scope of their employment, as employees of the Village of Inverness. The actions of the Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, violated the Plaintiffs' Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. § 1983.

66.    As a direct and proximate consequence of said conduct of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendant, Gary Motykie, M.D., Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, including, but not limited to, an amount in excess of $1 Million for reasonable compensatory damages; an amount for punitive

damages; an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT III - State Law Claim**
**Indemnification- 745 ILCS 10/9-102**
**against, Defendant, Village of Inverness, Illinois**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, VILLAGE OF INVERNESS, state as follows:

67.    The foregoing Paragraphs 1-49 are incorporated as if restated fully herein.

68.    At the time of the events described above, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson,  were employed by the Village of Inverness.

69.    Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson, identified above, committed the acts alleged above under color of law and within the scope of their employment as an employee of the Village of Inverness.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendant, Village of Inverness, Illinois, including, but not limited to, an amount of the judgments entered against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson; an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

17

**COUNT IV - State Law Claim**
**Respondeat Superior**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, VILLAGE OF INVERNESS, state as follows:

70.     The foregoing Paragraphs 1-49 are incorporated as if restated fully herein.

71.     In committing the acts alleged in the preceding paragraphs, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson, identified above, were employed by and acting as an agent of the Village of Inverness as municipal police officers acting under color of law.

72.     Village of Inverness is liable as principal for all torts committed by its employees and agents, the Defendants herein.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendant, Village of Inverness, Illinois, including, but not limited to, an amount of the judgments entered against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson; an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT V - State Law Claim**
**Intentional Inflection of Emotional Distress**
**against, Defendant, Gary Motykie, M.D.**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., state as follows:

73.     The foregoing Paragraphs 1-49 are incorporated as if restated fully herein.

74.     The conduct of Defendant, Gary Motykie, M.D., was extreme and outrageous because Defendant, Gary Motykie, M.D., had no right to hire a locksmith to forcibly enter the Plaintiffs' home as the Plaintiffs' were lawful tenants of Defendant, Gary Motykie, M.D., and as lawful renants, Plaintiffs enjoyed a right to quiet enjoyment of their leased Premises.

75.     In addition, Defendant, Gary Motykie, M.D., took almost all of the Plaintiffs' personal property and many objects are very important and sentimental to Plaintiffs.  Being without almost all of their personal property has caused Plaintiffs to suffer severe emotional distress and has caused substantial disorder in their household as the Plaintiffs have been arguing with eacjh other constantly about being removed from their home under false pretenses in an emergency order of protection that was unlawfully entered by Defendant, Gary Motykie, M.D.

76.     At all times, Defendant, Gary Motykie, M.D. knew that the allegations in the Petition for Emergency Order of Protection filed and heard by a judge on December 23, 2021, were false and was used to side step the eviction procedure and to unlawfully retaliate against Plaintiffs, Defendant, Gary Motykie, M.D.'s, conduct was knowingly illegal and a knowing violation of Illinois law.

77.     Defendant, Gary Motykie, M.D., knew that he had no legal right to evict the Plaintiffs; yet, on December 23, 2021, he filed the Petition for Emergency Order of Protection, and falsely claimed to the judge that if he was not awarded possession of the Premises, he would be substantially inconvenienced more than Plaintiffs.  Defendant, Gary Motykie, M.D., never told the judge that a young boy, JT, resided in the home with Plaintiffs and that he went to school nearby for the past 2 ½ years.

78.     Defendant, Gary Motykie, M.D., intended the misconduct described above to inflict severe emotional distress on all of the Plaintiffs, or knew there was at least a high probability that his misconduct would cause severe emotional distress to all of the Plaintiffs and caused JT severe emotional distress for which he has received psychological therapy.

