# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MOTYKIE, KATHERINE D. TORBICK, and KATHERINE D. TORBICK, as natural mother and next friend of JT, a minor, | Case No. 1:23-cv-01779 |
| Plaintiffs, | |
| vs. | Judge Matthew F. Kennelly |
| GARY MOTYKIE, M.D., JOSEPH G. HOWARD, LAW OFFICES OF JOSEPH HOWARD, P.C., OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON and VILLAGE OF INVERNESS, ILLINOIS, | Mag. Judge Maria Valdez |
| Defendants. | |

## DEFENDANT GARY MOTYKIE, M.D.'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Gary Motykie, M.D. ("Dr. Motykie"), by his attorneys, Valentine Austriaco & Bueschel, P.C., files this memorandum in support of his motion to dismiss all counts of the Complaint filed by Plaintiffs Kevin D. Motykie ("Kevin"), Katherine D. Torbick ("Torbick"), and Katherine D. Torbick, as natural mother and next friend of JT, a minor ("JT") (collectively, Kevin, Torbick, and JT are referred to as "Plaintiffs'") directed at Dr. Motykie.

1. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) attacks the legal sufficiency of a plaintiff's complaint by alleging defects appearing on its face. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss the complaint must 'state a claim for relief that is plausible on its face.'" *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2. All but one of Plaintiffs' state law claims should be dismissed because they relate to communications and conduct relating to proceedings in the Circuit Court of Cook County, Illinois and are therefore barred by the absolute litigation privilege. *Bedin v. Northwestern Mem. Hosp.*, 2021 IL App (1st) 190723, ¶ 39. This doctrine protects parties and attorneys alike from claims arising out of legal proceedings. *Johnson v. Johnson & Bell*, 2014 IL App (1st) 122677, ¶ 15.

3. In addition, as a separate but independently sufficient basis for dismissal, Plaintiffs' state law claims are inadequately pled, just as they were in the Circuit Court. Plaintiff fails to state a claim in Count VII (Illinois Eviction Act/Trespass) and IX (Breach of Covenant of Quiet Enjoyment) because they are an improper collateral attack on the Emergency Orders of Protection entered in the Circuit Court. *Lady v. Montgomery Ward & Co.*, 808 Ill. App. 3d 69, 73 (4th Dist. 1980). Next, their intentional infliction of emotional distress (IIED) claim (Count V) fails because the alleged misconduct – obtaining a court order and seeking enforcement of that order – does not rise to the level of extreme and outrageous conduct under Illinois law. *See, e.g., Public Finance Corp. v. Davis*, 66 Ill.2d 85, 89-90 (1976). Plaintiffs have not stated a claim for conversion (Count VI) because they do not identify the property that was allegedly converted, a fundamental prerequisite for a conversion claim. *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 14. Finally, because there is no private right of action under the Illinois Eviction Act, Count VII fails to state a claim. 735 ILCS 5/9-101 *et seq.*

4. Plaintiffs' Section 1983 claims fail both because they fail to allege that Dr. Motykie, a private citizen, acted under color of state law or that he caused a constitutional deprivation. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

5. Last, in addition to being barred by the absolute litigation privilege, Plaintiffs'

conspiracy claim should be dismissed because they do not sufficiently allege an agreement to commit a tortious act. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994).

WHEREFORE, for the reasons set forth herein and in the memorandum in support, Dr. Motykie respectfully requests that this Court dismiss with prejudice all counts of Plaintiffs' Complaint at Law directed against Dr. Motykie (Counts I, II, V, VI, VII, VIII, IX, and X) and grant any and all other such relief as it deems just.

    Respectfully submitted,

    **GARY MOTYKIE, M.D.**


By: /s/ Sandy L. Morris
    One of His Attorneys

Lydia A. Bueschel (6274638)
Sandy L. Morris (6270309)
VALENTINE AUSTRIACO & BUESCHEL, P.C.
300 East Randolph Street, Suite 3400
Chicago, Illinois 60601
T: (312) 238-9545
F: (312) 638-8137
lbueschel@vablawfirm.com
smorris@vablawfirm.com
*Attorneys for Defendant Gary Motykie, M.D.*

## **CERTIFICATE OF SERVICE**

I, Sandy L. Morris, hereby certify that the foregoing **Defendant Gary Motykie, M.D.'s Motion to Dismiss** was electronically filed on May 10, 2023, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

/s/ *Sandy L. Morris*
Sandy L. Morris
