IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MOTYKIE, | ) | |
| KATHERINE D. TORBICK, and | ) | |
| KATHERINE D. TORBICK, as natural mother | ) | |
| and next friend of JT, a minor, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number: 1:23-cv-1779 |
| | ) | |
| GARY MOTYKIE, M.D., | ) | |
| JOSEPH G. HOWARD, | ) | |
| LAW OFFICES OF JOSEPH HOWARD, P.C., | ) | Judge Matthew F. Kennelly |
| OFFICER JOSEPH BELMONTE, | ) | |
| OFFICER RANDY AKIN, | ) | |
| OFFICER SCOTT MAY, and | ) | |
| OFFICER ERNIE MEYERSON and | ) | |
| VILLAGE OF INVERNESS, ILLINOIS, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S, GARY MOTYKIE, M.D.'S, MOTION TO DISMISS**

Plaintiffs, KEVIN D. MOTYKIE, KATHERINE D. TORBICK, and KATHERINE D.

TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney,

James J. Macchitelli, provide the following response to Defendant's, GARY MOTYKIE,

M.D.'S, Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), state as follows:

**INTRODUCTION**

"A man's home is his castle." *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 66 (1973).

Thus, the United States Supreme Court has continued to recognize in decisions as recent as

*Payton and Welsh v. Wisconsin*, 466 U.S. 740 (1984), the importance of the home as a sanctuary.

The legitimate objectives of law enforcement can also co-exist with these special protections as

long as the police take the proper legal precautions in gaining entry. But, it is the court's role to

guard this protected interest from abusive intrusions. *Moore v. Marketplace Restaurant, Inc*.,

754 F.2d 1336, 1344 (7th Cir. 1985).

## STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to have a claim dismissed under Rule 12(b)(6), the moving party must meet a high standard. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Skierkewiecz v. Gonzalez*, 711 F. Supp. 931, 933-34 (N.D. Ill. 1989). Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally and "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46 (1957); see also *Lewis v. Local Union No. 199 of Laborers' Intern. Union of North America, AFL-CIO*, 750 F.2d 1368 (7th Cir. 1984). Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) [quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)]. Such a statement "does not need detailed factual allegations." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss under Rule 12(b)(6) ..., the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation omitted). The court assumes the truth of Plaintiffs' factual allegations and construes the facts, and any reasonable inferences, in the light most favorable to Plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) and *Lavalais v. Vill. of Melrose Park* , 734 F.3d 629, 632 (7th Cir. 2013).

"It is improper for a court to decide a question of fact on a motion to dismiss for failure to state a claim. *Dow v. Shoe Corp.*, 276 F.2d 165 (7th Cir. 1960)." Plaintiffs' complaint alleges violation of 42 U.S.C. §1983 to redress the deprivation under color of law and Plaintiffs' rights as secured by the United States Constitution. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. . . ." *U.S. CONST. amend. IV*.

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true… 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

## ARGUMENTS

Defendant, GARY MOTYKIE, M.D., filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12 (b)(6). The bases of GARY MOTYKIE, M.D.'s Motion to Dismiss Plaintiffs' Complaint are (I) "Absolute Litigation Privilege" bars all but one claim; (II) "Not well pleaded" - (A) Collateral Attack on Emergency Order of Protection; (B) Conclusory Allegations for Intentional Infliction of Emotional Distress; ( C) Failed to Identify Property Converted; (D) No Private Right of Action under Illinois Eviction Act; (III) Gary Motykie, M.D. is not a state actor; (IV) Conspiracy Claim fails to allege an agreement to commit a tortious act; (V) Abuse of Process claim does not allege an act that is not legitimate use of process. At this stage, this Honorable Court must accept all "well-pled allegations as true and draw all reasonable inferences" in the Plaintiffs' favor. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). All that is required is that the complaint "suggest that the plaintiffs have a right to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

The court will not dismiss a complaint unless it is clear there is no set of facts a plaintiff could prove consistent with the pleadings that would entitle him or her to relief. *Hishon v. King Spalding*, 467 U.S. 69, 73; *Murphy v. Lane*, 833 F.2d 106, 107 (7th Cir. 1987). Defendants' Motions must be denied.

