UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kevin D. Motykie, *et al.*, <br> Plaintiff <br><br> v. <br><br> Gary Motykie, M.D., *et al.*, <br> Defendant | No. 23 CV 1779 <br><br> Judge Jeremy C. Daniel |

### ORDER

The Court grants the motion to dismiss [23] filed by the Village of Inverness and its police officers. The *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction over the plaintiffs' federal claims. In the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. This matter is therefore dismissed in its entirety, and all pending motions [15, 16, 19, 41] are denied as moot. Unless the plaintiffs, by May 2, 2024, file a proposed amended complaint that states at least one viable federal claim, the Court will enter a final judgment terminating this matter.

### STATEMENT

Plaintiffs Kevin D. Motykie and Katherine D. Torbick, on behalf of herself and her minor child J.T., filed suit against Gary Motykie, Joseph G. Howard, the Law Offices of Joseph Howard, P.C., the Village of Inverness, and several of the Village's police officers. (*See generally* R. 1.)[1] The complaint alleges Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 (Counts I and II), and state law claims for indemnification (Count III), *respondeat superior* liability (Count IV), intentional infliction of emotional distress (Count V), conversion (Count VI), wrongful eviction and trespass (Count VII), conspiracy (Count VIII), violation of the covenant of quiet enjoyment (Count IX), and abuse of process (Count X). The defendants now move to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). (R. 15; R. 16; R. 23.) Because the Court is barred from exercising subject matter jurisdiction over the plaintiffs' federal claims, this action cannot proceed.

"Subject-matter jurisdiction is the first issue in any case." *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). Before a court can address the merits of a dispute,

---

[1] For CM/ECF filings, the Court cites to the page number(s) set forth in the document's CM/ECF header unless citing to a particular paragraph or other page designation is more appropriate.

it must first determine whether it has subject matter jurisdiction to hear the case. *See Scott Air Force Base Props., LLC v. Cnty. of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of judicial power of the United States' and is 'inflexible and without exception.'" *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). Here, the plaintiffs invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, which allows federal courts to exercise subject matter jurisdiction over claims arising under the United States Constitution, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which grants federal courts pendant jurisdiction over state law claims.[2] (R. 1 ¶ 2.)

The Village and the defendant officers argue that the *Rooker-Feldman* doctrine precludes this Court's review of the plaintiffs' Fourth and Fourteenth Amendment claims.[3] (R. 24 at 4–8.) *Rooker-Feldman* is a jurisdictional doctrine that emerged from two Supreme Court cases, *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 555–56 (7th Cir. 2004). The doctrine bars federal courts from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019). The rationale behind the doctrine is that "no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Andrade v. City of Hammond, Ind.*, 9 F.4th 947, 950 (7th Cir. 2021) (citing *Skyes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)). The *Rooker-Feldman* doctrine applies if (1) "the plaintiff's federal claims are inextricably intertwined with the state court judgment," and

---

[2] In addition to federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367, the plaintiffs invoke diversity jurisdiction, 28 U.S.C. § 1332, against defendant Gary Motykie because he is a "citizen" of California, and the plaintiffs seek damages in excess of $75,000. (R. 1 ¶ 2.) Diversity jurisdiction requires "complete diversity" of the parties, which is evaluated at the time the action is filed. *See Perez v. Staples Cont. & Comm. LLC*, 31 F.4th 560, 567–68 (7th Cir. 2022). Excluding Gary Motykie, the plaintiffs and the other defendants are citizens of Illinois. (R. 1 ¶¶ 3–5, 8–10.) Because complete diversity of citizenship did not exist at the time of filing, the plaintiffs cannot invoke § 1332 as a basis for subject matter jurisdiction.

[3] The plaintiffs twice failed to comply with the Court's briefing schedule and, to date, have not responded to the motion to dismiss filed by the Village and its officers. (R. 23.) That defect alone is sufficient for the Court to dismiss the plaintiffs' claims against these defendants. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [the plaintiff] forfeited her right to continue litigating her claim").

(2) the plaintiff "had a reasonable opportunity to raise the [federal] issue in state court proceedings." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023) (internal quotation marks and citations omitted) (alteration in original).

