UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MOTYKIE, *et al.*,<br>    Plaintiffs<br><br>    v.<br><br>GARY MOTYKIE, M.D., *et al.*,<br>    Defendants | No. 23 CV 1779<br><br>Judge Jeremy C. Daniel |

### ORDER

For the reasons stated in this order, the defendants' motions to dismiss [56, 58, 62] are granted. The *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction over the plaintiffs' federal claims. The Court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. The defendants' motion for leave to file supplemental authority [71] is granted. Civil case terminated.

### STATEMENT

"Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction . . ." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). "[W]hen after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"—the case must be dismissed. *Id.*

This is the plaintiffs' second attempt to assert federal claims based on their removal from a residential property owned by their brother, Gary Motykie, located at 1120 Glencrest Drive in the Village of Inverness. (*See* R. 53 ("FAC") ¶ 14.) On December 23, 2021, the Circuit Court of Cook County issued an emergency order of protection granting exclusive possession of the Glencrest Drive property to Gary and providing that the order was to be "police enforced." (R. 58-2.)[1] On January 8, 2022, Gary, assisted by the Village of Inverness's police department, entered the property and removed the plaintiffs. (FAC ¶ 27.) On September 14, 2022, at the conclusion of the state court proceedings, the court entered a settlement agreement that vacated the

---

[1] In evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court may consider evidence beyond the pleadings to make the necessary factual determinations to resolve the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). State court documents are also subject to judicial notice. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022).

order of protection and granted exclusive possession of the Glencrest Drive property to Gary. (R. 64-1.)

The plaintiffs filed this action against Gary, his lawyer, Joseph G. Howard, the Village of Inverness, and several of its police officers pursuant to 42 U.S.C. § 1983, alleging that the defendants violated the Fourth and Fourteenth Amendments by unlawfully seizing and removing the plaintiffs and their property. The complaint also asserted a variety of state law claims. The Court dismissed the plaintiffs' federal claims due to lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and declined to exercise supplemental jurisdiction over the state law claims. *See Motykie v. Motykie*, No. 23 C 1779, 2024 WL 1579064, at *3 (N.D. Ill. Apr. 11, 2024).

The plaintiffs have now amended their complaint. The allegations in the first amended complaint are largely the same as those in the initial complaint, save for new allegations of an "ex parte agreement . . . between the state court trial judge . . ., Joseph G. Howard[,] and [ ] Gary Motykie, M.D., to enter an order of possession" in Gary's favor "by skipping the inquiries required by 750 ILCS 60-214(b)(2)(A-B)." (FAC ¶ 18.) The plaintiffs allege that Howard and Gary "fraudulently informed the state court" that Gary ha[d] a right to occupy the premises, and the court "failed to inquire as to any hardships that would be suffered by" the plaintiffs. (*Id.* ¶ 21.) "As part of the conspiracy, the state court and Defendants, Joseph G. Howard and Gary Motykie, M.D.," allegedly "engaged in unlawful fraud and intentionally denied Plaintiffs['] procedural due process rights of Fourteenth Amendment . . ." (*Id.* ¶ 22.)

Because the plaintiffs' allegations of conspiracy rest upon "averments of fraud," they are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Rule 9(b) requires plaintiffs alleging fraud to describe the "who, what, when, where, and how" of the fraud—"the first paragraph of any newspaper story." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). As a general matter, allegations made "on information and belief" will not do. *Id.* at 442 (citing *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)).

The plaintiffs' allegations are built upon the shaky foundation of information and belief. (*See, e.g.*, FAC ¶ 18 ("*It is believed* that there was an ex parte agreement reached . . ."), ¶ 23 ("*It is believed* that . . . the state court agreed to rule in favor of Defendants.") (emphases added).) The plaintiffs provide little detail to substantiate their suspicions other than the fact that the state court proceedings did not go their way. There is no explanation of why Gary and Howard's representations to the state court concerning Gary's ownership of the property were fraudulent, for example, or how the state court judge was interested in the outcome of the case such that he was induced to issue a fraudulent order. *Compare Dennis v. Sparks*, 449 U.S. 24, 28 (1980)

(plaintiffs plausibly alleged that state court judge accepted bribe in exchange for issuing an injunction).[2]

The plaintiffs' suggestion that the reviewing judge failed to adequately inquire into "hardship" under Illinois law amounts to a collateral attack on the order itself. But this Court lacks jurisdiction to review state court orders, *see Andrade v. City of Hammond, Indiana*, 9 F.4th 947, 950 (7th Cir. 2021), and plaintiffs cannot transform an attack on a state court judgment into a federal lawsuit through allegations of "shadowy ex parte communications" and "vaguely described conspiracies." *See, e.g.*, *Simpson v. Robb*, No. 13 C 1263, 2014 WL 4817491, at *7 (C.D. Ill. Sept. 29, 2014) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's claims notwithstanding boilerplate allegations of conspiracy implicating state court judges). Not only are the plaintiffs' allegations of fraud and conspiracy deficient under Rule 9(b), they fail even to satisfy the threshold *Twombly/Iqbal* plausibility standard. *See Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013) (citing *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998)) ("[V]ague and conclusory allegations of the existence of a conspiracy are not enough . . . to survive a motion to dismiss. . . .").[3]

