# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MOTYKIE, | ) | |
| KATHERINE D. TORBICK, and | ) | |
| KATHERINE D. TORBICK, as natural mother | ) | |
| and next friend of JT, a minor, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number: 1:23-cv-01779 |
| | ) | |
| GARY MOTYKIE, M.D., | ) | |
| OFFICER JOSEPH BELMONTE, | ) | Judge Jeremy C. Daniel |
| OFFICER RANDY AKIN, | ) | |
| OFFICER SCOTT MAY, and | ) | |
| OFFICER ERNIE MEYERSON and | ) | JURY DEMAND |
| VILLAGE OF INVERNESS, ILLINOIS, | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

Plaintiffs, KEVIN D. MOTYKIE, KATHERINE D. TORBICK, and KATHERINE D.TORBICK,

as natural mother and next friend of JT, a minor, by and through their attorney, JamesJ. Macchitelli, state

against Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT

MAY, OFFICER ERNIE MEYERSON and VILLAGE OF INVERNESS, ILLINOIS, and against

Defendant, GARY MOTYKIE, M.D., and, state as follows:

### INTRODUCTION

1.      This action for unlawful search and seizure and an action for unlawful violation of due

process by GARY MOTYKIE, M.D., JOSEPH G. HOWARD, OFFICER JOSEPH BELMONTE,

OFFICER RANDY AKIN,OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON and VILLAGE OF

INVERNESS, ILLINOIS, is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of

law and Plaintiffs' rights as secured by the United States Constitution.

## STATEMENT OF JURISDICTION AND VENUE

2.       This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a); the

Constitution of the United States; and pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

Alternatively, jurisdiction exists under 28 U.S.C. §§ 1332 for diversity jurisdiction as Defendant, Gary

Motykie, is a citizen of the State of California and Plaintiff seeks damages in excess of $75,000.00. Venue is

proper under 28 U.S.C. §1391(b) as on information and belief, as the events giving rise to the claims asserted

herein occurred within the district.

## THE PARTIES

3.       Plaintiff, KEVIN D. MOTYKIE, resides in Cook County, Illinois.

4.       Plaintiff, KATHERINE D. TORBICK, resides in Cook County, Illinois.

5.       Plaintiff, JT, is a minor who resides in Cook County, Illinois, with Plaintiff, KATHERINE

D. TORBICK, his natural mother and next friend.

6.       All Plaintiffs are citizens of the United States of America and all Plaintiffs are entitled to

protection of all rights protected by the United States Constitution.

7.       Defendant, GARY MOTYKIE, M.D., resides in Los Angeles, California, and is a Board

Certified Plastic Surgeon and at all times is the brother of Plaintiff, Kevin Motykie, and the landlord of all of

the Plaintiffs and at all times relevant conspired with Inverness police officers and willfully engaged in joint

activity with several Inverness police officers and is subject to liability under 42 U.S.C. §1983 as he further

engaged in overt acts that were reasonably related to the conspiracy established between them to unlawfully

enter Plaintiff's home, execute an order of possession and take possession and control of all of Plaintiff's

personal property.

8.       Paragraph 8 is blank.

9.     Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON are all Police Officers and employed by the Village of Inverness, Illinois, and each engaged in the conduct complained of while in the scope of his employment and under the color of law. All Defendant Officers are sued in their individual capacity.

10.    Defendant, VILLAGE OF INVERNESS, ILLINOIS, is a unit of local government of the State of Illinois as defined by Article VII of the Constitution of the State of Illinois of 1970. Defendant, VILLAGE OF INVERNESS, ILLINOIS is a body politic and corporate under 55ILCS 5/5-1001.

## BACKGROUND

11.    On December 23, 2021, a judge from the Circuit Court of Cook County, Illinois, entered a court order that granted Defendant, Gary Motykie, M.D., emergency order of protection and an order of possession of the real property commonly known as 1120 Glencrest Drive, Inverness, County of Cook, Illinois 60010 (hereinafter "Inverness residence") and illegally gave Gary Motykie, M.D. possession of three Ford Shelby Mustangs with no proof of ownership and the state-court never discussed minor JT's occupancy.

12.    Since the December 23, 2021, emergency order of protection was entered by a judge in his official capacity and through his official duties as a judge, it is believed that the judge is entitled to absolute immunity and is not named as a Defendant herein.

13.    The emergency order of Protection and order of possession entered on December 23, 2021, was illegally and unlawfully entered and unlawfully executed through an unlawful conspiracy that was formed and agreed to by the Defendants, Gary Motykie, M.D., Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson. During meetings between Defendant, Gary Motykie, M.D., and Inverness police officers, it was agreed that the Inverness police officers and not the Cook County Sheriff's Office would serve the Plaintiffs with the fraudulently entered orders of protection as Defendant,

3

Gary Motykie, M.D., was to hire a locksmith, Juan Carlos Ramirez from Danny's Keys, to breach and by-pass the lock on Plaintiffs' front door of Plaintiffs' Inverness residence and the Inverness police officers would unlawfully enter the Plaintiffs' Inverness residence and serve the Plaintiffs with the fraudulently entered orders of protection, execute the fraudulently entered order of possession and to allow Defendant, Dr. Gary Motykie, M.D., to take control of all of the Plaintiffs' personal property that was located in and around the Plaintiffs' Inverness residence.

14.     Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor, are former tenants of Defendant, Gary Motykie, M.D., as they leased the Inverness residence that they resided in is commonly known as 1120 Glencrest Drive, Inverness, County of Cook, Illinois 60010 (hereinafter "Inverness residence"), pursuant to a written lease entered with Defendant, Gary Motykie, M.D.  Plaintiffs' lease was in Plaintiff's residence and never returned but a copy of the lease is attached and marked Plaintiff's Exhibit "A."

15.     Defendant, Gary Motykie, M.D., retained Joseph G. Howard as his attorney and at all times relevant, Defendant, Gary Motykie, M.D., resided in Los Angeles, California and did not reside in the Inverness residence and continues to reside in Los Angeles, California.

16.     At all times relevant and at the time the Order of Protection was created and served on Plaintiffs, Defendant, Gary Motykie, M.D., had no right to enter or to occupy the Inverness residence and after considering the factors set forth in 750 ILCS 60-214(b)(2)(B), it would have been harder on Plaintiffs to leave the Inverness residence; yet, Defendant, Gary Motykie, M.D. and his attorney, both, remained silent and Defendant, Gary Motykie, M.D., engaged in fraud and misrepresentation in state-court and allowed the December 23, 2021, Emergency Order of Protection to be entered against Kevin D. Motykie and Katherine D. Torbick without ever informing the judge that Defendant, Gary Motykie, M.D., resided in Los Angeles, California and did not reside in the Inverness residence as the Inverness residence was occupied by Plaintiffs.

4

A copy of the transcript from court on December 23, 2021, is attached and marked Plaintiffs' Exhibit "B."

