IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MOTYKIE, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:23-cv-01779 |
| ) | |
| vs. ) | |
| ) | Judge Jeremy C. Daniel |
| GARY MOTYKIE, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GARY MOTYKIE, M.D.'S MOTION
FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

Defendant Gary Motykie, M.D. ("Dr. Motykie), having given Plaintiffs 21 days' notice prior to filing this Motion, moves this Court to enter sanctions pursuant to Federal Rule of Civil Procedure 11, for filing Count XI and Count XII of his Second Amended Complaint based on demonstrably false allegations contained in Paragraphs 93, 94, 106, and 107. In support thereof, Dr. Motykie states as follows:

1. In its Memorandum Opinion and Order issued on July 30, 2025, this Court dismissed Counts I and II against Dr. Motykie noting that conclusory allegations of an agreement to violate 42 U.S.C. §1983 were insufficient to satisfy federal notice pleading requirements. ECF No. 87 at 11-12.

2. In their Second Amended Complaint, Plaintiffs removed Dr. Motykie from Counts I and II and allege in two new counts brought solely against Dr. Motykie (Counts XI and XII) that he conspired with the Inverness police officers ("Inverness Defendants") by bribing them to remove Plaintiffs from Dr. Motykie's Inverness home located at 1120 Glencrest Drive, Inverness, IL 60010.

3. The first two iterations of Plaintiffs' complaint contained no allegation that Dr. Motykie engaged in bribery, a fact that, if true, would have appeared front and center in Plaintiffs' pleadings. Only after having their Complaint dismissed as failing to meet even notice pleading did Plaintiffs allege that "it is believed" that Dr. Motykie paid the Inverness police officers an "agreed sum of cash" as a "bribe" to allow Dr. Motykie to enter his own house. *See* Sec. Am. Compl., ¶¶ 93, 94, 106, and 107.

4. Moreover, there are no corresponding allegations in the Second Amended Complaint that the Inverness Defendants accepted the purported bribe. Nor does the Second Amended Complaint identify which of the Inverness police officers allegedly conspired with Dr. Motykie by taking the alleged bribe.

5. Filing a pleading under Federal Rule of Civil Procedure Rule 11(b) includes a representation by counsel that certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . (3) the factual contentions have evidentiary support, or if specifically so identified, will have evidentiary support after a reasonable opportunity for further investigation or discovery."

6. In their Second Amended Complaint, Plaintiffs do not identify who has knowledge of this purported bribe,[1] the basis for this knowledge, when evidence of this purported bribe was discovered, and why it was not discovered in the nearly four years since the Emergency Order of Protection giving rise to this lawsuit. Courts within the Court of Appeals for the Seventh Circuit recognize that allegations, especially where particularity is required for allegations of fraud, may not be alleged solely "on information and belief." *See Bankers Trust Co. v. Old Republic Ins. Co..* 959 F.2d 677, 683 (7th Cir. 1992)(noting that "a duty of reasonable precomplaint inquiry [is] not

---

[1] By pleading in the passive voice that "it is believed," Plaintiffs do not identify who has this belief or knowledge of the purported bribe.

satisfied by rumor or hunch."); *United States ex rel. Dustman v. Advocate Health & Hosps. Corp.*, No. 1:20-cv-01243, 2023 U.S. Dist. LEXIS 59844, at *16 (C.D. Ill. Apr. 5, 2023) (requires plaintiffs to explain how they have enough insider access to describe the precise mechanism of the fraud, yet does not possess enough evidence to justify going beyond information and belief); *Anderson v. Cooper*, No. 92 C 5949, 1994 U.S. Dist. LEXIS 1434 (N.D. Ill. Feb. 8, 1994) (collecting cases).[2]

7. These new allegations are highly questionable given that on December 23, 2021, Circuit Court of Cook County Judge Joel Greenblatt ordered that Dr. Motykie was awarded exclusive possession of his home, and that Plaintiffs had "no right" to occupy the residence. ECF No. 19-1 at 3. There would be no reason for Dr. Motykie to bribe the police to remove Plaintiffs from his home; he already had a court order that was to be "Police Enforced" (*see id.*) to do so. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 444-45 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) and noting that courts should draw on "judicial experience and common sense" in determining whether a given claim is plausible).

8. Finally, in addition to these newly minted bribery allegations, Plaintiffs' Second Amended Complaint also includes two individuals who were not mentioned in the first two iterations of the complaint. Plaintiffs now allege that Demetrios Matsas and Vasilios Matsas who had owned a bar and grill, "which is no longer operational as it is believed that it was closed by the County of Cook because of illegal activity," were friends of Dr. Motykie and introduced him

---

[2] Although Federal Rule of Civil Procedure Rule 9(b) does not apply to section 1983 conspiracy cases, courts recognize that to state such a claim "bare conclusions of a conspiracy are insufficient," *See, e.g., Dewitt v. Lake Cty. Sheriff's Office*, No. 24-cv-2737, 2025 U.S. Dist. LEXIS 72299 * 15 (N.D. Ill. April 16, 2025), and that the "who, what, when, why, and how" of the alleged conspiratorial agreement must be alleged.

3

to Inverness police that socialized at the bar and grill. Sec. Am. Compl. ¶¶ 90-92, 103-105. The inclusion of these two individuals adds nothing to the missing allegations explaining how Plaintiffs learned of the purported bribery, why it was not previously alleged, or even who has knowledge. Rather, Plaintiffs rely on the bare allegation that "it is believed that [Coach House Bar & Grill] was closed by the County of Cook because of illegal activity," *id* ¶¶ 90, 103, which appears to be nothing more than a gratuitous smear.[3]

9. Rule 11 recognizes that when a plaintiff pursues a civil case, "it puts machinery in gear that can be powerful, intimidating, and often expensive. Those powers and machinery can be abused by litigants. Federal Rule of Civil Procedure 11 seeks to ensure that those powers and machinery are engaged only to address claims and defenses that have a reasonable basis in fact and law and that are asserted only for a proper purpose." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883-84 (7th Cir. 2017).

10. Accordingly, Defendant Dr. Gary Motykie requested that Plaintiffs withdraw Count XI and XII by providing this Motion in draft form on October 3, 2025.

11. As of October 27, 2025, Plaintiffs have not agreed to withdraw Count XI and Count XII.

---

[3] Plaintiff Kevin Motykie had been involved in a marijuana production business known as Seven Leaves, LLC with Demetrios Matsas, Vasilios Matsas, and Dr. Motykie. Recently Plaintiff Kevin Motykie was disassociated from the Seven Leaves, LLC, and he thereafter brought litigation for being "unlawfully expelled" from the entity against Demetrios Matsas, Vasilios Matsas, and Dr. Motykie in the Circuit Court of Cook County, IL. *See* Verified Complaint at Law, attached as **Exhibit 1**.

## CONCLUSION

For the reasons stated above, Defendant Dr. Motykie asks this Court to grant Defendant Gary Motykie, M.D.'s motion for sanctions pursuant to Federal Rule of Civil procedure 11.

Dated: October 27, 2025.

Respectfully submitted,

**GARY MOTYKIE, M.D.**

By: /s/ *Lydia Bueschel*
     One of His Attorneys

Lydia A. Bueschel (6274638)
Sandy L. Morris (6270309)
VALENTINE AUSTRIACO & BUESCHEL, P.C.
300 East Randolph Street, Suite 3400
Chicago, Illinois 60601
T: (312) 238-9545
F: (312) 638-8137
lbueschel@vablawfirm.com
smorris@vablawfirm.com
*Attorneys for Defendant Gary Motykie, M.D.*