## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MOTYKIE, | ) | |
| KATHERINE D. TORBICK, and | ) | |
| KATHERINE D. TORBICK, as natural mother | ) | |
| and next friend of JT, a minor, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case Number: 1:23-cv-01779 |
| | ) | |
| GARY MOTYKIE, M.D., | ) | |
| OFFICER JOSEPH BELMONTE, | ) | Judge Jeremy C. Daniel |
| OFFICER RANDY AKIN, | ) | |
| OFFICER SCOTT MAY, and | ) | |
| OFFICER ERNIE MEYERSON and | ) | JURY DEMAND |
| VILLAGE OF INVERNESS, ILLINOIS, | ) | |
| Defendants. | ) | |

### THIRD AMENDED COMPLAINT AT LAW

Plaintiffs, KEVIN D. MOTYKIE, KATHERINE D. TORBICK, and KATHERINE D.TORBICK,

as natural mother and next friend of JT, a minor, by and through their attorney, JamesJ. Macchitelli, state

against Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT

MAY, OFFICER ERNIE MEYERSON and VILLAGE OF INVERNESS, ILLINOIS, and against

Defendant, GARY MOTYKIE, M.D., and, state as follows:

### INTRODUCTION

1.      This action arises from Defendants' joint, unlawful entry into Plaintiffs' leased Inverness

residence and seizure of personal property and is brought pursuant to 42 U.S.C. §1983 to redress the

deprivation under color of law and Plaintiffs' rights as secured by the United States Constitution.

### STATEMENT OF JURISDICTION AND VENUE

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a); the

Constitution of the United States; and pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

3.      Alternatively against Defendant, GARY MOTYKIE, M.D. hereafter "Gary Motykie"),

jurisdiction exists under 28 U.S.C. §§ 1332 for diversity jurisdiction as Defendant, Gary Motykie, is a citizen

and resident of the State of California and Plaintiff seeks damages in excess of $75,000.00.

4.      Venue is proper under 28 U.S.C. §1391(b) as the events giving rise to the claims asserted

herein occurred within the district.

### THE PARTIES

5.      Plaintiffs, Kevin D. Motykie, Katherine D. Torbick, and JT, a minor with

Plaintiff, Katherine D. Torbick, his natural mother and next friend. reside in Cook County, Illinois.

6.      Plaintiffs are citizens of the United States of America and all Plaintiffs are entitled to

protection of all rights protected by the United States Constitution.

7.      Defendant, Gary Motykie, resides in Los Angeles, California, and is a Board Certified Plastic

Surgeon and at all times is the brother of Plaintiff, Kevin Motykie, and is the landlord of the Plaintiffs and at

all times relevant willfully engaged in joint activity with Defendants, OFFICER JOSEPH BELMONTE,

OFFICER RANDY AKIN, OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON (hereafter referred

to as "Police Officer Defendants"), as on January 8, 2022, agreed that Gary Motykie would hire a locksmith

and all agreed to jointly effect unlawful entry into the Plaintiffs' residence without lawful right to serve the

Orders of Protection and execute the Order of Possession.

8.      At time that Defendant, GaryMotykie, and the Police Officer Defendants unlawfully forced

their entry into Plaintiff's Inverness residence, as the Order of Protection and an Order of Possession that the

Police Officer Defendants possessed authorized only lawful execution in compliance with Illinois eviction

law and constitutional limits as Defendants' forced entry into Plaintiffs' residence occurred without

Plaintiffs' consent, without a warrant and without lawful authority to conduct a search or seizure of Plaintiffs'

2

Inverness residence or personal property.

9.     Each Plaintiff had a reasonable expectation of privacy in their residential premises and its contents and Defendants' forced entry exceeded the scope of any lawful civil eviction process and was conducted without proper supervision and/or presence of the Sheriff, or otherwise in violation of eviction procedures.

10.     Illinois strongly prohibits a landlord from using "self-help", changing locks,  to enter a tenants' premises - even with a court order.

11.     When the Police Officer Defendants stood by and enable a landlord, Defendant, Gary Motykie, to enter a Plaintiffs-tenants' residence—particularly by summoning or permitting a locksmith, they convert private conduct into state action and participate in an unlawful seizure of the premises.

12.     The Seventh Circuit has squarely held that officers violate the Fourth Amendment when they affirmatively assist a landlord in repossessing property without lawful process. *Soldal v. Cook County*, 506 U.S. 56 (1992).