79.     Defendant, Gary Motykie, M.D.'s, misconduct alleged above, caused all of the Plaintiffs to suffer severe emotional distress and other damages because they were thrown out of their home they had been living in for a few years and this was done illegally and in front of their neighbors and all the Plaintiffs were to continue their daily lives with nothing, not one item of personal property and with minimal personal belonging and in a house that was ransacked and in total complete disarray.                                    3333

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)      Damages in an amount that exceeds $1 Million;

b)      Punitive damages;

c)      Court costs; and

d)      Such further relief as this Court deems just and proper.

## COUNT VI - State Law Claim Conversion
## against, Defendant, Gary Motykie, M.D.

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., state as follows:

80.     The foregoing Paragraphs 1-49 are incorporated as if restated folly herein.

81.     On January 8, 2022, Defendant, Gary Motykie, M.D. , assumed control of the Plaintiffs' personal property and belongings including but not limited to money, antique hand guns, furniture, family photos, family heirlooms, household goods, clothing, and personal momentums that can never be replaced unless they are returned by Defendant, Gary Motykie, M.D. and several automobiles that were being collected by Plaintiff, Kevin Motykie.

82.     All of the Plaintiffs had the right to control and retain possession of their personal property and their personal belongings.

83.     Defendant's, Gary Motykie, M.D.'s, assumption and control over all of the Plaintiff's possessions and personal property was illegal, unlawful and unauthorized and Defendant, Gary Motykie, has not returned 80% of the Plaintiffs' personal property.

84.     All of the Plaintiffs demanded that all of their personal property and personal belongings be returned and the trial judge entered a few successive orders that the personal property and personal belongings of all four Plaintiffs be returned to Plaintiffs and further held Defendant, Gary Motykie, M.D. , in indirect civil contempt of court for his failure to return the personal property and personal belongings of all of the Plaintiffs.

85.     On January 13, 2022, the trial judge entered an order directing Defendant, Gary Motykie, M.D., to set up a mutually convenient time for Plaintiffs to retrieve their personal property and Defendant, Gary Motykie, M.D., interfered with the Plaintiffs' right and court order to get their personal property from the premises.

86.     To date, the Plaintiffs have not recovered approximately 80% of their personal property that was wrongfully taken by Defendant, Gary Motykie, M.D., and, the misconduct described in this Count was objectively unreasonable and was undertaken intentionally with

willful and calculated interference to the Plaintiffs' rights.

87.     As a proximate result of the above-detailed  actions of Defendant, Gary Motykie, M.D. , the Plaintiffs have suffered damages, and continue to suffer damages, including emotional distress and the loss of all of their personal property and personal belongings.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)      Damages in an amount that exceeds $1 Million;

b)      Punitive damages;

c)      Court costs; and

d)      Such further relief as this Court deems just and proper.

**COUNT VII - State Law Claim**
**Wrongful Eviction/Trespass**
**against, Defendant, Gary Motykie, M.D.**

88.     The foregoing Paragraphs 1-46 are incorporated as if restated fully herein.

89.     The State of Illinois, through its elected state legislature, enacted a statutory procedure known as the Forcible Entry and Detainer Act (hereafter "FEDA") [735 ILCS 5/9-101 *et seq.*] for the eviction of both commercial and residential tenants in Illinois to which all landlords in Illinois are required to strictly comply and the FEDA was in existence during the relevant period of time alleged in this complaint and continues to exist today.

90.     FEDA prohibits landlords from forcibly evicting a tenant from a dwelling unit without complying with the strict statutory procedures set out specifically in FEDA and the FEDA statue requires that the landlord or his agent prepare and serve a statutory notice upon the

tenant, and, following the expiration of the time within that notice to file a complaint, issue a summons with the Clerk of the Circuit Court to obtain a court order for the Sheriff of that county to evict the tenant from the premises in accordance with that court order.