### I. ABSOLUTE LITIGATION PRIVILEGE DOES NOT BAR PLAINTIFFS' COUNTS V, VII, IX AND X

An attorney may be liable to nonclients for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer. See, *Walls v. VRE Chicago Eleven, LLC*, 344 F. Supp. 3d 932, 949 (N.D. Ill. 2018). Fraud and intentional

4

misrepresentations are foreign to the duties of a lawyer. No privilege could ever be enforced to support fraud. The court will not dismiss a complaint unless it is clear there is no set of facts a plaintiff could prove consistent with the pleadings that would entitle him or her to relief. *Hishon v. King Spalding*, 467 U.S. 69, 73; *Murphy v. Lane*, 833 F.2d 106, 107 (7th Cir. 1987).

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. *Skierkewiecz v. Gonzalez*, 711 F. Supp. 931, 933-34 (N.D. Ill. 1989). Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally and "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46 (1957); see also *Lewis v. Local Union No. 199 of Laborers' Intern. Union of North America, AFL-CIO*, 750 F.2d 1368 (7th Cir. 1984).

The absolute litigation privilege is an affirmative defense. *Goodman v. Goodman*, 2023 IL App (2d) 220086, ¶ 25. A complaint filed in federal court need not anticipate an affirmative defense, *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir.2003). A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action. See *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir.1996) (holding that the California absolute litigation privilege does not immunize attorneys from liability under 42 U.S.C. § 1983); see also Martinez v. California, 444 U.S. 277, 284 n. 8, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (holding that § 1983 preempts a state statute purporting to immunize public employees from liability for parole release decisions); *Scheib v. Grant*, 22 F.3d 149 (7th Cir.), cert. denied, 513 U.S. 929, 115 S.Ct. 320, 130 L.Ed.2d 280 (1994) (applying the Illinois absolute

litigation privilege to a wiretapping claim under state law, but not to a federal claim arising from the same incident).

Plaintiffs have pleaded that Defendants illegally and unlawfully executed an order of possession for Defendant, Gary Motykie, M.D. The premises at bar were the residential home for Plaintiffs; Defendant, Gary Motykie, M.D.'s residence is in Los Angeles, California; Gary Motykie, M.D., had no keys to the residence and told the police officers that he resided in California which was known by all Defendants and which provided irrefutable proof that Gary Motykie, M.D. had no right to have sole possession of the residence. Breaking into the home with a locksmith to by-pass the lock on Plaintiffs' residence and to enter the Plaintiffs' residence was illegal misconduct which defeats any proposed privilege. Further, Gary Motykie, M.D. used local police to enforce the fraudulently obtained Emergency Order of Protection and Order of Possession and did not use the Cook County Sheriffs who have the jurisdiction and authority to enforce orders of possession.

Defendant, Gary Motykie, M.D., had no right to enter the residence on January 8, 2022, and had no right to the residence short of filing an eviction and forcible entry and detainer action against Plaintiffs. Further, to date, Defendant, Gary Motykie, M.D., has violated court orders which directed that he make arrangements with Plaintiffs to allow Plaintiffs to retrieve their personal property from the residence from which they were removed. One and one-half years has passed and Defendant, Gary Motykie, M.D., has done everything in his power to prevent Plaintiffs from obtaining their personal property and personal paperwork. Defendant, Gary Motykie, M.D., went as far as to hire security guards to be present on the dates chosen for Plaintiffs' to retrieve their personal property and to block Plaintiffs from entering a majority of

the rooms in the residence.

In the litigation for the order of protection, Plaintiffs filed motions to compel and asked the trial judge for an order to compel Defendant, Gary Motykie, M.D., to return Plaintiffs' personal property, but, the trial judge refused to rule on the motion to compel and stated that his jurisdiction was limited to issues pertaining to the order of protection and directed Plaintiffs to file another lawsuit to obtain the return of their personal property. Since the trial judge in the order of protection case refused to adjudicate Plaintiffs' right to have their personal property returned and refused to adjudicate Plaintiffs' request for entry of indirect civil contempt order against Defendant, Gary Motykie, M.D., for his refusal to follow the court's order to arrange the return of Plaintiffs' personal property, this action is the action that Plaintiffs were told to file and a continuance of the prior litigation. Thus, absolute litigation privilege cannot bat Plaintiffs' claims.