The *Rooker-Feldman* doctrine bars this Court from reviewing the plaintiffs' federal claims. The plaintiffs allege that the defendant officers violated the Fourth and Fourteenth Amendments by unlawfully seizing and removing the plaintiffs from the residence located at 1120 Glencrest Drive, Inverness, Illinois 60010, without due process of law. (R. 1 at ¶¶ 20, 24, 53, 63.) These alleged injuries, however, stem directly from the Circuit Court of Cook County's entry of an order of protection against the plaintiffs and in favor of defendant Gary Motykie. (*See* R. 23-1.) The Court can consider the state court's order of protection because it is a public document subject to judicial notice, *see Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022), and because the Court may look beyond jurisdictional allegations to determine whether subject matter jurisdiction exists under *Rooker-Feldman. See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The order of protection granted defendant Gary Motykie exclusive possession of the Inverness residence and provided that the order was to be "police enforced." (R. 23-1.) Because the plaintiffs' alleged injuries were caused by the order of protection, their federal claims are "inextricably intertwined" with the state court judgment. *See Hadzi-Tanovic*, 62 F.4th at 399.

The plaintiffs do not dispute that the defendant officers were acting pursuant to this order when they removed the plaintiffs from the Inverness residence; rather, they allege that the order of protection was "void," (R. 1 ¶ 53), and/or "wrong." (*Id.* ¶ 121.) Such a collateral attack on the state court's judgment raises the very issue that the *Rooker-Feldman* doctrine bars from federal court review. *See, e.g., Deisher v. Mehnert*, No. 01 C 4138, 2001 WL 1803649, at *3 (S.D. Ill. Sept. 13, 2001) ("This claim by [the plaintiff] is premised on an allegedly erroneous state court order of protection and cannot succeed in this Court without the Court[ ] calling into doubt the state court's decision to enter the order of protection."). The plaintiffs cannot circumvent the effect of the *Rooker-Feldman* doctrine "simply by casting [their] complaint in the form of a federal civil rights action." *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). Nor does the plaintiffs' suggestion of state court corruption, (*see* R. 1 ¶ 12), overcome *Rooker-Feldman. See Hadzi-Tanovic*, 62 F.4th at 397.

The plaintiffs also had the opportunity to challenge the legitimacy of the allegations giving rise to the order of protection and grant of exclusive possession in state court. "In determining whether a plaintiff had a reasonable opportunity to bring her claim, 'we focus on difficulties caused not by opposing parties, but by state-court rules or procedures.'" *Id.* at 408 (quoting *Beth-El All Nations Church v. City of Chi.*, 486 F.3d 286, 292 (7th Cir. 2007)). The Court is not aware, nor does the complaint suggest, that any state law or procedures would have prevented the plaintiffs from bringing their claims stemming from the order of protection in state court. *Cf. Braun v. City of McHenry*, 21 C 50003, 2022 WL 523127, at *3 (N.D. Ill. Feb. 22, 2022) (citing *Carter*

3

*v. Carter*, 859 F. Supp. 2d 964 (C.D. Ill. 2012)) ("Relief from a state court order of protection must be pursued through state courts."); *cf. Creaser v. Creaser*, 784 N.E.2d 990, 994 (Ill. App. Ct. 2003) (reversing denial of motion to vacate emergency order of protection for exclusive possession of residence where the trial court should not have issued the order). Because the plaintiffs' Fourth and Fourteenth Amendment claims rely on the state court's order of protection being void or incorrect, the Court's exercise of subject matter jurisdiction over these claims is barred under the *Rooker-Feldman* doctrine. *See Swartz*, 904 F.3d at 391 (holding *Rooker-Feldman* barred jurisdiction where allowing the plaintiff's Fourth and Fourteenth Amendment claims to proceed would "call into question the state court's judgment that there was probable cause [of] neglect[ ]"). Accordingly, Counts I and II are dismissed for lack of subject matter jurisdiction.

Dismissal of Counts I and II means that the only claims remaining are the plaintiffs' state law claims over which the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367. The statute provides, however, that a district court "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2002) ("A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice."). Consistent with this principle, the Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. Accordingly, Counts III–X are dismissed without prejudice.

Date: 4/11/2024

JEREMY C. DANIEL
United States District Judge

4