With the allegations of fraud and conspiracy out of the way, the *Rooker-Feldman* doctrine still prevents the Court from exercising jurisdiction over the plaintiffs' federal claims. As before, these claims are "inextricably intertwined with state court proceedings." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). The plaintiffs allege that the defendants violated the Fourth and Fourteenth Amendments by unlawfully seizing and removing them from the Glencrest Drive property. But the order of protection granted Gary Motykie exclusive possession of this property, gave Gary the authority to remove the plaintiffs from the property, and provided that the order was to be "police enforced." (R. 62-1 at 2); *see also, e.g.*, *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 934 (N.D. Ill. 2012) (citing *Forrest v. Universal Sav. Bank, F.A.,* 507 F.3d 540, 542 (7th Cir. 2007)) ("To the extent an exhibit or a judicially noticed court document contradicts the amended complaint's

---

[2] The amended complaint equivocates as to whether the state court judge was a party to the alleged conspiracy or whether he simply relied on the defendants' fraudulent representations in entering the order of protection. (*Compare* FAC ¶¶ 18, 22, *with id.* ¶ 21.) If it is the latter, the Court straightforwardly lacks jurisdiction—a federal court cannot entertain claims of fraud on state courts under *Rooker-Feldman. See Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004).

[3] As to defendant Howard, the plaintiffs' allegations of fraud and conspiracy fail for an additional reason: they are barred by Illinois' absolute attorney litigation privilege. "This privilege 'affords an attorney complete immunity with respect to the communications he makes . . . . regardless of the attorney's motives in making that communication and irrespective of the attorney's knowledge of the falsity of it or the unreasonableness of his conduct.'" *Creation Supply, Inc. v. Hahn*, 608 F. Supp. 3d 668, 697 (N.D. Ill. 2022), *aff'd sub nom. Creation Supply, Inc. v. Cherrie*, 61 F.4th 511 (7th Cir. 2023) (quoting *Scarpelli v. McDermott Will & Emery LLP*, 117 N.E.3d 238, 245 (Ill. App Ct. 2018)).

allegations, the exhibit or court document takes precedence."). The plaintiffs' challenge to the constitutionality of the entry squarely implicates the validity of the order of protection.

The plaintiffs contend that the *Rooker-Feldman* doctrine does not apply because the state court vacated the order of protection when it entered a settlement agreement on September 14, 2022, and, thus, "there is no state court judgment . . . ." (R. 64 at 10.) But "[f]or *Rooker–Feldman* purposes, a 'state court approved settlement agreement is a judgment or decision . . .'" *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urb. Dev.,* 383 F.3d 552, 556 (7th Cir. 2004) (quoting *4901 Corp. v. Town of Cicero,* 220 F.3d 522, 528 n.5 (7th Cir. 2000)). The court-approved settlement agreement, like the order of protection that preceded it, grants Gary exclusive possession of the Glencrest Drive Property. (R. 64-1 ¶ 2(b)).

Moreover, as the defendants point out, the plaintiffs' federal claims challenge actions that were taken when the order of protection was still in effect, and "interlocutory orders entered prior to the final disposition of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker-Feldman*." *Bauer v. Koester*, 951 F.3d 863, 867 (7th Cir. 2020) (quoting *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)). The plaintiffs rely on *McNease v. Laldee*, where a district court denied a motion to dismiss Fourth Amendment claims against state officials who entered the plaintiff's residence pursuant to an order of possession that had been vacated. No. 19 C 7280, 2021 WL 1057295, at *6 (N.D. Ill. Mar. 18, 2021). In *McNease*, however, the order was vacated *prior* to the allegedly unlawful entry. *See id.* at *1–2. Here, by contrast, the order of protection was still in effect when the defendants entered the Glencrest Drive property on January 8, 2022.

Finally, the plaintiffs had the opportunity to raise the issues that they complain of in the state court proceedings. *Hadzi*, 62 F.4th at 399. Once again, the plaintiffs fail to identify any state law or procedures that prevented them from asserting constitutional challenges to the order of protection.[4] As a general matter, parties can raise due process and Fourth Amendment challenges to official actions in Illinois state court. *See, e.g., Am. Mgmt. Consultant, LLC v. Carter*, 392 Ill. App. 3d 39, 59, 915 N.E.2d 411, 429 (Ill. App. Ct. 2009) (finding that failure to comply with forcible entry and detainer statute violated due process rights); *Redwood v. Lierman*, 772

---

[4] In response to Howard's motion to dismiss, the plaintiffs reference a statement made by the state court judge indicating that his jurisdiction was limited to issues pertaining to the order of protection and directing the plaintiffs "to file another lawsuit to obtain the return of their personal property." (*See* R. 65 at 8.) The fact that the plaintiffs were directed to file another lawsuit to recoup their personal property does not demonstrate that they could not have raised constitutional challenges to the order of protection in the first instance; a post-deprivation claim for conversion or replevin is distinct from a Fourth Amendment or due process claim challenging the deprivation itself. *Cf. Tucker v. Williams*, 682 F.3d 654, 661 (7th Cir. 2012).

N.E.2d 803, 809 (Ill. App. Ct. 2002) (addressing due process and Fourth Amendment claims arising from allegedly unlawful seizure). And while the plaintiffs' claim that their allegations of fraud and conspiracy show that they were denied due process, those allegations fail for the reasons already stated.

In sum, because the plaintiffs' Fourth and Fourteenth Amendment claims rely on the state court's order of protection being void or incorrect, the Court's exercise of subject matter jurisdiction over these claims is barred under the *Rooker-Feldman* doctrine. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019). The Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. 28 U.S.C. § 1367(c). Civil case terminated.

Date: August 28, 2024

JEREMY C. DANIEL
United States District Judge