17.     At all times relevant, the actions of Defendant, Gary Motykie, M.D., to provide the state trial judge with false facts and false information during the hearing on the Emergency Order of protection on December 23, 2021, are unethical, improper and fraudulent and allowed  Defendant, Gary Motykie, M.D., to unlawfully make Plaintiffs' homeless and to unlawfully take and keep almost all of the Plaintiffs' personal property, especially the three Ford Shelby Mustangs that were stored in the garage and in the emergency order of protection was named as the owner of these three Ford Shelby Mustangs without ever producing one single form of evidence to prove any type of interest or ownership of these three Ford Shelby Mustangs.   The lists and photographs of personal property that is missing and was taken by Defendant, Gary Motykie, M.D., and refused to be returned by Defendant, Gary Motykie, M.D., are attached and marked Plaintiffs' Group Exhibit "C."

18.     It is believed that there was an ex parte agreement reached between the state court trial judge and Defendant's attorney, Joseph G. Howard, and Defendant, Gary Motykie, M.D., to enter an order of possession in favor of Defendant, Gary Motykie, M.D., by skipping the inquiries required by 750 ILCS 60/214(b)(2)(A-B).

19.     Remedies to be included in an order of protection shall be (A) prohibition of abuse neglect or exploitation and (B) Grant of exclusive possession of a residence if petitioner has a right to occupancy thereof.

20.     In granting exclusive possession of a residence, the state court must make the following determination under 750 ILCS 60-214(b)(2)(B):

If petitioner and respondent each has the right to occupancy of a residence or household,the court shall balance (i) the hardships to respondent and any minor child or dependentadult in respondent's care resulting from entry of this remedy with (ii) the hardships topetitioner and any minor child or

dependent adult in petitioner's care resulting from continued exposure to the risk of abuse ...

21.     As part of the unlawful conspiracy, Defendant, Gary Motykie, M.D., and his attorney, Joseph G. Howard and fraudulently informed the state court that Defendant, Gary Motykie, M.D., had a legal right to occupy the Inverness residence and as part of the conspiracy, the state court did not inquire as to any hardships that would be suffered by the Plaintiff.

22.     As part of the conspiracy, the state court and Defendant, Motykie, M.D., and his attorney, Joseph G. Howard, engaged in unlawful fraud and intentionally denied Plaintiffs' procedural due process rights of the Fourteenth Amendment that attached to the Plaintiffs' constitutionally protected interest in the residence or real property they rented from Defendant, Gary Motykie, M.D., and which lease provided and required private enjoyment.  See Plaintiffs' Exhibit "A."

23.     It is believed that because of the fraud and corrupt conspiracy to reach a predetermined outcome in state court, the state court agreed to rule in favor of Defendant, Gary Motykie, M.D., and fraudulently agreed to grant exclusive possession of the Inverness residence and ownership of the three Ford Shelby Mustangs to Defendant, Gary Motykie, M.D., and further agreed to deny Plaintiffs their Constitutional right to a fair forum to decide their dispute.

24.     The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases and as a direct and proximate result of this corrupt conspiracy between the state court and Defendants, Plaintiffs suffered significant monetary losses as well as significant psychological, mental losses.

### STATE COURT PROCEEDINGS

25.     On December 23, 2021, Defendant, Gary Motykie, M.D., appeared in a Cook County Circuit Court on an emergency basis and obtained an Emergency Order of Protection against Plaintiffs, Kevin

D. Motykie, Katherine D. Torbick, and against Christopher Bono. The Emergency Order of Protection against Plaintiff, Katherine D. Torbick, was granted and issued without any threats being made by her against Defendant, Gary Motykie, M.D.

26. On information and belief, Defendant, Gary Motykie, M.D., is a resident of the State of California and at all times relevant, Defendant, Gary Motykie, M.D., was only the Plaintiffs' Landlord and could not enter the Inverness residence without Plaintiffs' invitation or approval or permission and Defendant, Gary Motykie, M.D., had no right to occupy the Inverness residence pursuant to 750 ILCS 60/214 (b)(2)(A).

27. On January 8, 2022, Defendant, Gary Motykie, M.D., conspired with Inverness police officers and willfully engaged in joint activities with Inverness police officers and further engaged in overt acts that were reasonably related to the promotion of the agreed to conspiracy to unlawfully enter Plaintiffs' residence and to unlawfully remove Plaintiffs from their residence and unlawfully obtain possession of the Inverness residence without following legal process or known protocols to have Cook County Sheriffs execute the order of possession and refused to provide Plaintiffs with equal protection of the laws.

28. Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, unlawfully assisted Defendant, Gary Motykie, M.D., and unlawfully engaged in joint activity with Defendant, Gary Motykie, M.D., that allowed them to obtain possession of Inverness residence and / or unlawfully allowed and unlawfully assisted Defendant, Gary Motykie, M.D., to obtain possession of Inverness residence through the unlawful use of the services of a locksmith.

29. Defendant, Gary Motykie, M.D., did not have a key to the Inverness residence as the Inverness residence was leased by Plaintiffs, Kevin D. Motykie, Katherine D. Motykie and JT, and possessed by Plaintiffs as their primary residence. Defendant, Gary Motykie, M.D., had no right to enter the Inverness residence on January 8, 2022, and had no right to the Inverness residence short of filing an eviction and

forcible entry and detainer action against Plaintiffs.

30. The ultimate hallmark of a lease is the tenant's exclusive possession of the Inverness residence "against all the world, including the owner" and police officers. tenants, like all people, enjoy the Fourth Amendment "right . . . to be secure in their . . . houses." The personal security of tenants is thus threatened when they cannot control their possessions free from unreasonable governmental inference.

31. On January 8, 2022, Defendant, Gary Motykie, M.D., and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, unlawfully, forcibly entered the Plaintiffs' Inverness residence with the unlawful assistance of a Locksmith, Juan Carlos Ramirez from Danny's Keys, that was hired by Defendant, Gary Motykie, M.D., and the Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, met Plaintiff, Kevin D. Motykie, at the base of the stairs because he was coming down the stair as he heard people in the house which was the Inverness police officers named as Defendants that were searching for Plaintiff, Kevin Motykie, far inside the Inverness residence, and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, demanded that Plaintiffs leave the Inverness residence immediately and the Plaintiffs were allowed to remove a minuscule amount of their personal property from the Inverness residence and their two dogs, and had to leave all other pets which half were allowed to die as Plaintiffs were not allowed access to the property, and on January 8, 2022.

32. Plaintiffs were unlawfully, forcibly removed from the Inverness residence by Defendant, Gary Motykie, M.D., and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, actions and assistance to Defendant, Gary Motykie, M.D., caused severe interference with Plaintiffs' liberty interests and resulted in unreasonable government interference through color of law as

any participation of a police officer in an improper eviction constitutes a seizure in violation of the Fourth Amendment.