13.     A party entitled to possession of real property must resort to the statutory eviction process; self-help or forcible entry is unlawful even if the entrant has superior title or right to possession.  (Emphasis added).

14.     The Seventh Circuit has further emphasized that police presence that "gives the landlord a green light" or conveys official authorization for forced entry or repossession constitutes state action and constitutional violation.  *Soldal v. Cook County* (en banc), aff'd, 506 U.S. 56.

15.     On January 8, 2022, the Police Officer Defendants did more than passively observe: they allowed and enabled a locksmith to breach the Plaintiffs' door to their residence so the landlord could take control of the premises and effectuate possession and service as the Fourth Amendment prohibited the Police

Officer Defendants from aiding private self-help repossession of a residence without a valid warrant or lawful eviction execution.

16.     Police Officer Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON are all Police Officers and employed by the Village of Inverness, Illinois, and each engaged in the conduct complained of while in the scope of his employment and under the color of law. All Police Officer Defendants are sued in their individual capacity.

17.     Defendant, VILLAGE OF INVERNESS, ILLINOIS, is a unit of local government of the State of Illinois as defined by Article VII of the Constitution of the State of Illinois of 1970. Defendant, VILLAGE OF INVERNESS, ILLINOIS is a body politic and corporate under 55ILCS 5/5-1001.

## BACKGROUND

18.     Plaintiffs are former tenants of Defendant, Gary Motykie, as they leased the Inverness residence, pursuant to a written lease. A copy of the lease is attached and marked Plaintiff's Exhibit "A."

19.     On December 23, 2021, a judge from the Circuit Court of Cook County, Illinois, entered a court order that granted Defendant, Gary Motykie, emergency order of protection and an order of possession of the real property commonly known as 1120 Glencrest Drive, Inverness, County of Cook, Illinois 60010 (hereinafter "Inverness residence").

20.     Since the December 23, 2021, emergency order of protection was entered by a judge in his official capacity and through his official duties as a judge, it is believed that the judge is entitled to absolute immunity and is not named as a Defendant herein.

20.     The emergency order of Protection and order of possession entered on December 23, 2021, was illegally and unlawfully entered and unlawfully executed on January 8, 2022, as Defendants unlawfully agreed that Defendant, Gary Motykie, M.D., was to hire a locksmith, Juan Carlos Ramirez from Danny's

4

Keys, to breach and by-pass the lock on the door of Plaintiffs' Inverness residence and execute the orders with

forced entry and to allow Defendant, Gary Motykie, to take control of all of the Plaintiffs' personal property

located in and around the Plaintiffs' Inverness residence. A copy of the transcript from court on December

23, 2021, is attached and marked Plaintiffs' Exhibit "B."

      21.    At all times relevant, the actions of Defendant, Gary Motykie, to seek exclusive possession

of the Inverness residence when he did not have a right to possession of the Inverness residence which is

proved by paragraph 14 of the lease and thus Gary Motykie's exclusive possession was provided in violation

of 750 ILCS 60/217(a)(3)(ii) and 750 ILCS 60/214(b)(2).

      22.    After Plaintiffs were removed from their Inverness residence, the minor child was also

removed from his hime and not allowed to return Defendant, Gary Motykie, took possession of all of

Plaintiffs' possessions and never advised anyone of JT, the minor child that he knew resided in the Inverness

residence, and has interfered with Plaintiffs' right to possess their possessions as Defendant, Gary Motykie,

has retained all of Plaintiffs' possessions and refuses to return Plaintiffs' possessions to Plaintiffs. The lists

and photographs of personal property that is missing and was taken by Defendant, Gary Motykie, and refused

to be returned are attached and marked Plaintiffs' Group Exhibit "C."

      23.    Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie

Meyerson, unlawfully assisted Defendant, Gary Motykie, and unlawfully engaged in joint activity with

Defendant, Gary Motykie, that allowed them to unlawfully force entry into the Plaintiffs' Inverness residence

and unlawfully allowed Defendants to obtain possession of Inverness residence and unlawfully allowed and

unlawfully assisted Defendant, Gary Motykie, to obtain possession of Plaintiffs' possessions.

      24.    Defendant, Gary Motykie, did not have a key to the Inverness residence as the Inverness

residence was leased by Plaintiffs and possessed solely by Plaintiffs as their primary residence; thus,

Defendants had no right to force entry into the Inverness residence on January 8, 2022, and their forced entry was unlawful and a violation of Plaintiffs' Fourth Amendment right to be free from unlawful searches and seizures.