91. On information and belief, on December 23, 2022, Defendant, Gary Motykie, M.D., did go and file pleadings with false allegations in order to coax a circuit court judge to issue court orders to remove Plaintiffs from the Premises without any notice and without serving Plaintiffs with notice of eviction or without any notice of the Plaintiffs' termination of tenancy and Defendant, Gary Motykie, M.D., made further false statements to the court as he falsely alleged that he was a co-tenant of the Premises and falsely that he, Defendant, Gary Motykie, M.D., has a right to occupy the Premises and Plaintiffs at bar do not.

92. Defendant, Gary Motykie, M.D., blatantly and intentionally alleged false claims of danger and falsely alleged that he would suffer hardship ,ore extreme if he was not granted sole possession of the premises and thus did not follow any of the requirements of the FEDA to lawfully evict Plaintiffs from the Premises.

93. For instance, Plaintiffs were never given proper demand or notice to move from the premises and were never given the chance to remove all of their personal property from the residence prior to Defendant. Gary Motykie, M.D., obtaining sole possession of the Premises.

94. Defendant, Gary Motykie, M.D., never filed a complaint to evict Plaintiffs nor did Defendant, Gary Motykie, M.D., serve Plaintiffs with summons and a complaint to evict Plaintiffs, and instead, Defendant, Gary Motykie, M.D., forcibly evicted Plaintiffs without any notice and without a truthful and / or lawful reason.

95. Defendant, Gary Motykie, M.D.'s, wrongful eviction constitutes an unauthorized and wrongful exercise of control over the Premises that were leased by Plaintiffs and used as

Plaintiffs' primary residence and exercised and continues to exercise exclusive control over and exclusive possessions of and refuses to return to Plaintiffs' their personal property that was present in the Premises.

96.     Defendant, Gary Motykie, M.D., knew or should have known that such actions would likely leave the Plaintiffs homeless and dispossessed of all of her personal belongings and all of their personal property, some of which was but not limited to all of their cash money, furniture, household utensils, workout and exercise equipment, pots, pans, glasses, dishes, clothes, pets, motor vehicles, collectibles, art objects, jewelry, plus freezer fully of $2,000.00 worth of seafood and steaks, a liquor cabinet full of liquor worth $4,000.00, dry bar full of expensive, high end liquor valued at $2,000.00, etc.

97.     As a result of Defendant's, Gary Motykie, M.D.'s, FEDA violations, the Plaintiffs were deprived of the access to their home and personal belongings and personal property and were left homeless, immediately and without any notice.

WHEREFORE, the Plaintiffs, KEVIN D. MOTYKIE, KATHERINE D. TORBICK, and KATHERINE D. TORBICK, as natural mother and next friend of JT, a minor, +pray that judgment be entered in their favor and against Defendants, GARY MOTYKIE, M.D., and award each Plaintiff:

a)     Damages in an amount in excess of $1 Million;

b)     Punitive damages;

c)     Court costs; and

d)     Such further relief as this Court deems just and proper.

24

## COUNT VIII - State Law Claim
### Conspiracy against, Defendant, Gary Motykie, M.D.
### and Defendant, Joseph G. Howard

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., and Defendant, JOSEPH G. HOWARD, state as follows:

98.     The foregoing Paragraphs 1-49 are incorporated as if restated fully herein.

99.     Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and the Village of Inverness, Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, entered into an agreement to unlawfully evict the Plaintiffs, deprive them of their rights to due process, deprive them of equal protections under the law, deprive them of their home, deprive them of their personal property and personal belongings, and intentionally infliction emotional distress.

100.     Upon information and belief, this agreement was entered shortly before the eviction occurred because the Defendants coordinated the scheduling of the eviction and at that time Defendant, Gary Motykie, M.D., spoke Police Officers of Village of Inverness and upon information and belief informed them about all facts related to the removal of Plaintiffs from the Premises, including the fact that Defendant, Defendant, Gary Motykie, M.D., wanted possession of the Premises and all of the Plaintiffs' personal property and personal belongings, that Defendant, Defendant, Gary Motykie, M.D., was a resident of the State of California and that Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and the Village of Inverness, knew or should have known full and well that Defendant, Gary Motykie, M.D., had no right to breach his tenant's right of quiet enjoyment and

25

had no right to forcibly enter the Plaintiffs' residence and abode and that such entry was illegal and a violation of Plaintiffs' Constitutional right to sole possession of their residence and abode.