Since absolute litigation privilege is an affirmative defense, Defendants' Motion to Dismiss based on absolute litigation privilege must be denied. Plaintiffs have pleaded several facts

## II. PLAINTIFFS' STATE LAW CLAIMS ARE ADEQUATELY PLED

It is important for this court to keep in mind that the Defendants in this case at bar executed an Order of possession without the assistance of a Cook County Sheriff and with local police who have no jurisdiction to execute and order of possession and by using a lock-smith to forcibly enter the Plaintiffs' residence and by keeping all of their personal property, the Defendants have violated Plaintiffs' IV Amendment Constitutional right to be free from unlawful

searches and seizures and XIV Amendment Constitutional right to Due Process. By unlawfully executing an order of possession, Plaintiffs lost or have been denied all of their personal property and suffered severe emotional distress and have been wrongfully removed from their residence. This type of Constitutional deprivation is the most severe as Plaintiffs became homeless and destitute.

The Fourth Amendment, made applicable to the States by the Fourteenth, *Ker v. California*, 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992).

A "seizure" of property, as case law explains, occurs when "there is some meaningful interference with an individual's possessory interests in their property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). In addition, the Supreme Court has emphasized that "at the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home." *Silverman v. United States*, 365 U.S. 505, 511 (1961). See also *Oliver v. United States*, 466 U.S. 170, 178-179 (1984); *Wyman v. James*, 400 U.S. 309, 316 (1971); *Payton v. New York*, 445 U.S. 573, 601 (1980).

"A `seizure' of property . . . occurs when `there is some meaningful interference with an individual's possessory interests in that property.'" *Pepper v. Village of Oak Park*, 430 F.3d 805, 809 (7th Cir. 2005).

In *Specht v. Jensen*, 832 F.2d 1516 (10th Cir. 1987), remanded on unrelated grounds, 853 F.2d 805 (10th Cir. 1988) (en banc), a search of the plaintiff's home by a creditor accompanied by the police was held to violate the Fourth Amendment. In *Specht* the conduct of the police

8

invaded an interest that the Fourth Amendment unquestionably protects: the interest in the privacy of the home. The court in Specht emphasized this point.

Defendants' Motion to Dismiss Plaintiffs' Complaint must be denied. In the case at bar, Plaintiffs provide enough facts to notify Defendants of their claims. At bar, Defendants unlawfully and forcibly enforced an order of possession and allowed Defendant, Gary Motykie, M.D., and Joseph Howard, his attorney, to take possession of the Plaintiffs' residential home along with all of their property within.

The case at bar is similar to *Soldal v. Cook County*, 506 U.S. 56 (1992) which held, "Evicting someone from their home that they otherwise are in lawful possession of unquestionably interferes with their possessory interest in their property." *Id*. A seizure of a person's property occurs when there is some meaningful interference with an individual's possessory interests in that property. See, *e.g., Soldal*, 506 U.S. at 61. In Soldal, Sheriff's deputies had assisted the owner of a trailer park in removing a trailer from its rented lot before the owner had secured an eviction notice pursuant to the state's Forcible Entry and Detainer Act ("the Act"). The Supreme Court unanimously held that the protection of the Fourth Amendment was implicated when deputies barred the homeowner, Soldal, from interfering with the removal of the trailer. *Id*. at 58. By temporarily depriving Soldal of access to his home in that manner, the Court held, the deputies had unquestionably seized the home. *Id.* at 61 ("We fail to see how being unceremoniously dispossessed of one's home in the manner alleged to have occurred here can be viewed as anything but a seizure invoking the protection of the Fourth Amendment.").

When this Honorable Court reviews these facts and draws on its judicial experience and common sense, and views these facts in the light most favorable to the Plaintiffs, it is more than

likely that the Defendants' actions in this case were all knowing and intentional.

A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully." "*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." Soldal v. Cook County, ___ U.S. ___, ___, 113 S.Ct. 538, 543, 121 L.Ed.2d 450 (1992) [quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984)].