33.     The liberty interest of Plaintiffs as tenants in controlling their possessions and in being left alone in their own homes was be severely compromised by the actions of the Defendants at bar as the Defendants at bar caused the Plaintiffs suffer violations of their Constitutional rights to be free from unreasonable governmental interference.

34.     Thereafter, Defendant, Gary Motykie, M.D., intentionally interfered with Plaintiffs' attempts and rights to remove their personal property from the Inverness residence. This interference caused the Plaintiffs to suffer severe hardships as they were forced to live in hotels for nine weeks and to eat restaurant food for nine weeks and had no furniture, no pets, no beds, no art pieces which are extremely valuable, no collectable pieces of property that was owned and possessed by Plaintiffs, no boat keys and batteries, no keys to their many vehicles, etc.

35.     The Plaintiffs lived out of hotels for nine weeks and had no personal identification documents such as but not limited to social security cards, passports, birth certificates, personal financial records needed for filing taxes returns, and, Plaintiffs had to buy immediately all daily personal items that were essential to life as well as JT's school supplies and other items.

36.     It is well known that the seizure of Plaintiffs' possessory interest in their residence implicates the interests of privacy, security and liberty underlying the Fourth Amendment and all of these interests of Plaintiffs was compromised by the Defendants at bar in this case.

37.     On January 10, 2022, Plaintiffs appeared in court before the judge who entered the temporary order of protection and an order was entered on January 13, 2022, that instructed the parties' attorneys to make arrangements concerning retrieval of Plaintiffs' personal property.  A copy of the January

13, 2022, Order is attached and marked Plaintiffs' Exhibit "D."

38.　　Defendant, Gary Motykie, M.D., intentionally interfered with Plaintiffs' right to remove their personal property from the Inverness residence and this became a way that Defendant, Gary Motykie, M.D., could retaliate against Plaintiffs and unlawfully punish Plaintiffs for complaining about invasion of their privacy.

39.　　The orders entered on January 13, 2022, provide in pertinent part:

"Respondents (Plaintiffs at bar) shall be allowed to access and remove Personal property at 1120 Glencrest Drive, Inverness, Illinois 60010. The Respondents (Plaintiffs at bar) shall be accompanied by a member of the Inverness Police Department. The date shall beset to allow for the convenience of all parties involved."

See Plaintiffs' Exhibit "D."

40.　　Joseph G. Howard, the attorney for Defendant, Gary Motykie, M.D., demanded the Plaintiffs were to provide an itemized list of their personal property which the Plaintiffs provided to Joseph G. Howard, a 22 page list of personal property that totaled a value of $500,000.00. A copy of the list of personal property that was provided to Defendant, GaryMotykie, M.D., through his attorney, is attached and marked Plaintiffs' Exhibit "E."

41.　　Defendant, Gary Motykie, M.D., used the list of personal property that was provided by the Plaintiffs on January 29, 2022, and Defendant, Gary Motykie, M.D., arrogantly and illegally violated the Court's order to allow Plaintiffs to take all of their personal property as Defendant, Gary Motykie, M.D., used a highlighter to highlight the items that he decided the Plaintiffs would be allowed to remove from the Inverness residence and which was only a small percentage, 5%, of Plaintiffs' personal property.

42.　　Upon arrival to retrieve their personal property, Defendant, Gary Motykie, M.D., hired

RedHawk Consulting Group, who appeared at the Inverness residence with armed security guards who blocked Plaintiffs from entering or removing any of their personal property from 90% of the 6,000 sq. ft. home and the garage and basement and only allowed Plaintiffs to retrieve some items from their bedrooms and limited items from the kitchen, and, block every other room, including the home office.

43.     The response of Defendant, Gary Motykie, M.D., violated the court's order entered on January 13, 2022, as the Defendant, Gary Motykie, M.D., did  not comply with the order entered on January 13, 2022, and hired security guards to be present in the Inverness residence on January 30, 2022, to intimidate and control the Plaintiffs and to block Plaintiffs from taking their personal property on the agreed date of January 30, 2022, and only allowed the Plaintiffs to take the personal property that Defendant, Gary Motykie, M.D., decided to allow which was minuscule amount of personal property which Plaintiffs were allowed to retrieve.

44.     The Defendant, Gary Motykie, M.D., agreed that Plaintiffs could remove personal property from the Inverness residence on January 30, 2022; thus, Plaintiffs rented a U-Haul truck and Plaintiffs arrived at the Inverness residence on January 30, 2022, and Plaintiffs were fully ready and fully able to remove their personal property.

45.     When the Plaintiffs arrived at the Inverness residence on January 30, 2022, Defendant, Gary Motykie, M.D., had several security guards present who refused to allow the Plaintiffs to take much of their personal property from the Inverness residence. Plaintiffs were told they had 2 hours and Plaintiffs were allowed to take clothes, but, were not allowed to take furniture, art pieces, movie memorabilia, Ford Shelby Mustang parts, watch collection with 30 or more watches, family heirlooms, coins, jewelry, gold, silver, diamonds, gun collection, computers, most of the kitchen items, their motor vehicles and many other personal properties obtained through Plaintiffs' lifetime.   See Plaintiffs' Exhibit " C" and Exhibit "E."

46.     The RedHawk Consulting Group armed security guards hired by Defendant, Gary Motykie, M.D., refused to allow Plaintiff, Kevin Motykie, to take his motor vehicles, 3 Ford Shelby Mustangs, 1 Pontiac GTO, actually a Blue Tempest Lemans, 2011 Maserati, 2000 Porche Boxter, 1967 T5 Convertible Ford Mustang, electric motorcycle, Seadoo Jet Boat, Cub cadet tractor, and all of the Plaintiffs' furniture and half of Plaintiffs' kitchen items.

47.     Defendant, Gary Motykie, M.D., conveyed that another date would need to be set to allow Plaintiffs to take and remove from the Inverness residence their personal property, a complete violation of the Court's orders; thus, Plaintiffs and Defendant, Gary Motykie, M.D., set February 26, 2022, but that date was cancelled by Defendant, Gary Motykie, M.D., and re-set to March 5, 2022, but March 5, 2022, was cancelled and on March 21, 2022, Defendant, Gary Motykie, M.D., sent a moving truck half full to Plaintiffs' current home.  Many of the Plaintiffs' personal property items on the truck and delivered by Defendant, Gary Motykie, M.D., were broken, scratched and missing parts. The items delivered were random items.

48.     On March 23, 2022, Defendant, Gary Motykie, M.D., sent a POD #1 to Plaintiffs' home. POD #1 contained only a few items on Plaintiffs' list and the other items, many were broken. The POD#1 contained some of the toys that belonged to Katherine's 8 year old son and two bedroom sets that belonged to Plaintiff, Kevin D. Motykie but, failed to include a bedroom set belonging to Plaintff, Katherine D. Torbick.