25.     The ultimate hallmark of a lease is the tenant's exclusive possession of the premises "against all the world, including the owner" and police officers.  Tenants, like all people, enjoy the Fourth Amendment "right . . . to be secure in their . . . houses."  The personal security of tenants is thus threatened when they cannot control their possessions free from unreasonable governmental inference.

26.     On January 8, 2022, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May and Officer Ernie Meyerson, demanded that Plaintiffs leave the Inverness residence immediately and the Plaintiffs were allowed to remove a minuscule amount of their personal property from the Inverness residence and their two dogs, and had to leave all other pets which half were allowed to die as Plaintiffs were not allowed access to the property.  Copies of relevant police reports are attached and marked as Plaintiffs' Exhibit " I."

27.     Thereafter, Defendant, Gary Motykie, intentionally interfered with Plaintiffs' attempts and rights to remove their personal property from the Inverness residence and this intentional interference caused the Plaintiffs to suffer severe hardships as they were forced to live in hotels for nine weeks and to eat restaurant food for nine weeks and had no furniture, no pets, no beds, no art pieces which are extremely valuable, no collectable pieces of property that was owned and possessed by Plaintiffs, no boat keys and batteries, no keys to their many vehicles, etc.

28.     It is well known that the seizure of Plaintiffs' possessory interest in their residence implicates the interests of privacy, security and liberty underlying the Fourth Amendment and all of these interests of Plaintiffs was compromised by the Defendants at bar in this case.

29.     On January 10, 2022, Plaintiffs appeared in court before the judge who entered the temporary order of protection and an order was entered on January 13, 2022, that instructed the parties' attorneys to make arrangements concerning retrieval of Plaintiffs' personal property.  A copy of the January 13, 2022, Order is attached and marked Plaintiffs' Exhibit "D."

30.     Defendant, Gary Motykie, intentionally interfered with Plaintiffs' right to remove their personal property from the Inverness residence and this became a way that Defendant, Gary Motykie, could retaliate against Plaintiffs and unlawfully punish Plaintiffs for complaining about invasion of their privacy.

31.     The orders entered on January 13, 2022, provide in pertinent part:

"Respondents (Plaintiffs at bar) shall be allowed to access and remove Personal property at 1120 Glencrest Drive, Inverness, Illinois 60010. The Respondents (Plaintiffs at bar) shall be accompanied by a member of the Inverness Police Department. The date shall beset to allow for the convenience of all parties involved."

See Plaintiffs' Exhibit "D."

32.     The attorney for Defendant, Gary Motykie, in the order of protection case, demanded the Plaintiffs were to provide an itemized list of their personal property; thus, Plaintiffs provided a 22 page list of personal property that totaled a value of $500,000.00.  A copy of the list of personal property that was provided to Defendant, GaryMotykie, through his attorney, is attached and marked Plaintiffs' Exhibit "E."

33.     Defendant, Gary Motykie, used the list of personal property that was provided by Plaintiffs on January 29, 2022, and Defendant, Gary Motykie, illegally violated the Court's order to allow Plaintiffs to take all of their personal property as Defendant, Gary Motykie, used a highlighter to highlight the items that he decided the Plaintiffs would be allowed to remove from the Inverness residence and which was only a small percentage, 5%, of Plaintiffs' personal property.

7

34.     Upon arrival to retrieve their personal property, Defendant, Gary Motykie, M.D., hired RedHawk Consulting Group, who appeared at the Inverness residence with armed security guards who blocked Plaintiffs from entering or removing any of their personal property from 90% of the 6,000 sq. ft. home and the garage and basement and only allowed Plaintiffs to retrieve some items from their bedrooms and limited items from the kitchen, and, block every other room, including the home office.

35.     The Defendant, Gary Motykie, M.D., agreed that Plaintiffs could remove personal property from the Inverness residence on January 30, 2022; thus, Plaintiffs rented a U-Haul truck and Plaintiffs arrived at the Inverness residence on January 30, 2022, and Plaintiffs were fully ready and fully able to remove their personal property.

36.     When the Plaintiffs arrived at the Inverness residence on January 30, 2022, Defendant, Gary Motykie, hd several security guards present who refused to allow the Plaintiffs to take much of their personal property from the Inverness residence. Plaintiffs were told they had 2 hours and Plaintiffs were allowed to take clothes, but, were not allowed to take furniture, art pieces, movie memorabilia, Ford Shelby Mustang parts, watch collection with 30 or more watches, family heirlooms, coins, jewelry, gold, silver, diamonds, gun collection, computers, most of the kitchen items, their motor vehicles and many other personal properties obtained through Plaintiffs' lifetime.   See Plaintiffs' Exhibit " C" and Exhibit "E."