101. During the conversations to schedule the removal of Plaintiffs from their residence and abode, the Defendants formed an unlawful conspiracy to unlawfully evict and / or remove Plaintiffs from their residence and abode and to violate Plaintiffs' constitutional rights and to take and keep all of Plaintiffs' personal property.

102. The Defendants also entered an agreement to unlawfully evict all the Plaintiffs, deprive them of their right to due process, deprive them of equal protections under the law, deprive them of their home, deprive them of their personal property and personal belongings, and intentionally infliction emotional distress during the execution of the Emergency Order of Protection and through unlawful entry into Plaintiffs' residence or abode.

103. Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, then acted on their agreement and wrongfully evicted or removed all of the Plaintiffs from their residence or abode and deprived them of their personal property and their personal belongings and their residence where they resided for more than two years.

104. Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, Defendant, Gary Motykie, M.D., and Joseph G. Howard, acted in furtherance of the conspiracy to violate Plaintiffs' constitutional rights by permitting a wrongful eviction to occur or wrongful removal from their residence or abode with an unlawful entry through a locksmith that breached Plaintiffs' locked residence or abode.

105. Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard,

acted in furtherance of the conspiracy to violate Plaintiffs' constitutional rights by permitting the eviction or removal from their residence or abode to unlawfully occur when they knew that illegal entry into Plaintiffs' residence or abode by illegal entry or forcible entry to Plaintiffs' residence or abode was unconstitutional and involved a trespass and violations of Illinois law also.

106.    As a proximate result of the above-detailed actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, Plaintiffs suffered damages including but not limited to the loss of their personal property, all of their personal belongings and emotional distress.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, KATHERINE TORBICK, as natural mother and next friend of JT, a minor., pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and Defendant, JOSEPH G. HOWARD, and award each Plaintiff:

a)    Damages in an amount that exceeds $1 Million;

b)    Punitive damages;

c)    An amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988;

c)    Court costs; and

d)    Such further relief as this Court deems just and proper.

## COUNT IX
## VIOLATION OF COVENANT OF QUIET ENJOYMENT

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., and Defendant, JOSEPH G. HOWARD, state as follows:

107.     The forgoing Paragraphs 1-49 are incorporated as if restated fully herein.

108.     The Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and Katherine D. Torbick, as natural mother and next friend of JT, a minor, entered written lease with the Defendant, Gary Motykie, M.D., and Defendant, Gary Motykie, M.D., knowingly leased the Premises or Invernss home to Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT,  a minor, as Plaintiff's residence.

109.     In this lease, Defendant, Gary Motykie, M.D., covenanted with Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, that Plaintiffs would peaceably and quietly enjoy and occupy the premises while they occupied the Premises or Inverness home.

110.     Under the lease, Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, entered into possession of the premises as their residence at the commencement of the term.  Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, have duly kept and performed all conditions and covenants of the lease required of Plaintiffs.

111.     In violation of this covenant, Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, have unlawfully used the legal system to interfere with and prevent Plaintiffs' peaceable and quiet enjoyment of the premises and to interfere with teir occupancy of the premises by providing the trial judge with false information and wrongfully removing them from

the Premises and changing the locks on the Premises.

112. By these acts of Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, the Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, have suffered great damage, inconvenience, and losses and Plaintiffs had to spend all of the their savings to buy everyday household items and other items that are used in day to day living.

113. Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, have no adequate remedy at law because Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, refuse to cease these acts and refuse to return or allow Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, to regain possession of their personal property as explained above and the misconduct of Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, was intentional, reckless, outrageous and unlawful as it served no lawful purpose and only served to unlawfully retaliate against Plaintiffs and to cause them to suffer severe damages.