Defendants' motion to dismiss Counts V - Intentional Infliction of Emotional Distress; VI - Conversion; VII - Wrongful Eviction; and IX - Violation of Covenant of Quiet Enjoyment must be denied.

### III. DEFENDANT, GARY MOTYKIE, M.D. IS A STATE ACTOR

"Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 as it has been construed in our prior cases." *Dennis v. Sparks*, 449 U.S. 24, 29 (1980). To act "under color" of law does not require that the accused be an officer of the State as it is enough that he is a willful participant in joint activity with the State or its agents. *United States v. Price*, 383 U.S. 787, 794 (1966). "[T]o be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'" *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005), quoting, *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994).

Defendant, Gary Motykie, M.D., caused and participated in a constitutional deprivation;

10

thus, Defendant, Gary Motykie, M.D., is a state actor and he acted under color of law within the meaning of 42 U.S.C. ¶1983. Defendants' Motion to Dismiss Counts I and II must be denied.

## IV. CONSPIRACY CLAIM

Because conspiracies are often "carried out clandestinely," direct evidence is rarely available, and plaintiffs may rely on circumstantial evidence. *Beaman v. Freesmeyer*, 776 F.3d 500, 511 (7th Cir. 2015). "Because a conspiracy by nature is secretive, direct evidence is rarely available, and therefore a plaintiff is entitled to prove a conspiracy by circumstantial evidence." *United States v. Nesbitt*, 852 F.2d 1502, 1510 (7th Cir.1988). In the case at bar, the allegations of conspiracy between Defendants are supported by specific allegations and facts. The facts in this case are well-pleaded and they support the legal conclusions of a conspiracy. While drawing on experience and common sense, these facts alone, which were pleaded by Plaintiff, are sufficient facts that shall allow a jury to conclude that there was a conspiracy between the Defendants. Defendants' Motion to Dismiss Count VIII must be denied.

## V. ABUSE OF PROCESS

"The only elements necessary to plead a cause of action for abuse of process are: (1) the existence of an ulterior purpose or motive and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings." *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 820 N.E.2d 1167, 1173 (2d Dist. 2004). In filing the Petition for Order of Protection, obtaining and Emergency Order of Protection and in obtaining an order to remove Plaintiffs from the residence through false statements to the court satisfies both elements for abuse of process claim.

In Illinois, malicious prosecution and abuse of process are proper cause of action based on the filing of a lawsuit. *Witbrod v. Blitt & Gaines, P.C.*, 14-CV-8176, 2015 WL 1996803, at

*3 (N.D. Ill. Apr. 29, 2015), citing, *Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp.2d 732, 746 (N.D. Ill.2012) [citing *Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir.1983)].

Defendant's Motion to Dismiss Count X - Abuse of Process must be denied.

WHEREFORE, Plaintiff prays that this honorable Court denies Defendants' Motion to Dismiss Plaintiffs' Complaint.

Respectfully submitted,

*/s/ James J. Macchitelli*

James J. Macchitelli

Illinois Attorney Number: 6208773
James J. Macchitelli
Attorney for Plaintiffs
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
(847) 414-4532
Jimmymacclaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned attorney, James J. Macchitelli, hereby certifies that on this 15th day of June, 2023, the foregoing Response to Defendant's, Gary Motykie, M.D., Motion to Dismiss was filed electronically with the Clerk of the United States District Court by using the ECF system, which sent notification of such filing to the attorneys for Defendants listed below as part of the Service list.

*/s/ James J. Macchitelli*

_____

**SERVICE LIST**

Lydia A. Bueschel (lbueschel@vablawfirm.com)
Sandy L. Morris (smorris@vablawfirm.com)
VALENTINE AUSTRIACO & BUESCHEL, P.C.
(Attorneys for Gary Motykie, M.D.)
300 East Randolph Street, Suite 3400
Chicago, Illinois 60601


Joseph R. Marconi (marconij@jbltd.com)
Ramses Jalalpour (jalalpourr@jbltd.com )
JOHNSON & BELL, LTD.
Attorneys for Joseph Howard
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603


Thomas G. DiCianni (tdicianni@ancelglink.com)
ANCEL GLINK, P.C.
Attorney for Inverness Defendants
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603