49.     The remaining items were empty boxes, throw away garbage and old furniture belonging to Defendant, Gary Motykie, M.D., that was stored in the basement. The majority of the POD #1 content was "literally garbage" that Plaintiffs' placed on the curb to be taken away with municipal garbage.

50.     On April 29, 2022, Defendant, Gary Motykie, M.D., sent a POD #2 to Plaintiffs' home. POD #2 contained sitting room furniture that was destroyed, some workout equipment from the basement, a shelf from one of the 5 safes located in the Inverness residence, broken pieces of Swarovsky Crystal, 10 coins

from Katherine's collection with many coins missing, one rare KOI coin in a box and several items of stale food from the pantry.

51.     The Plaintiffs demanded another date for Plaintiffs to remove their personal property and it was agreed that on May 3, 2022, Plaintiffs could take their personal property from the Inverness residence, but, because of heavy rain, the parties cancelled May 3, 2022, and re-set the moving date for May 10, 2022, at which time Plaintiff, Katherine D. Torbick, received 20% of the items she provided on the list and Plaintiff, Kevin D. Motykie, received nothing that he provided on the list.   See Plaintiffs' Exhibit "E."

52.     Thereafter, on July 12, 2025, Plaintiffs appeared in state-court and moved the state court to Compel Defendant, Gary Motykie, M.D., to allow Plaintiffs to remove all of their items of personal property that were present in the Inverness residence or Inverness home on January 8, 2022, when they were unlawfully, forcibly removed from the Inverness residence.   A copy of Motion to Compel that was filed in the state-court by Plaintiffs' is attached and marked Plaintiffs' Exhibit "F."

53.     Defendant, Gary Motykie, M.D., responded that the Plaintiffs should file a replevin action to obtain their personal property from Defendant, Gary Motykie, M.D., and argued that the Court that decided the issue of the Emergency Order of Protection lacked the appropriate venue and jurisdiction to decide the parties' issues regarding possession of personal property.  A copy of the Response to Plaintiffs' Motion to Compel that Defendant, Gary Motykie, M.D., filed in state-court is attached and marked Plaintiffs' Exhibit "G."

54.     Plaintiffs provided Defendant, Gary Motykie, M.D., a list of their personal property that was present at the Inverness residence and Plaintiffs provided receipts of purchase for many of their items of personal property.  But, the state-court refused to be involved in the Plaintiffs' personal property and directed Plaintiffs to seek the return of their personal property in another venue or court.

55. As of the January 8, 2022, removal from their residence at the Inverness residence until the date that this second amended complaint and action was filed, Defendant, Gary Motykie, M.D., is still refusing to allow Plaintiffs the return of their personal property.

56. At all times relevant herein, approximately 80% of Plaintiffs' property is still missing. Defendant, Gary Motykie, M.D., failed and refused to act in good faith and failed and refused to allow Plaintiffs to remove their personal property from the Inverness residence and this intentional interference is sanctionable misconduct and maybe criminal as it is believed that Defendant, Gary Motykie, M.D., has removed from Inverness residence, many items of Plaintiffs' personal property and refuses to disclose the whereabouts of Plaintiffs' personal property which is unknown by Plaintiffs.

57. Unfortunately, Defendant, Gary Motykie, M.D., continued to act in bad faith and continued to interfere with Plaintiffs' rights to obtain their personal property from the Inverness residence. In fact, Defendant, Gary Motykie, M.D., took it upon himself to damage most of Plaintiffs' personal property and to send to the Plaintiffs a small percentage of their personal property many of which were broken and placed in large containers and further evidence is present as pictures from a Fourth of July celebration from July of 2025 show numerous furniture items that are on Plaintiffs' missing items lists in the possession of Defendant, Gary Motykie, M.D., and unlawfully being possessed by and unlawfully used by Defendant, Gary Motykie, M.D., even though Defendant, Gary Motykie, M.D., has told many individuals that he has returned everything to Plaintiffs.

58. Plaintiffs reported the Defendant's, Gary Motykie, M.D.'s wrongful conduct, wrongful eviction and trespass and retention of their belongings and all of their personal property to the Inverness Police Department who refused to investigate any criminal acts conducted by Defendant, Gary Motykie, M.D.

59. As the date that this second amended complaint was filed and after repeated, continued

requests to Defendant, Gary Motykie, M.D., through Gary Motykie, M.D.'s and Kevin Motykie's mother, to have their personal property returned, and after Plaintiffs filed motions asking for the return of their missing personal property, the Plaintiffs still have not received 80% of their personal property back from Defendant, Gary Motykie, M.D.

60.     The actions and misconduct of Defendant, Gary Motykie, M.D., have been assisted by Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and other Inverness police officers as only 4 of the 8 Inverness police officers that were present at the Inverness resident on January 8, 2022, were included in the police report created on January 8, 2022, and the actions and misconduct of Defendant, Gary Motykie, M.D., and all other Defendants have caused the Plaintiffs' to suffer severe emotional distress, especially Plaintiff, JT, whose grades in school dropped significantly and who received one year of psychological therapy from a licensed therapist, and. Plaintiffs suffered uncomfortable anxiety, sleepless nights, and monetary damages to all of the Plaintiffs and are inexcusable as their actions are malicious and intentional.

### COUNT I - 42 U.S.C. § 1983
### Fourth Amendment - Illegal Search and Seizure against
### Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,
### OFFICER SCOTT MAY and OFFICER ERNIE MEYERSON

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON, state as follows:

61.     Each of the foregoing paragraphs 1-60 are incorporated as if restated fully herein.

62.     The search of the Plaintiffs' Inverness residence and the seizure of their person and removal

from their Inverness residence and the retention of Plaintiffs' personal property by all of the Defendants, as detailed above, was illegal and was done with a lack of legal justification and was blatant, unreasonable misconduct that violated Plaintiffs' Fourth Amendment, Constitution rights to be free from illegal searches and seizures.

63.     The Civil Rights Act of 1871, 42 U.S.C. §1983, creates a cause of action to recover damages stemming from the deprivation of rights secured by the Constitution and laws of the United States, and caused by the abuse of a position of authority exercised under color of law.

64.     On January 8, 2022, Defendant, Gary Motykie, M.D., and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, unlawfully entered Plaintiffs' Inverness residence and denied Plaintiffs their Fourth Amendment rights by unlawfully seizing their property forcibly in contravention of the law, and, by evicting Plaintiffs pursuant to a void and / or fraudulently entered Order of Possession.

65.     On January 8, 2022, Defendant, Gary Motykie, M.D., and Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, reached an agreement to unlawfully enter Plaintiffs' Inverness residence and to violate all Plaintiffs' Fourth Amendment rights to be free of unreasonable searches and seizures by unlawfully forcibly entering their Inverness residence without a warrant and breaching their right to quiet enjoyment and further unlawfully retaliating against Plaintiffs.