37.     On March 21, 2022, Defendant, Gary Motykie, sent a moving truck half full to Plaintiffs' current home.  Many of the Plaintiffs' personal property items on the truck and delivered by Defendant, Gary Motykie, were broken, scratched and missing parts. The items delivered were random items.

38.     On March 23, 2022, Defendant, Gary Motykie, sent a POD #1 to Plaintiffs' home.  POD #1 contained only a few items on Plaintiffs' list and the other items, many were broken. The POD #1 contained some of the toys that belonged to Katherine's 8 year old son and two bedroom sets that belonged to Plaintiff,

8

Kevin D. Motykie but, failed to include a bedroom set belonging to Plaintiff, Katherine D. Torbick.

39.     The remaining items were empty boxes, throw away garbage and old furniture belonging to Defendant, Gary Motykie, that was stored in the basement. The majority of the POD #1 content was "literally garbage" that Plaintiffs' placed on the curb to be taken away with municipal garbage.

40.     On April 29, 2022, Defendant, Gary Motykie, M.D., sent a POD #2 to Plaintiffs' home. POD #2 contained sitting room furniture that was destroyed, some workout equipment from the basement, a shelf from one of the 5 safes located in the Inverness residence, broken pieces of Swarovsky Crystal, 10 coins from Katherine's collection with many coins missing, one rare KOI coin in a box and several items of stale food from the pantry.

41.     On May 10, 2022, Plaintiff, Katherine D. Torbick, received 20% of the items she provided on the list and Plaintiff, Kevin D. Motykie, received nothing that he provided on the list.   See Plaintiffs' Exhibit "E."

42.     Thereafter, on July 12, 2025, Plaintiffs appeared in state-court and moved the state court to Compel Defendant, Gary Motykie, M.D., to allow Plaintiffs to remove all of their items of personal property that were present in the Inverness residence or Inverness home on January 8, 2022, when they were unlawfully, forcibly removed from the Inverness residence.   A copy of Motion to Compel that was filed in the state-court by Plaintiffs' is attached and marked Plaintiffs' Exhibit "F."

43.     Defendant, Gary Motykie, responded that the Plaintiffs should file a replevin action to obtain their personal property from Defendant, Gary Motykie, and argued that the Court that decided the issue of the Emergency Order of Protection lacked the appropriate venue and jurisdiction to decide the parties' issues regarding possession of personal property.  A copy of the Response to Plaintiffs' Motion to Compel that Defendant, Gary Motykie, filed in state-court is attached and marked Plaintiffs' Exhibit "G."

9

44.     Plaintiffs provided Defendant, Gary Motykie, M.D., a list of their personal property that was present at the Inverness residence and Plaintiffs provided receipts of purchase for many of their items of personal property.  But, the state-court refused to be involved in the Plaintiffs' personal property and directed Plaintiffs to seek the return of their personal property in another venue or court.

45.     As of the January 8, 2022, removal from their residence at the Inverness residence until the date that this third amended complaint and action was filed, Defendant, Gary Motykie, is still refusing to allow Plaintiffs the return of their personal property.

46.     At all times relevant herein, approximately 80% of Plaintiffs' property is still missing. Defendant, Gary Motykie, failed and refused to act in good faith and failed and refused to allow Plaintiffs to remove their personal property from the Inverness residence and it is believed that Defendant, Gary Motykie, has removed from Inverness residence, many items of Plaintiffs' personal property and refuses to disclose the whereabouts of Plaintiffs' personal property which is unknown by Plaintiffs.

### COUNT I - 42 U.S.C. § 1983
### Fourth Amendment - Unreasonable  Search and Seizure against
### Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,
### OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON and GARY MOTYKIE

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON and GARY MOTYKIE, state as follows:

47.     Each of the foregoing paragraphs 1-46 are incorporated as if restated fully herein.

48.     Forcing entry into a home with a locksmith and excluding the occupant is a search and seizure.

10

49.     Police Officer Defendants and Gary Motykie acted jointly and under color of state law to effect the forced entry into Plaintiffs' Inverness residence and dispossession.

50.     The forced entry by Police Officer Defendants and Gary Motykie lacked a warrant, exigent circumstances, consent, or lawful execution.