114. The conduct of Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, was extreme and outrageous and intolerable because Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, used false allegations in an Petition for Emergency Order of Protection and further convinced police officers to assist him in forcibly entering Plaintiffs' residence and further convinced police officers to assist him in obtaining possession of the Plaintiffs' personal property all in an unlawful plan to remove Plaintiffs from the Premises or Inverness home.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendants, GARY MOTYKIE, M.D., and Defendant, JOSEPH G. HOWARD, and award each Plaintiff:

a)      Damages in an amount that exceeds $1 Million;

b)      Punitive damages;

c)      Court costs; and

d)      Such further relief as this Court deems just and proper.

**COUNT X - ABUSE OF PROCESS**
**against, Defendant, Gary Motykie, M.D.**
**and Defendant, Joseph G. Howard**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., and Defendant, JOSEPH G. HOWARD, state as follows:

115.      The foregoing Paragraphs 1-46 are incorporated as if restated fully herein.

116.      The conduct of Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, was extreme and outrageous and intolerable because Defendant, Gary Motykie, M.D., nd Defendant, Joseph G. Howard, used false allegations in an Petition for Emergency Order of Protection and further convinced police officers to assist him in forcibly entering Plaintiff's residence and further convinced police officers to assist him in obtaining possession of the Plaintiffs' personal property.

117.      On December 23, 2022, Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, used false allegations in an Petition for Emergency Order of Protection and

obtained sole possession of the Premises that were leased by Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, and used as their primary residence.

118.     Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, made false allegation that he was entitled to possession of the Premises or Inverness home and that if he was not granted sole possession he would be harder on Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, to leave the Premises after considering the factors set forth in 750 ILCS 60/214(b)(2)(B) than it would be for Plaintiffs to leave the Premises.

119.     The factors set forth in 750 ILCS 60/214(b)(2)(B) are:

(b) Remedies and standards. The remedies to be included in an order of protection shall be determined in accordance with this Section and one of the following Sections, as appropriate: Section 217 on emergency orders, Section 218 on interim orders, and Section 219 on plenary orders. The remedies listed in this subsection shall be in addition to other civil or criminal remedies available to petitioner.

...

(2)  Grant of exclusive possession of residence. Prohibit respondent from entering or remaining in any residence, household, or premises of the petitioner, including one owned or leased by respondent, if petitioner has a right to occupancy thereof. The grant of exclusive possession of the residence, household, or premises shall not affect title to real property, nor shall the court be limited by the standard set forth in subsection (c-2) of Section 501 of the Illinois Marriage and Dissolution of Marriage Act.2

...

(B)  Presumption of hardships. If petitioner and respondent each has the

31

right to occupancy of a residence or household, the court shall balance (i) the hardships to respondent and any minor child or dependent adult in respondent's care resulting from entry of this remedy with (ii) the hardships to petitioner and any minor child or dependent adult in petitioner's care resulting from continued exposure to the risk of abuse (should petitioner remain at the residence or household) or from loss of possession of the residence or household (should petitioner leave to avoid the risk of abuse). When determining the balance of hardships, the court shall also take into account the accessibility of the residence or household. Hardships need not be balanced if respondent does not have a right to occupancy.

The balance of hardships is presumed to favor possession by petitioner unless the presumption is rebutted by a preponderance of the evidence, showing that the hardships to respondent substantially outweigh the hardships to petitioner and any minor child or dependent adult in petitioner's care. The court, on the request of petitioner or on its own motion, may order respondent to provide suitable, accessible, alternate housing for petitioner instead of excluding respondent from a mutual residence or household.

...

(10)  Possession of personal property. Grant petitioner exclusive possession of personal property and, if respondent has possession or control, direct respondent to promptly make it available to petitioner, if:

32

(i) petitioner, but not respondent, owns the property; or

(ii) the parties own the property jointly; sharing it would risk abuse of petitioner by respondent or is impracticable; and the balance of hardships favors temporary possession by petitioner.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may award petitioner temporary possession thereof under the standards of subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended. No order under this provision shall affect title to property.