66.     By using their positions of authority to unlawfully enter the Plaintiffs' residence and thus unlawfully forcibly evicted the Plaintiffs, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, acted under color of law to deprive the Plaintiffs of their Constitutional and statutory rights to enjoy the quite enjoyment and safety of their Inverness residence as Plaintiffs had a constitutionally protected interest in Inverness residence that they rented.

67. The unlawful searches and seizures and unlawful forcible entry of Plaintiffs' Inverness residence and the keeping almost all of all of Plaintiffs' personal property, and belongings, that were performed by Defendants, Officer Joseph Belmonte, Officer Randy Akin, OfficerScott May, Officer Ernie Meyerson, were done in violation of Plaintiffs' right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

68. The misconduct described in this count by Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, was unlawful and objectively unreasonable and was undertaken intentionally and with willful indifference to all three Plaintiffs' constitutional rights and their constitutionally protect interest in their Inverness residence.

69. As a proximate result of the above-detailed unlawful and forcible actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, all three Plaintiffs suffered fear, anxiety, pain, severe emotional distress, severe, major depression, difficulty sleeping, poor appetite, loss of capacity of enjoyment of life, difficulty remaining focused on tasks and the loss of all of their property, and, as a direct and proximate result of Defendants' unlawful and objectively unreasonable actions, Plaintiff, JT, received psychological treatment and counseling for one year.

70. As a direct and proximate consequence of said conduct of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for

reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT II - U.S.C. § 1983**
**Fourteenth Amendment- Due Process against**
**Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,**
**OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON, state as follows:

71.     The foregoing paragraphs 1-60 are incorporated as if restated fully herein.

72.     Plaintiffs had liberty interests under the Fourteenth Amendment of the United States Constitution to protect them from the Defendants' abuse of their powers and unduly interfering with Plaintiffs' rights to their property and possessions including their right to receive notice of an eviction.

73.     The Civil Rights Act of 1871, 42 U.S.C. §1983, creates a cause of action to recover damages stemming from the deprivation of rights secured by the Constitution and laws of the United States, and caused by the abuse of a position of authority exercised under color of law.

74.     On January 8, 2022, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, violated and denied Plaintiffs their Fourteenth Amendment procedural due process rights and failed to provide Plaintiffs' equal protection of the laws, by forcibly entering their home without a warrant nor exigent circumstances and demanding that they leave the Inverness residence immediately.

75.     The actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott

May, Officer Ernie Meyerson, in unlawfully and forcibly entering Plaintiffs' Inverness residence, without a warrant and failing to provide Plaintiffs with reasonable notice prior to their eviction, were intentional, willful and wanton. Defendants said actions caused Plaintiffs a loss of liberty that amounted to a deprivation. The deprivation was without due process of law.

76. Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, committed the acts alleged above under color of law, and in the scope of their employment, as employees of the Village of Inverness. The actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, violated the Plaintiffs' Fourteenth Amendment Rights of United States Constitution as protected by 42 U.S.C. § 1983.

77. As a direct and proximate consequence of said conduct of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer ScottMay, Officer Ernie Meyerson, the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.


WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT III - State Law Claim**
**Indemnification- 745 ILCS 10/9-102**
**against, Defendant, Village of Inverness, Illinois**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural

mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and

complaining of the Defendant, VILLAGE OF INVERNESS, state as follows:

78.     The foregoing paragraphs 1-60 are incorporated as if restated fully herein.

79.     At the time of the events described above, Defendants, Officer Joseph Belmonte, Officer

Randy Akin, Officer Scott May, Officer Ernie Meyerson, were employed by the Village of Inverness.

80.     Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer

Ernie Meyerson, identified above, committed the acts alleged above under color of law and within the scope

of their employment as an employee of the Village of Inverness.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs'

favor against Defendant, Village of Inverness, Illinois, and award an amount of damages that exceeds $1

Million in compensatory damages that were caused by Defendants, Officer Joseph Belmonte, Officer Randy

Akin, Officer Scott May, and Officer Ernie Meyerson; an amount for reasonable expenses and costs; and all

other appropriate relief to which Plaintiffs are entitled to recover under the law.

### COUNT IV - State Law Claim
### Respondeat Superior

Count IV was dismissed.

### COUNT V - State Law Claim
### Intentional Inflection of Emotional Distress
### against, Defendant, Gary Motykie, M.D.

Count V was dismissed.

### COUNT VI - State Law Claim Conversion
### against, Defendant, Gary Motykie, M.D.

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK,

as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., state as follows:

81.     The foregoing paragraphs 1-60 are incorporated as if restated fully herein.

82.     On January 8, 2022, Defendant, Gary Motykie, M.D., assumed control of the Plaintiffs' personal property and belongings including but not limited to money, antique handguns, furniture, family photos, family heirlooms, household goods, clothing, and personal momentums that can never be replaced unless they are returned by Defendant, Gary Motykie, M.D., and 1967 Ford T-5 Mustang that is owned by Plaintiff, Kevin Motykie.  See Plaintiffs' Exhibit " C" and Exhibit "E" and Exhibit "G."

83.     All of the Plaintiffs had the right to control and retain possession of their personal property and their personal belongings.

84.     Defendant's, Gary Motykie, M.D.'s, assumption and control over all of the Plaintiffs' possessions and personal property was illegal, unlawful and unauthorized and Defendant, Gary Motykie, refuses to return 80% of the Plaintiffs' personal property which would include all of the furniture that was located in the Inverness residence and the property sought to be returned to Plaintiffs is itemized on the lists that were provided to Defendant, Gary Motykie, M.D., and were listed in meaningful detail or photographed and are attached and marked Plaintiffs' Exhibit " C" and Exhibit "E" and Exhibit "G."

85.     All of the Plaintiffs have provided Defendant, Gary Motykie, M.D. , with lists that described and identified many items of personal property and further described where the items were located in the Inverness residence and garage and provided photograph that show many of the items and Plaintiffs demanded that all of their personal property and personal belongings be returned and the trial judge in the state-court case entered a few successive orders that the personal property and personal belongings of all Plaintiffs be returned to Plaintiffs, but, Defendant, Gary Motykie, M.D., has unlawfully refused and continues

to unlawfully refuse to return the personal property and personal belongings of all of the Plaintiffs.

86.     On January 13, 2022, the trial judge entered an order directing Defendant, Gary Motykie, M.D., to set up a mutually convenient time for Plaintiffs to retrieve their personal property and Defendant, Gary Motykie, M.D., interfered with the Plaintiffs' right and court order to get their personal property from the Inverness residence.  See Plaintiffs' Exhibit "D."

87.     To date, the Plaintiffs have not recovered approximately 80% of their personal property that was wrongfully taken by Defendant, Gary Motykie, M.D., (see Plaintiffs' Exhibit " C" and Exhibit "E"), and, the misconduct described in the state-court was objectively unreasonable and was undertaken intentionally with willful and calculated interference to the Plaintiffs' rights.