51.     The search and seizure were objectively unreasonable and was undertaken intentionally and with willful indifference to all three Plaintiffs' constitutional rights and their constitutionally protect interest in their Inverness residence and violated Plaintiffs' Fourth Amendment, Constitution rights to be free from illegal searches and seizures..

52.     As a proximate result of the above-detailed unlawful and forcible actions of Defendants, Plaintiffs suffered damages.

53.     The Civil Rights Act of 1871, 42 U.S.C. §1983, creates a cause of action to recover damages stemming from the deprivation of rights secured by the Constitution and laws of the United States, and caused by the abuse of a position of authority exercised under color of law.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Gary Motykie, and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT II - U.S.C. § 1983**
**Fourteenth Amendment- Deprivation of Property with out Due Process**
**Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,**
**OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON and GARY MOTYKIE**

11

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY, OFFICER ERNIE MEYERSON, state as follows:

54.     The foregoing paragraphs 1-46 are incorporated as if restated fully herein.

55.     Plaintiffs had liberty interests under the Fourteenth Amendment of the United States Constitution to protect them from the Defendants' abuse of their powers and unduly interfering with Plaintiffs' rights to their property and possessions.

56.     The Civil Rights Act of 1871, 42 U.S.C. §1983, creates a cause of action to recover damages stemming from the deprivation of rights secured by the Constitution and laws of the United States, and caused by the abuse of a position of authority exercised under color of law.

57.     On January 8, 2022, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Gary Motykie, under color of law, deprived Plaintiffs of property without pre- or post-deprivation process.

58.     The actions of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Gary Motykie, violated the Plaintiffs' Fourteenth Amendment Rights of United States Constitution as protected by 42 U.S.C. § 1983.

59.     As a direct and proximate consequence of said conduct of Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer ScottMay, Officer Ernie Meyerson and Gary Motykie, the Plaintiffs suffered damages.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie

Meyerson and Gary Motykie, and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT III**
**42 U.S.C. §1983 – FAILURE TO INTERVENE Against**
**Defendants, OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN,**
**OFFICER SCOTT MAY, and OFFICER ERNIE MEYERSON**

60.     The foregoing paragraphs 1-46 are incorporated as if restated fully herein.

61.     On January 8, 2022, Gary Motykie unsuccessfully attempted to enter Plaintiffs' premises with a key, but was unable to enter.

62.     Thereafter on January 8, 2022, the Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Gary Motykie, had a discussion and after that discussion Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson and Gary Motykie, under color of law, agreed to use a locksmith to unlawfully convince the locksmith to defeat the Plaintiffs' lock on the door of their residence and unlawfully forced entry into the Plaintiffs' Inverness residence.

63.     Defendants' conduct violated the Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures and caused the Plaintiffs' significant damages.

64.     Each Defendant Police Officer had a realistic opportunity to prevent the unlawful entry and lockout by refusing or stopping the locksmith's forced entry.

65.     Each Defendant Police Officer had a duty to intervene but each Defendant Police Officer chose not to intervene and stop the locksmith's unlawful, forced entry into the Plaintiff's residence and

otherwise failed to intervene.

66.     As a direct and proximate result of each Defendant Police Officer's failure to intervene and to stop this wrongful entry into their residence, the Plaintiffs were injured and have suffered significant injuries and the loss of their personal property.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, and award each Plaintiff damages in an amount that exceeds $1 Million for reasonable compensatory damages; award each Plaintiff an amount for punitive damages; award an amount for reasonable attorney's fees pursuant to 42 U.S.C. §1988(b); award an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled under the law.

**COUNT IV - State Law Claim**
**Indemnification- 745 ILCS 10/9-102**
**against, Defendant, Village of Inverness, Illinois**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, VILLAGE OF INVERNESS, state as follows:

67.     The foregoing paragraphs 1-46 are incorporated as if restated fully herein.

68.     At the time of the events described above, Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, Officer Ernie Meyerson, were employed by the Village of Inverness.

69.     Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson, identified above, committed the acts alleged above under color of law and within the scope of their employment as an employee of the Village of Inverness.

14

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter judgment in Plaintiffs' favor against Defendant, Village of Inverness, Illinois, and award an amount of damages that exceeds $1 Million in compensatory damages that were caused by Defendants, Officer Joseph Belmonte, Officer Randy Akin, Officer Scott May, and Officer Ernie Meyerson; an amount for reasonable expenses and costs; and all other appropriate relief to which Plaintiffs are entitled to recover under the law.

**COUNT V - State Law Claim**
**Intentional Inflection of Emotional Distress**
**against, Defendant, Gary Motykie, M.D.**

Count V was dismissed.