(11) Protection of property. Forbid the respondent from taking, transferring, encumbering, concealing, damaging or otherwise disposing of any real or personal property, except as explicitly authorized by the court, if:

(i) petitioner, but not respondent, owns the property; or

(ii) the parties own the property jointly, and the balance of hardships favors granting this remedy.

If petitioner's sole claim to ownership of the property is that it is marital property, the court may grant petitioner relief under subparagraph (ii) of this paragraph only if a proper proceeding has been filed under the Illinois Marriage and Dissolution of Marriage Act, as now or hereafter amended.

See 750 ILCS 60/214 (b) (2).

120. The personal residence of Defendant, Gary Motykie, M.D., is located in Los Angeles, California and is commonly known as 8640 Skyline Drive, Los Angeles, California 90046 while the residence commonly known as 1120 Glencrest Drive, Inverness, Illinois 60010

was the residence and personal home of Plaintiffs, Kevin D. Motykie and Katherine D. Motykie

and JT, Katherine D. Motykie's minor son, who attended school at St. Ann's a private school in

Barrington, Illinois.

121.    On December 23, 2021, when the relevant order was entered that granted

Defendant, Gary Motylie, M.D., exclusive possession of the residence  (1120 Glencrest Drive,

Inverness, Illinois 60010), the trial judge's decision to grant Defendant, Gary Motykie, M.D.,

sole possession of the premises was wrong because Defendant, Gary Motykie, M.D., had no right

to possession of the Premises.  Defendant, Gry Motykie, M.D., and Defendant,

Joseph G. Howard, knew these facts, but, unlawfully remained silent.

122.     On December 23, 2021, when the relevant order was entered that granted

Defendant, Gary Motylie, M.D., and Defendant, Joseph G. Howard, knowingly and intentionally

made false statements to the court and thus provided false testimony in order for Defendant, Gary

Motykie, M.D., to unlawfully be granted sole possession of the Premises or Inverness home.

123.    On January 8, 2022, Defendant, Gary Motykie, M.D., took possession of all of

Plaintiffs' personal property and belongings and destroyed much of Plaintiffs' personal property

and belongings; Defendant, Gary Motykie, M.D., refuses to return Plaintiffs' persona property

and refused to follow the Court's order to arrange mutual date and time for Plaintiffs to remove

their personal property from the premises which was ordered on January 13, 2022.

124.    Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, misused the

legal process in order to accomplish his ulterior motive and not only were the actions of

Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, through the emergency

order of protection fraudulent and untrue, they were also frivolous and malicious.

34

125.    As a result of the false statements, refusals to return Plaintiffs' personal property and malicious actions of Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, Plaintiffs suffered and continue to suffer fear, anxiety, pain, severe emotional distress and the Plaintiffs have been severely inconvenenced and were caused and compelled to expend large sums of money to stop the illegal conduct of Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard,

126.    The abuse of process committed by Defendant, Gary Motykie, M.D., and Defendant, Joseph G. Howard, was done and made with wilful and wanton disregard for Plaintiffs' rights thereby entitling Plaintiffs to an award of punitive damages.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendants, GARY MOTYKIE, M.D., and Defendant, JOSEPH G. HOWARD, and award each Plaintiff:

a)    Damages in an amount that exceeds $1 Million;

b)    Punitive damages;

c)    Court costs; and

d)    Such further relief as this Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted,

James J. Macchitelli

James J. Macchitelli
Attorney for Plaintiffs

35

James J. Macchitelli (IL Atty # 6208773)
(Jimmymacclaw@gmail.com)
Attorney for Plaintiffs
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
Telephone:  (847) 414-4532
Facsimile:   (847) 890-6457