88.     As a direct and proximate result of the above-detailed actions of Defendant, Gary Motykie, M.D., the Plaintiffs have suffered damages, and continue to suffer damages, including emotional anxiety, emotional distress, fear, pain and suffering, and monetary loss and expense as well as and from the loss of all of their personal property and personal belonging.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and  KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)      Damages in an amount that exceeds $1 Million;

b)      Punitive damages;

c)      Court costs;

d)      An amount of reasonable attorney's fees; and

e)      Such further relief as this Court deems just and proper.

**COUNT VII - State Law Claim**
**Wrongful Eviction/Trespass**
**against, Defendant, Gary Motykie, M.D.**

Count VII was dismissed.

**COUNT VIII - State Law Claim**
**Conspiracy against, Defendant, Gary Motykie, M.D.**
**and Defendant, Joseph G. Howard**

Count VIII was dismissed.

**COUNT IX**
**VIOLATION OF COVENANT OF QUIET ENJOYMENT**

Count IX was dismissed.

**COUNT X - ABUSE OF PROCESS**
**against, Defendant, Gary Motykie, M.D.**
**and Defendant, Joseph G. Howard**

Count X was dismissed.

**COUNT XI - 42 U.S.C. § 1983**
**Conspiracy to Violate Fourth Amendment-Illegal Search and Seizure**
**against Defendant, Gary Motykie, M.D.**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK,

as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J.MACCHITELLI,

and complaining of the Defendant, GARY MOTYKIE, M.D., state as follows:

89.     The foregoing Paragraphs 1-60 are incorporated as if restated fully herein.

90.     Demetrios Matsas and Vasilios Matsas are friends of Defendant, Gary Motykie, M.D., and in

December of 2021, through January of 2022, they were owners and / or operators of a business known as the

Coach House Bar & Grill at 1626 East Algonquin Road in Schaumburg, Illinois which is no longer

operational as it is believed that it was closed by the County of Cook because of illegal activity.

91.     Many Inverness police officers socialized at the Coach House Bar & Grill and those

Inverness police officers that socialized at the Coach House Bar & Grill personally know very well Demetrios Matsas and Vasilios Matsas, the friends of Defendant, Gary Motykie, M.D.

92.     Demetrios Matsas and Vasilios Matsas, the friends of Defendant, Gary Motykie, M.D., introduced many Inverness police officers to Defendant, Gary Motykie, M.D., at the Coach House Bar & Grill, and after he was introduced to the Inverness police officers, Defendant, Gary Motykie, M.D., had some meetings with Inverness police officers and they all began to form an agreed conspiracy and developed a concerted plan under color of law to violate Plaintiffs' Fourth Amendment Constitutional rights to be free from unlawful searches and seizures.

93.     During those meetings, it is believed that Defendant, Gary Motykie, M.D., and Inverness police officers reached an agreement and developed and concocted a plan under color of law and between themselves where the Defendant's worked together as Defendant, Gary Motykie, M.D., hired a locksmith to defeat the lock on Plaintiffs' locked front door and whereby in exchange for payment of cash from Defendant, Gary Motykie, M.D., and accepted by the Inverness police officers, Inverness police officers agreed that when Defendant, Gary Motykie, M.D., completed his part of the parties' joint action and defeated the Plaintiffs' locked front door to their residence, that under the agreed to concerted plan under color of law, Inverness police officers illegally and unlawfully entered the Plaintiffs' locked residence and unlawfully served process of the fraudulently obtained Order of Protection on Plaintiffs, Kevin Motykie and Katherine Torbick, and thereafter executed the fraudulent order of possession for the Inverness residence.

94.     During those meetings, it is believed that Defendant, Gary Motykie, M.D., and Inverness police officers reached an agreement between themselves and concocted a plan under color of law whereby after the agreed sum of cash was paid by Defendant, Gary Motykie, M.D., to the Inverness police officers, and that served as a unlawful bribe, the Inverness police officers would all unlawfully, forcibly break into

Plaintiffs' Inverness home that they leased and would serve the fraudulent Orders of Protection and execute the order of possession all under color of law.

95.     On or about January 8, 2022, Defendant, Gary Motykie, M.D., and the Inverness police officers agreed to meet the Inverness police officers at the Plaintiffs' Inverness home and since Plaintiffs refused to answer the door,  Defendant, Gary Motykie, M.D., and the Inverness police officers agreed in their concocted and agreed to plan that Defendant, Gary Motykie, M.D., would hire a locksmith to defeat the lock on the door of the Plaintiffs' home and the Inverness police officers would unlawfully and forcibly enter the Plaintiffs' home.

96.     From about December of 2021, through January of 2022, Defendant, Gary Motykie, M.D., together with the Inverness police officers reached an understanding, engaged and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves under color of law to commit the unconstitutional overt acts set forth in the facts above.

97.     In the manner described above, there was an agreement between the Defendants to deprive Plaintiffs of their constitutional rights and specifically, Defendant, Gary Motykie, M.D., and Inverness police officers conspired by concerted action under color of law to accomplish an unlawful purpose by an unlawful means and in furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

98.     Additionally, and alternatively, these actions were taken maliciously, willfully, wantonly and/or with reckless disregard for Plaintiffs' constitutional rights.

99.     The conspiring Defendants' actions, the actions of Defendant, Gary Motykie, M.D., and Inverness police officers, were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

100.     As a direct and proximate consequence of said misconduct of Defendant, Gary Motykie, M.D. and the Inverness police officers, the Plaintiffs suffered violations of their Fourth Amendment rights to be free from unlawful searched and unlawful seizures or detainment.

101.     As a result of Defendant officers' misconduct, Defendant, Gary Motykie, M.D., and Inverness police officers,  described in this Count, Plaintiffs have suffered fear, emotional anxiety, pain, severe emotional distress, severe, major depression, difficulty sleeping, poor appetite, loss of capacity of enjoyment of life, difficulty remaining focused on tasks and the loss of almost all of their property, monetary loss and expense, loss of love and companionship for family members and have been required to hire and pay attorneys reasonable attorneys fees to address their legal woes and losses and other grievous and continuing injuries and damages .

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendant, Gary Motykie, M.D., and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

### COUNT XII - U.S.C. § 1983
### Fourteenth Amendment - Due Process Violations
### against Defendant, GARY MOTYKIE, M.D.

102.     The foregoing Paragraphs 1-60 are incorporated as if restated fully herein.

103.     Demetrios Matsas and Vasilios Matsas are friends of Defendant, Gary Motykie, M.D., and in December of 2021, through January of 2022, they were owners and / or operators of a business known as the Coach House Bar & Grill at 1626 East Algonquin Road in Schaumburg, Illinois which is no longer operational as it is believed that it was closed by the County of Cook because of illegal activity.

104.     Many Inverness police officers socialized at the Coach House Bar & Grill and those

Inverness police officers that socialized at the Coach House Bar & Grill personally know very well Demetrios

Matsas and Vasilios Matsas, the friends of Defendant, Gary Motykie, M.D.