**COUNT VI - State Law Claim Conversion**
**against, Defendant, Gary Motykie, M.D.**

Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and KATHERINE TORBICK, as natural mother and next friend of JT, a minor, by and through their attorney, JAMES J. MACCHITELLI, and complaining of the Defendant, GARY MOTYKIE, M.D., state as follows:

70.     The foregoing paragraphs 1-46 are incorporated as if restated fully herein.

71.     On January 8, 2022, Defendant, Gary Motykie,  assumed control of the Plaintiffs' personal property and belongings including but not limited to money, antique handguns, furniture, family photos, family heirlooms, household goods, clothing, and personal momentums that can never be replaced unless they are returned by Defendant, Gary Motykie, and 1967 Ford T-5 Mustang that is owned by Plaintiff, Kevin Motykie.  See Plaintiffs' Exhibit " C" and Exhibit "E" and Exhibit "G."

72.     All of the Plaintiffs had the right to control and retain possession of their personal property and their personal belongings.

73.     Defendant's, Gary Motykie's, assumption and control over all of the Plaintiffs' possessions and personal property was illegal, unlawful and unauthorized and Defendant, Gary Motykie, refuses to return 80% of the Plaintiffs' personal property which would include all of the furniture that was located in the Inverness residence and the property sought to be returned to Plaintiffs is itemized on the lists that were provided to Defendant, Gary Motykie, and were listed in meaningful detail or photographed and are attached and marked Plaintiffs' Exhibit " C" and Exhibit "E" and Exhibit "G."

74.     All of the Plaintiffs have provided Defendant, Gary Motykie, with lists and receipts that described and identified items of personal property and further described where the items were located in the Inverness residence and garage and provided photographs that show many of the items and Plaintiffs demanded that all of their personal property and personal belongings be returned and the trial judge in the state-court case entered a few successive orders that the personal property and personal belongings of all Plaintiffs be returned to Plaintiffs, but, Defendant, Gary Motykie, has unlawfully refused and continues to unlawfully refuse to return the personal property and personal belongings of all of the Plaintiffs.

75.     On January 13, 2022, the trial judge entered an order directing Defendant, Gary Motykie, to set up a mutually convenient time for Plaintiffs to retrieve their personal property and Defendant, Gary Motykie, interfered with the Plaintiffs' right and court order to get their personal property from the Inverness residence.  See Plaintiffs' Exhibit "D."

76.     To date, the Plaintiffs have not recovered approximately 80% of their personal property that was wrongfully taken by Defendant, Gary Motykie, (see Plaintiffs' Exhibit " C" and Exhibit "E"), and, the misconduct described in the state-court was objectively unreasonable and was undertaken intentionally with willful and calculated interference to the Plaintiffs' rights.

77.     As a direct and proximate result of the above-detailed actions of Defendant, Gary Motykie, the Plaintiffs have suffered damages, and continue to suffer damages, including emotional anxiety, emotional distress, fear, pain and suffering, and monetary loss and expense as well as and from the loss of all of their personal property and personal belonging.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and  KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)      Damages in an amount that exceeds $1 Million;

b)      Punitive damages;

c)      Court costs;

d)      An amount of reasonable attorney's fees; and

e)      Such further relief as this Court deems just and proper.

**COUNT VII - State Law Claim**
**Wrongful Eviction/Trespass**
**against, Defendant, Gary Motykie, M.D.**

Count VII was dismissed.

**COUNT VIII - State Law Claim**
**Conspiracy against, Defendant, Gary Motykie, M.D.**
**and Defendant, Joseph G. Howard**

Count VIII was dismissed.

**COUNT IX**
**VIOLATION OF COVENANT OF QUIET ENJOYMENT**

Count IX was dismissed.

17

**COUNT X - ABUSE OF PROCESS**
**against, Defendant, Gary Motykie, M.D.**
**and Defendant, Joseph G. Howard**

Count X was dismissed.

**COUNT XI - BREACH OF BAILMENT**
**against Defendant, GARY MOTYKIE, M.D.**

78.     The foregoing Paragraphs 1-46 are incorporated as if restated fully herein.

79.     On January 8, 2022, when Plaintiffs were removed from their Inverness residence, and the Inverness police officers executed the order of possession and provided Defendant, Gary Motykie, with sole possession of the Plaintiffs' Inverness residence, a constructive or an implied bailment was created whereby Defendant, Gary Motykie, had sole possession of all of the Plaintiffs' personal property in and around the Inverness residence and its garage.