105.     Demetrios Matsas and Vasilios Matsas, the friends of Defendant, Gary Motykie, M.D.,

introduced many Inverness police officers to Defendant, Gary Motykie, M.D., at the Coach House Bar &

Grill, and after he was introduced to the Inverness police officers, Defendant, Gary Motykie, M.D., had some

meetings with Inverness police officers and they all began to form an agreed conspiracy and developed a

concerted plan under color of law to violate Plaintiffs' Fourteenth Amendment Constitutional rights to be free

from unlawful violations of their rights to Due Process.

106.     During those meetings, it is believed that Defendant, Gary Motykie, M.D., and Inverness

police officers reached an agreement and developed and concocted a plan under color of law and between

themselves where the Defendant's worked together as Defendant, Gary Motykie, M.D., hired and paid a

locksmith to defeat the lock on Plaintiffs' locked front door and whereby in exchange for payment of cash

from Defendant, Gary Motykie, M.D., and accepted by the Inverness police officers, Inverness police officers

agreed that when Defendant, Gary Motykie, M.D., completed his part of the parties' joint action and defeated

the Plaintiffs' locked front door to their residence, that under the agreed to concerted plan under color of law,

Inverness police officers illegally and unlawfully entered the Plaintiffs' locked residence and unlawfully

served process of the fraudulently obtained Order of Protection on Plaintiffs, Kevin Motykie and Katherine

Torbick, and thereafter executed the fraudulent order of possession for the Inverness residence.

107.     During those meetings in December of 2021, through January of 2022, it is believed that

Defendant, Gary Motykie, M.D., and Inverness police officers reached an agreement between themselves and

concocted a plan under color of law whereby after the agreed sum of cash was paid by Defendant, Gary

Motykie, M.D., to the Inverness police officers, and that served as a unlawful bribe and after the front door lock was defeated by Defendant, Gary Motykie, M.D., the Inverness police officers would all unlawfully, forcibly break into Plaintiffs' Inverness home that they leased and would serve the fraudulent Orders of Protection and execute the order of possession all under color of law.

108.    On or about January 8, 2022, Defendant, Gary Motykie, M.D., and the Inverness police officers agreed to meet at the Plaintiffs' Inverness home and since Plaintiffs refused to answer the door, Defendant, Gary Motykie, M.D., and the Inverness police officers agreed in their concocted and agreed to plan that Defendant, Gary Motykie, M.D., would hire a locksmith to defeat the lock on the front door of the Plaintiffs' home and the Inverness police officers would unlawfully and forcibly enter the Plaintiffs' home.

109.    From about December of 2021, through January of 2022, Defendant, Gary Motykie, M.D., together with the Inverness police officers reached an understanding, engaged and continue to engage in a course of conduct under color of law, and otherwise jointly acted and/or conspired among and between themselves under color of law to commit the unconstitutional overt acts set forth in the facts above.

110.    In the manner described above, there was an agreement between Defendant, Gary Motykie, M.D., and the Inverness Police Officers to act under color of law and to deprive Plaintiffs of their constitutional rights and specifically, Defendant, Gary Motykie, M.D., and Inverness police officers conspired by concerted action under color of law to accomplish an unlawful purpose by an unlawful means and in furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

111.    Additionally, and alternatively, these actions were taken maliciously, willfully, wantonly and/or with reckless disregard for Plaintiffs' constitutional rights.

112.    The conspiring Defendants' actions, the actions of Defendant, Gary Motykie, M.D., and

Inverness police officers, were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

113.     As a direct and proximate consequence of said misconduct of Defendant, Gary Motykie, M.D. and the Inverness police officers, under color of law, the Plaintiffs suffered violations of their Fourteenth Amendment rights to be free from violations of their rights to Due Process and equal protection of the laws.

114.     As a result of Defendants' misconduct, Defendant, Gary Motykie, M.D., and Inverness police officers, described in this Count, Plaintiffs have suffered fear, emotional anxiety, pain, severe emotional distress, severe, major depression, difficulty sleeping, poor appetite, loss of capacity of enjoyment of life, difficulty remaining focused on tasks and the loss of almost all of their property, monetary loss and expense, loss of love and companionship for family members and have been required to hire and pay attorneys reasonable attorneys fees to address their legal woes and losses and other grievous and continuing injuries and damages that were caused by the Defendants' violations of their Constitutional rights.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendant, Gary Motykie, M.D., and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988 (b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

### COUNT XIII - Breach of Bailment
### against Defendant, GARY MOTYKIE, M.D.
### As an Alternative to Count VI

115.     The foregoing Paragraphs 1-60 are incorporated as if restated fully herein.

116.     On January 8, 2022, when Plaintiffs were removed from their Inverness residence, and the Inverness police officers executed the order of possession and provided Defendant, Gary Motykie, M.D., with

sole possession of the Plaintiffs' Inverness residence, a constructive or an implied bailment was created whereby Defendant, Gary Motykie, M.D., had sole possession of all of the Plaintiffs' personal property in and around the Inverness residence and its garage.

117. All of the Plaintiffs' personal property in and around the Inverness residence was in very good and operable condition when it was transferred to the possession of Defendant, Gary Motykie, M.D.

118. Some the Plaintiffs' personal property was returned to the Plaintiffs in damaged or destroyed condition and 80% of the Plaintiffs' personal property was not returned and Defendant, Gary Motykie, M.D., has unlawfully refused to return to Plaintiffs 80% of their personal property. Lists of the Plaintiffs' missing property is provided in Plaintiffs' Group Exhibit "H."

119. By taking possession and control of Plaintiffs' personal property, Defendant, Gary Motykie, M.D., created a bailment for the benefit of the Plaintiffs as the bailor.

120. As the bailee of Plaintiffs' personal property, Defendant, Gary Motykie, M.D., owed a duty to exercise reasonable care to safeguard the items and to return them upon a reasonable request.

121. On or about January 13, 2022, the Plaintiffs were in state-court and they requested their personal property from Defendant, Gary Motykie, M.D., and numerous times after January 13, 2022, Plaintiffs' requested that Defendant, Gary Motykie, M.D., return their personal property and Plaintiffs have arranged times to retrieve their personal property from the Inverness residence, have been present at the property several times in 2022 to retrieve their
personal property from the Inverness residence, but, Defendant, Gary Motykie, M.D., has interfered and refused to allow Plaintiffs to retrieve their personal property.

122. Defendant, Gary Motykie, M.D., failed to return all of the personal property to the Plaintiffs. Furthermore, upon a subsequent inquiry by the mother of Gary and Kevin, Defendant, Gary Motykie, M.D.,

has stated that he has returned all of Plaintiffs' personal property which are listed in Exhibit " H." A listing of Plaintiffs' missing personal items are attached and marked Plaintiffs' Exhibit " H."

123.    Defendant, Gary Motykie, M.D.,  breached his duty as a bailee by failing to exercise reasonable care and by failing to return Plaintiffs' personal property.