80.     All of the Plaintiffs' personal property in and around the Inverness residence was in very good and operable condition when it was transferred to the possession of Defendant, Gary Motykie, M.D.

81.     Some the Plaintiffs' personal property was returned to the Plaintiffs in damaged or destroyed condition and 80% of the Plaintiffs' personal property was not returned and Defendant, Gary Motykie, has unlawfully refused to return to Plaintiffs 80% of their personal property.  Lists of the Plaintiffs' missing property is provided in Plaintiffs' Group Exhibit "H."

82.     By taking possession and control of Plaintiffs' personal property, Defendant, Gary Motykie, M.D., created a bailment for the benefit of the Plaintiffs as the bailor.

83.     As the bailee of Plaintiffs' personal property, Defendant, Gary Motykie, owed a duty to exercise reasonable care to safeguard the items and to return them upon a reasonable request.

84.     On or about January 13, 2022, the Plaintiffs were in state-court and they requested their personal property from Defendant, Gary Motykie, and numerous times after January 13, 2022, Plaintiffs' requested that Defendant, Gary Motykie, return their personal property and Plaintiffs have arranged times to retrieve their personal property from the Inverness residence, have been present at the property several times in 2022 to retrieve their personal property from the Inverness residence, but, Defendant, Gary Motykie, has interfered and refused to allow Plaintiffs to retrieve their personal property.

85.     Defendant, Gary Motykie, failed to return all of the personal property to the Plaintiffs. Furthermore, upon a subsequent inquiry by the mother of Gary and Kevin, Defendant, Gary Motykie, has stated that he has returned all of Plaintiffs' personal property which are listed in Exhibit " H."  A listing of Plaintiffs' missing personal items are attached and marked Plaintiffs' Exhibit " H."

86.     Defendant, Gary Motykie, breached his duty as a bailee by failing to exercise reasonable care and by failing to return Plaintiffs' personal property.

87.     As a direct and proximate result of the Defendant's breach of bailment, Plaintiffs have suffered damages in the amount of the value of the lost or damaged property which is an amount in excess of $500,000.00.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and  KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)      Damages in an amount that exceeds $500,000.00;

b)      Punitive damages;

c)      Court costs;

d)      An amount of reasonable attorney's fees; and

e)      Such further relief as this Court deems just and proper.

## COUNT XII - BREACH OF BAILMENT
## against Defendant, GARY MOTYKIE, M.D.

88.      The foregoing Paragraphs 1-46 are incorporated as if restated fully herein.

89.      On January 8, 2022, when Plaintiffs were removed from their Inverness residence, and the Inverness police officers executed the order of possession and provided Defendant, Gary Motykie, with sole possession of the Plaintiffs' Inverness residence, a constructive or an implied bailment was created whereby Defendant, Gary Motykie, had sole possession of all of the Plaintiffs' personal property in and around the Inverness residence and its garage.

90.      At all times in January of 2022, Plaintiffs owned five safes that were full of personal items, jewelry, personal documents, and many other items.

91.      On or about January 30, 2022, Defendant, Gary Motykie, filed a cause of action against Plaintiff, Kevin D. Motykie, which is known as case number 2022 CH 00848 - Cook County, Illinois.

92.      On February 3, 2022, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Declaration that alleged that there are safes located at the Inverness Property that possesses cash and other items that Kevin D. Motykie claims are his and which asked for entry of emergency order granting the following relief:

(a)      A Temporary Restraining Order, without bond, restraining Defendant from selling, transporting or otherwise disposing of the three vintage Shelby Mustangs and GTOs ("Vehicles") identified in the Verified Complaint;

(b)      A Temporary Restraining Order, without bond, restraining Defendant from accessing the Safes, or in the alternative, an Order of Prejudgment Attachment pursuant to 735 ILCS 5/4-101 to place the cash and other valuables held in the Safes in the custody of the Court until such time as a

determination is made as to the rightful owner of the property; and

(c)    An Order providing for expedited discovery and a hearing date on Plaintiff's Motion for

Preliminary Injunction.

93.    On April 4-5, 2023, a hearing was held for issuance of an injunction and GARY MOTYKIE,

on May 10, 2023, an injunction over the safes and vehicles (three Shelby Mustangs and two GTOs) was entered

and on November 25, 2023, the safes that could be opened easily were opened and their contents were

inventoried.

94.    The inventories of the safes was video taped and were never disclosed to Plaintiffs and their

attorney, nor were any inventories filed with the clerk of the Circuit Court, but, those inventories remain in

Defendant's possession or his attorney's possession.