124.    As a direct and proximate result of the Defendant's breach of bailment, Plaintiffs have suffered damages in the amount of the value of the lost or damaged property which is an amount inexcess of $500,000.00.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and  KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)    Damages in an amount that exceeds $500,000.00;

b)    Punitive damages;

c)    Court costs;

d)    An amount of reasonable attorney's fees; and

e)    Such further relief as this Court deems just and proper.

### COUNT XIV - Breach of Bailment
### against Defendant, GARY MOTYKIE, M.D.

125.     The foregoing Paragraphs 1-60 are incorporated as if restated fully herein.

126.    On January 8, 2022, when Plaintiffs were removed from their Inverness residence, and the Inverness police officers executed the order of possession and provided Defendant, Gary Motykie, M.D., with sole possession of the Plaintiffs' Inverness residence, a constructive or an implied bailment was created whereby Defendant, Gary Motykie, M.D., had sole possession of all of the Plaintiffs' personal property in and

around the Inverness residence and its garage.

127.     At all times in January of 2022, Plaintiffs owned five safes that were full of personal items, jewelry, personal documents, and many other items.

128.     On or about January 30, 2022, Defendant, Gary Motykie, M.D., filed a cause of action against Plaintiff, Kevin D. Motykie, which is known as case number 2022 CH 00848 - Cook County, Illinois.

129.     On February 3, 2022, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Declaration that alleged that there are safes located at the Inverness Property that possesses cash and other items that Kevin D. Motykie claims are his and which asked for entry of emergency order granting the following relief:

(a)     A Temporary Restraining Order, without bond, restraining Defendant from selling,transporting or otherwise disposing of the three vintage Shelby Mustangs and GTOs ("Vehicles") identified in the Verified Complaint;

(b)     A Temporary Restraining Order, without bond, restraining Defendant from accessing theSafes, or in the alternative, an Order of Prejudgment Attachment pursuant to 735 ILCS5/4-101 to place the cash and other valuables held in the Safes in the custody of the Courtuntil such time as a determination is made as to the rightful owner of the property; and

(c)     An Order providing for expedited discovery and a hearing date on Plaintiff's Motion for Preliminary Injunction.

130.     On April 4-5, 2023, a hearing was held for issuance of an injunction and GARY MOTYKIE, M.D. on May 10, 2023, an injunction over the safes and vehicles (three Shelby Mustangsand two GTOs) was entered and on November 25, 2023, the safes that could be opened easily were opened and their contents were inventoried.

131.     The inventories of the safes was video taped and were never disclosed to Plaintiffs and their

attorney, nor were any inventories filed with the clerk of the Circuit Court, but, those inventories remain in Defendant's possession or his attorney's possession.

132.    A six day trial followed on non-consecutive dates such as December 19, 21, and 22, 2023, and on March 26, 27, and 28, 2024, and findings of fact and conclusions of law was filed onAugust 29, 2024, and a judgment was entered on September 9, 2024.

133.    The judgment ordered that the injunction was to expire on September 14, 2024, at 10:00 am and the contents of the safes were to be distributed (to Kevin D. Motykie).

134.    On September 14, 2024, when Kevin D. Motykie took possession of the five safes, however, items and personal property that were present during the inventories were not present on September 14, 2024, and, have never been recovered or received from Defendant, Gary Motykie, M.D., ever..

135.    And there were additional items in the safes that were never seen prior. Lastly, there were numerous items that were present in the safes when Plaintiff took possession that remain missing.

136.    One of the safes was opened by a locksmith with Defendant's agent -KAI JOY present and the safe possessed a boat battery which was not present during the inventories.

137.    Several jewelry items that were present during the inventories were no longer present and there were several high end Rolex watches missing as their boxes were in the safes but empty and two guns, numerous coins, rare $100 bills, envelop with $2,300.00 that were all present during inventories but were not present on September 14, 2024.

138.    All of the Plaintiffs' personal property in the five safes was in very good and operable condition when it was transferred to the possession of Defendant, Gary Motykie, M.D. , via temporary restraining order entered on February 9, 2022.

139.    Some the Plaintiffs' personal property was returned to the Plaintiffs in damaged or destroyed condition and 75% of the Plaintiffs' personal property that was in the five safes was not returned and

Defendant, Gary Motykie, M.D., has unlawfully refused to return to Plaintiffs 75% of their personal property that was located in the five safes such as $50,000.00, wills and trusts, and other personal items. Plaintiffs shall seek to recover the videos of the inventories and the written inventories that were created.

140. By taking possession and control of Plaintiffs' personal property in the five safes, Defendant, Gary Motykie, M.D., created a bailment for the benefit of the Plaintiffs as the bailor.

141. As the bailee of Plaintiffs' personal property in the five safes, Defendant, Gary Motykie, M.D., owed a duty to exercise reasonable care to safeguard the items and to return them upon a reasonable request.

142. The state court judge ordered that the five safes and their contents must be returned to Kevin D. Motykie on September 14, 2024, and, on September 14, 2024, the five safes were returned to Kevin D. Motykie, and his receipt of the five safes was video-taped and the opening of the safes was also video-taped and the safes possessed none of Plaintiffs' valuable personal property that was stored in the safes.

143. Thereafter Plaintiffs' requested that Defendant, Gary Motykie, M.D., return their personal property that were in the five safes numerous times, but, Defendant, Gary Motykie, M.D., refuses to return the Plaintiffs' personal property that was in the five safes when Defendant took sole control of the five safes.

144. Defendant, Gary Motykie, M.D., has interfered and refused to allow Plaintiffs to retrieve their personal property that was in the five safes.

145. Defendant, Gary Motykie, M.D., failed to return all of the personal property that was in the five safes to the Plaintiffs. Furthermore, upon a subsequent inquiry by the mother of Gary and Kevin, Defendant, Gary Motykie, M.D., has stated that he has returned all of Plaintiffs' personal property in the five safes.

146. Defendant, Gary Motykie, M.D., breached his duty as a bailee by failing to exercise

reasonable care and by failing to return Plaintiffs' personal property that was in the five safes when he took sole possession the five safes.

147.    As a direct and proximate result of the Defendant's breach of bailment, Plaintiffs have suffered damages in the amount of the value of the lost or damaged property which is an amount in excess of $500,000.00.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and  KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)    Damages in an amount that exceeds $500,000.00;

b)    Punitive damages;

c)    Court costs;

d)    An amount of reasonable attorney's fees; and

e)    Such further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted,

*James J. Macchitelli*

James J. Macchitelli
Attorney for Plaintiffs

James J. Macchitelli (IL Atty # 6208773)
(Jimmymacclaw@gmail.com)
Attorney for Plaintiffs
1900 East Golf Road, Suite 950
Schaumburg, Illinois 60173
Telephone: (847) 414-4532
Facsimile: (847) 890-6457