95.    A six day trial followed on non-consecutive dates such as December 19, 21, and 22, 2023, and

on March 26, 27, and 28, 2024, and findings of fact and conclusions of law was filed on August 29, 2024, and a

judgment was entered on September 9, 2024.

96.    The judgment ordered that the injunction was to expire on September 14, 2024, at 10:00 am and

the contents of the safes were to be distributed (to Kevin D. Motykie).

97.    On September 14, 2024, when Kevin D. Motykie took possession of the five safes, however,

items and personal property that were present during the inventories were not present on September 14, 2024, and,

have never been recovered or received from Defendant, Gary Motykie, ever.

98.    And there were additional items in the safes that were never seen prior. Lastly, there were

numerous items that were present in the safes when Plaintiff took possession that remain missing.

99.    One of the safes was opened by a locksmith with Defendant's agent -KAI JOY present and the

safe possessed a boat battery which was not present during the inventories.

21

100. Several jewelry items that were present during the inventories were no longer present and there were several high end Rolex watches missing as their boxes were in the safes but empty and two guns, numerous coins, rare $100 bills, envelope with $2,300.00 that were all present during inventories but were not present on September 14, 2024.

101. All of the Plaintiffs' personal property in the five safes was in very good and operable condition when it was transferred to the possession of Defendant, Gary Motykie, via temporary restraining order entered on February 9, 2022.

102. Some the Plaintiffs' personal property was returned to the Plaintiffs in damaged or destroyed condition and 75% of the Plaintiffs' personal property that was in the five safes was not returned and Defendant, Gary Motykie, has unlawfully refused to return to Plaintiffs 75% of their personal property that was located in the five safes such as $50,000.00, wills and trusts, and other personal items. Plaintiffs shall seek to recover the videos of the inventories and the written inventories that were created.

103. By taking possession and control of Plaintiffs' personal property in the five safes, Defendant, Gary Motykie, created a bailment for the benefit of the Plaintiffs as the bailor.

104. As the bailee of Plaintiffs' personal property in the five safes, Defendant, Gary Motykie, owed a duty to exercise reasonable care to safeguard the items and to return them upon a reasonable request.

105. The state court judge ordered that the five safes and their contents must be returned to Kevin D. Motykie on September 14, 2024 and, on September 14, 2024, the five safes were returned to Kevin D. Motykie, and his receipt of the five safes was video-taped and the opening of the safes was also video-taped and the safes possessed none of Plaintiffs' valuable personal property that was stored in the safes.

106. Thereafter Plaintiffs' requested that Defendant, Gary Motykie, return their personal property that were in the five safes numerous times, but, Defendant, Gary Motykie, refuses to return the Plaintiffs'

personal property that was in the five safes when Defendant, Gary Motykie, took sole control of the five safes.

107.    Defendant, Gary Motykie, has interfered and refused to allow Plaintiffs to retrieve their personal property that was in the five safes.

108.    Defendant, Gary Motykie, failed to return all of the personal property that was in the five safes to the Plaintiffs.  Furthermore, upon a subsequent inquiry by the mother of Gary and Kevin, Defendant, Gary Motykie, has stated that he has returned all of Plaintiffs' personal property in the five safes.

109.    Defendant, Gary Motykie, breached his duty as a bailee by failing to exercise reasonable care and by failing to return Plaintiffs' personal property that was in the five safes when he took sole possession the five safes.

110.    As a direct and proximate result of the Defendant's breach of bailment, Plaintiffs have suffered damages in the amount of the value of the lost or damaged property which is an amount in excess of $500,000.00.

WHEREFORE, the Plaintiffs, KEVIN MOTYKIE, KATHERINE TORBICK, and  KATHERINE TORBICK, as natural mother and next friend of JT, a minor, pray that judgment be entered in their favor and against Defendant, GARY MOTYKIE, M.D., and award each Plaintiff:

a)      Damages in an amount that exceeds $500,000.00;

b)      Punitive damages;

c)      Court costs;

d)      An amount of reasonable attorney's fees; and

e)      Such further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Respectfully submitted,

*James J. Macchitelli*

James J. Macchitelli
Attorney for Plaintiffs

James J. Macchitelli (IL Atty # 6208773)
(Jimmymacclaw@gmail.com)
Attorney for Plaintiffs
1900 East Golf Road, Suite 950
Schaumburg, Illinois 60173
Telephone: (847) 414-4532
Facsimile: (847) 890-6457