# PLAINTIFFS' EXHIBIT "F"



Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 03

STATE OF ILLINOIS      )
                          )  SS
COUNTY OF C O O K      )

FILED
7/1/2022 7:31 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP31014
Calendar, 03
18530530

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT - THIRD DISTRICT**

GARY MOTYKIE,                     )
                              )
          Petitioner,              )
                              )
     v.                            )   Case No.: 2021 OP 31014
                              )
KATHERINE TORBICK,          )         **2021OP31014**
                              )
          Respondent.            )

## MOTION TO COMPEL

Respondent, KATHERINE TORBICK, by and through her attorney, James J. Macchitelli, respectfully moves this Honorable Court to compel Petitioner, GARY MOTYKIE, to return Respondent's personal property and in support of her motion, Respondent states as follows:

1.       On December 23, 2021, Petitioner filed an action for Order of Protection against Katherine Torbick, Kevin Motykie and Christopher Bono. Emergency Orders of Protection were issued against all three as Respondents and all three Respondents were removed from the property that served as the Respondents' primary residence which is commonly known as 1120 Glencrest Drive, Inverness, Illinois 60010. A copy of the Emergency Order of Protection that was entered against Respondent, Katherine Torbick, is attached and marked Respondent's Exhibit "A."

2.       Through the Emergency Orders of Protection that were issued on December 23, 2021, Petitioner, Gary Motykie, was granted exclusive possession of the residence commonly known as 1120 Glencrest Drive, Inverness, Illinois 60010. The Emergency Order of Protection provided: "Petitioner (Gary Matykie) has a right to occupy the residence and Respondent has no right." See Page 2 of Exhibit "A."

3.       On January 8, 2022, Inverness Police Officer served on Respondent a Short Form Notice of "No Contact Order" and Respondent was ordered to leave the residence commonly known as 1120 Glencrest Drive, Inverness, Illinois 60010 (hereafter referred to "Inverness Property"). A copy of the Short Form Notice is attached and marked Respondent's Exhibit "B."

4. Respondent was allowed to gather a few necessities and was told to leave her primary residence within 15 minutes or so.

5. On January 13, 2022, Respondent appeared in court and an order was entered. A copy of the January 13, 2022, Order is attached and marked Respondent's Exhibit " C."

6. The order entered on January 13, 2022, provides in pertinent part:

"Respondent, Katherine Torbick, shall be allowed to access and remove Personal property at 1120 Glencrest Drive, Inverness, Illinois 60010. The Respondent shall be accompanied by a member of the Inverness Police Department. The date shall be set to allow for the convenience of all parties involved."

7. Petitioner's attorney, Joseph Howard, demanded the Respondents were to provide a list of their personal property which the Respondents provided. A copy of the list of personal property that was provided to Petitioner's attorney is attached and marked Respondent's Exhibit "D."

8. Petitioner used the list that was provided by the Respondent and on January 29, 2022, Petitioner highlighted the items that he would allow the Respondents to take or remove from Inverness Property and which was only a small percentage of their personal property.

9. Petitioner intentionally interfered with Respondents' attempts and rights to remove their personal property from the Inverness Property. This interference caused the Respondents to suffer severe hardships as they had no furniture, no beds, no art pieces which are extremely valuable, no collectable pieces of property that was owned and possessed by Respondent, Katherine Torbick, no boat keys and batteries, no keys to their many vehicles, etc. The Respondents lived out of hotels for the first month.

10. Petitioner intentionally interfered with Respondents' right to remove their personal property from the Inverness Property and this became a way that Petitioner could unlawfully punish Respondents and Petitioner's actions were a violation of the Court's order entered on January 30, 2022, as the Petitioner did not act in good faith to allow Respondents to remove their personal property from the Inverness Property and this interference is sanctionable misconduct.

Plaintiffs' Exhibit "F"  003 of 22

11.      Unfortunately, Petitioner continued to act in bad faith and continued to interfere with Respondents' rights to obtain their personal property from the Inverness Property. In fact, Petitioner took it upon himself to damage most of Respondents' personal property and to send to the Respondents

12.      The parties agreed that Respondents could remove personal property from the Inverness Property on January 30, 2022; thus, Respondents rented a Uhaul truck and Respondents arrived at the Inverness Property on January 30, 2022, fully able to remove their personal property.

13.      When the Respondents arrived, Petitioner had several security guards present who refused to allow the Respondents to take much of their personal property from the Inverness Property. Respondents were told they had 2 hours and Respondents allowed to take clothes, but, were not allowed to take furniture, art pieces, most of the kitchen items. Security guards refused to allow Respondent, Kevin Motykie, to take his motor vehicles.

14.      Petitioner intentionally interfered with Respondent's right to take their personal property and decided to inconvenience the Respondents and told Respondents that another date would need to be set to allow Respondent's to take their personal property.

15.      The parties set February 26, 2022, but that date was cancelled by Petitioner and re-set to March 5, 2022, but March 5, 2022, was cancelled and on March 21, 2022, Petitioner sent a moving truck half full to Respondent's current home. Many of the items on the truck were broken, scratched and missing parts to what was delivered. The items delivered were random items.

16.      On March 23, 2022, Petitioner sent a POD #1 to Respondent's home. POD #1 contained only a few items on Respondent's list and the other items , many were broken. The POD contained some of the toys that belonged to Katherine's 8 year old son and two bedroom sets that were not the Respondent's bedroom sets.

17.      On April 29, 2022, Petitioner sent a POD #2 to Respondent's home. POD #2 contained sitting room furniture that was destroyed, some workout equipment from the basement, a shelf from one of the safes, broken pieces of Swarovsky Crystal, 10 coins from Katherine's

3

collection with many coins missing, one rare KOI coin in a box and several items of stale food from the pantry.

18.     The parties set May 3, 2022, as the next date for Respondents to take property from the Inverness Property, but, because of heavy rain, the parties cancelled May 3, 2022, and re-set the moving date for May 10, 2022, at which time Katherine received 20% of the items she provided on the list and Kevin received nothing that he provided on the list.

19.     Respondents move this Honorable Court to Compel Petitioner to allow them to remove all of there items of personal property that were present at the Inverness home on January 8, 2022, when they were forcibly removed from the Inverness Property.

20.     Respondents have provided a list of their personal property that was present at the Inverness Property and Respondents have provided receipts of purchase for many of their items of personal property.  To ensure Petitioner's cooperation and good faith, Respondents ask this court to set daily fines or penalties for every item that Petitioner refuses to allow Respondents to take or remove from the Inverness Property. Respondents possesses photographs that show the personal property that they possessed, the property that was damaged and the property that is missing.

WHEREFORE, Respondents, KATHERINE TORBICK and KEVIN MOTYKIE , respectfully requests this Court enter an order compelling Petitioner, GARY MOTYKIE, to allow Respondents to remove all of their personal property that was present in the Inverness Property on January 8, 2022, and award daily monetary penalties for every day that Petitioner does not comply with this Court's order and further grant any additional relief this Court deems fair and equitable.

Respectfully submitted,

/s/ James J. Macchitelli

James J. Macchitelli

Attorney No.: 29491
James J. Macchitelli
(Jimmymacclaw@gmail.com)
Attorney for Respondent - Katherine Torbick
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
(847) 414-4532
(312) 927-5833 [Direct Line]

4

# RESPONDENT'S

# EXHIBIT "A"

Plaintiffs' Exhibit "F"  006  of  22

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | EMERGENCY ORDER OF PROTECTION | 21 OP-31014 |
|---|---|---|---|
| Cook          COUNTY | | | Case Number |

Civil Proceeding ☐   Emergency ☑
Criminal Proceeding ☐   Ex parte ☐

| Instructions ▾ | | For Court Use Only |
|---|---|---|
| Directly above, enter the county where you filed this case. | **Petitioner:** Dr. Gary Motykie _____<br>*(First, middle, last name)* | |
| Enter your name as Petitioner. | **v.** | ☐ Independent<br>☐ Juvenile |
| Enter name of the person you are seeking protection from as Respondent. | **Respondent:** Katherine Torbick _____<br>*(First, middle, last name)* | ☐ Other Civil Proceeding<br>☐ Criminal<br>This *Order* has been granted |
| Enter the Case Number given by the Circuit Clerk. | **People to be Protected by this *Order*** *(check all that apply):*<br>Petitioner refers to any protected person in this *Order*. | Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A |
| Check the boxes for ALL people you want to include in the *Order*. | ☑ Petitioner<br>☐ Petitioner's minor children with Respondent: _____ | |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent: _____<br><br>☐ Dependent adult: _____<br>☐ High-risk adult: _____<br>☐ Other household members: _____ | |

**"Petitioner" Includes All Persons Named Above As "People to Be Protected By This Order."**

**ORDER INFORMATION:**

☑ This *Order* was issued on:  12/23/2021  at  10:20 am·
  _____ Date _____ Time

☑ Civil Order: this *Order* will end on:  1/13/22  at  11:59 pm·
  _____ Date _____ Time

☐ Criminal Order: this *Order* will be in effect until the hearing on a final protective *Order*.

*ENTERED*
*Judge Joel L. Greenblatt - 1891*
*DEC 23 2021*
*IRIS Y. MARTINEZ*
*CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL*

**NEXT HEARING:** There will be a hearing on:  1/13/22  at  1:30 pm·
  _____ Date _____ Time

at  2121 EUCLID, ROLLING MEADOWS IL  in  107
  Address of Courthouse _____ Courtroom

**Respondent:**   A *Plenary* (long-term) *Order of Protection* may be entered if you do not come to this hearing.

OP-E 404.3                          Page 1 of 12                          (08/21)

Plaintiffs' Exhibit "F"  007  of  22

Enter the Case Number given by the Circuit Clerk: __210P-31014__

| NOTE: | If you are completing this form for a minor child, a dependent adult, or a high-risk adult, insert information needed below as if you were that person. In other words, do not use your information. |
|---|---|

**1. Petitioner's** ☑ **address OR** ☐ **alternative address for notice**

1120 Glencrest Drive, Inverness, IL 60010
_____
*Street Address, Apt. #*         *City*        *State*    *ZIP*

_____
*Email*

**2. Respondent's date of birth** *(if known):* _____    **Sex:** F _____    **Race:** _____

**3. Respondent's address** *(if known):*

1120 Glencrest Drive, Inverness, IL 60010
_____
*Street Address, Apt. #*         *City*        *State*    *ZIP*

_____
*Respondent's Employer*                *Respondent's work hours*

_____
*Respondent's Employer-Street Address*      *City*        *State*    *ZIP*

**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings which:**

☑ Are stated on page 9 and 10 of this *Order;* OR

☒ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order.*

**THE COURT ORDERS THAT YOU OBEY ALL SECTIONS SELECTED BELOW:**

***"Petitioner" Includes All Persons Named Above As "People to Be Protected by This Order."***

☑ **1.**    **No Abuse**                                      **(R01) (Police Enforced)**

Respondent shall not threaten or commit the following acts of abuse toward Petitioner *(check all that apply):*

☑ Harassment                         ☐ Intimidation of a Dependent

☑ Physical Abuse                   ☐ Exploitation of a High-Risk Adult with Disabilities

☐ Stalking                              ☐ Neglect of a High-Risk Adult with Disabilities

☐ Willful Deprivation                ☑ Interference with Personal Liberty

☑ **2.**    **Possession of Residence**                          **(R02) (Police Enforced)**

These remedies do not affect who owns the property, only who gets to use or occupy

☑ Petitioner is granted exclusive possession of the residence and Respondent is ordered not to stay or be at the residence

    ☑ Petitioner's residence is located at:

      1120 Glencrest Drive, Inverness, IL 60010
      _____
      *Street Address, Apt. #*        *City*        *State*    *ZIP*

    OR

    ☐ Petitioner's address is undisclosed.

    BECAUSE *(check one):*

    ☑ Petitioner has a right to occupy the residence and Respondent has no right; OR

    ☐ Petitioner and Respondent both have the right to occupy the residence, but it would be harder on the Petitioner to leave after considering the factors set forth in <u>750 ILCS 60/214(b)(2)(B)</u>.

Provision of alternate housing. **Not available in an Emergency Order.**

Plaintiffs' Exhibit "F"   008   of 22

Enter the Case Number given by the Circuit Clerk: 210P-31014

☑ **3.** **Stay Away from Petitioner and Certain Places** (R03) (Police Enforced)

    ☑ Respondent shall not have any communication with Petitioner

    ☑ Respondent shall stay away from Petitioner at all times

    ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| Respondent: | If any protections are granted under Section 3, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. If ordered to not communicate with Petitioner, communication includes oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. This also includes contact or communication through others who may not know about the *Order of Protection.* |
|---|---|

☑ Respondent shall not be at or stay at any of these places while Petitioner is there:

    ☑ Places of employment of Petitioner, located at:

    Motykie Med Spa, 320 E. Main St., Barrington, IL 60010

| *Name* | *Street Address* | *City* | *State* | *ZIP* |
|---|---|---|---|---|
| | | | | |

| *Name* | *Street Address* | *City* | *State* | *ZIP* |
|---|---|---|---|---|

    ☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| *Name* | *Street Address* | *City* | *State* | *ZIP* |
|---|---|---|---|---|
| | | | | |

| *Name* | *Street Address* | *City* | *State* | *ZIP* |
|---|---|---|---|---|

        ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Childcare Provider* form.

    ☐ Other locations:

| *Name* | *Street Address* | *City* | *State* | *ZIP* |
|---|---|---|---|---|
| | | | | |

| *Name* | *Street Address* | *City* | *State* | *ZIP* |
|---|---|---|---|---|

☒ Respondent shall have the right to enter the residence listed in Section **2** <u>only one time</u> to retrieve the property listed in Section **10** of this Order, but only in the presence of:

    ☒ law enforcement   **OR**   ☐ another person: _____

                                                  *Name of Person*

☐ School Restrictions

_____ is an elementary, middle, or high school
*Name of School*                                    attended by both Respondent and Petitioner.

After considering the factors in <u>750 ILCS 60/214(b)(3)(B)</u>:

    ☐ Respondent shall not attend this school for as long as Petitioner is enrolled there;

    ☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

    ☐ Respondent shall follow these restrictions on movement within the school: _____

☐ Requirements for Parents and Guardians

Respondent is a minor. To ensure that Respondent follows this *Order,* _____

                                                           *Name of Parent or Guardian*

shall do the following: _____

**4.** **Counseling. Not available in an Emergency Order.**

Plaintiffs' Exhibit "F"  009 of 22

**210P-31014**

Enter the Case Number given by the Circuit Clerk: _____

☐ **5.** **Care and Possession of Children** **(R05) Police/Court Enforced**

| **Law Enforcement:** | The provisions of this section are Police Enforced **IF** Respondent is ordered *(see page 3, R03)* to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of these minor children:

| Child's Name *(first, middle, last)* | Age | State of Residence | Included as Protected Person? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ Parentage of the Children:

    ☐ The parties are NOT married and parentage HAS NOT been established.

    OR

    ☐ Parentage HAS been established because *(check one):*

        ☐ The children of the parties were born before or during the marriage of the parties, or within 300 days of termination of the marriage.

        ☐ The parties are NOT married but parentage has been established by one or more of the following:

            1. Both parties have signed a Voluntary Acknowledgment of Paternity (VAP) *(if both parties' names are on the birth certificate, both parties signed the VAP).*

            2. A court or administrative order.

            3. Other: _____

            _____

            _____

☐ The primary caretaker of the minor children is:    ☐ Petitioner    ☐ Respondent    ☐ Other person:

_____
*Name*      *Street Address, Apt. #*      *City*      *State*   *ZIP*

☐ Petitioner is granted the physical care and possession of the minor children.

☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

    ☐ Petitioner    ☐ Other Person: _____
                                *Name of Other Person*

☐ Respondent shall return the children to: _____
                                       *Street Address, Apt. #*    *City*    *State*   *ZIP*

    ☐ on   ☐ by: _____ at _____ in the presence of:
                   *Date*          *Time*

    _____
    *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school or childcare provider. The name of the school or provider is: _____

☐ **Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:**

OP-E 404.3            Page 4 of 12            (08/21)

Plaintiffs' Exhibit "F" 010 of 22

Enter the Case Number given by the Circuit Clerk: 210P-31014

| Name | Street Address | City | State | ZIP |
|------|----------------|------|-------|-----|

| Name | Street Address | City | State | ZIP |
|------|----------------|------|-------|-----|

☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Childcare Provider* form.

**6. Temporary Significant Decision-Making Responsibility.** Not available in an Emergency Order.

☐ **7. Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**  (R07) (Court Enforced)
Parenting time is:

☐ GRANTED for the Respondent *(without restrictions as listed below.)*
☐ RESERVED until a later hearing *(The Court will not make ANY decision on parenting time right now).*
☐ DENIED *(No visits at all.)*
☐ RESTRICTED *(Visits with limits as listed below.)*

*If parenting time is DENIED or RESTRICTED, check the reasons below:*
Respondent is likely to *(check all that apply)*:
☐ Abuse or endanger the children during parenting time.
☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
☐ Improperly hide or detain the children.
☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED or RESTRICTED as follows *(check the box that applies)*:
☐ See attached parenting time schedule; OR
☐ The parenting time schedule is *(check all that apply, include a.m. or p.m.)*:

☐ Every _____ from _____ to _____
   *Weekdays*                           *Time*        *Time*

☐ Each weekend      OR      ☐ Every other weekend as follows: *(include a.m. or p.m.)*
   ☐ from Friday at _____ to Saturday at _____
   ☐ from Friday at _____ to Sunday at _____
   ☐ from Saturday at _____ to Saturday at _____
   ☐ from Saturday at _____ to Sunday at _____
   ☐ from Sunday at _____ to Sunday at _____

☐ Parenting time is to begin on: _____
   *Date*

☐ Holidays: _____

| | From: | To: |
|---|-------|-----|
| | *Time* | *Time* |

☐ The person responsible for transportation of the children for parenting time is:

_____
*Name*

☐ Pickup for parenting time to take place at:

_____
*Name of place (if any)*      *Street Address*      *City*      *State*

☐ Return from parenting time to take place at:

_____
*Name of place (if any)*      *Street Address*      *City*      *State*

☐ Parenting time will take place at:

Plaintiffs' Exhibit "F"  011  of 22

Enter the Case Number given by the Circuit Clerk: 210P-31014

| Name of place (if any) | Street Address | City | State |
|---|---|---|---|

☐ Parenting time will be supervised by: _____ who has filed or will file an

*Name of Supervisor*

*Affidavit of Parenting Time Supervisor* form with the court accepting responsibility and acknowledging accountability.

☐ Parenting time will be supervised at an official supervised visitation center *(if available)*.

_____
*Name of visitation center*

☐ Respondent to return the children to Petitioner or the person designated by Petitioner immediately at the end of parenting time.

| **Respondent:** | Petitioner may, by law, deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **8.** **No Concealment or Removal of Children** **(R08) (Police Enforced)**

Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **9.** **Order to Appear** **(R09) (Court Enforced)**

Respondent shall appear ☐ alone ☐ with minor children at: _____

_____ in Courtroom _____ on _____ at _____

*Address of Courthouse*                                                          *Date*            *Time*

to *(check all that apply)*:

☐ Prevent abuse, neglect, removal or concealment of the children.

☐ Return the children to the custody or care of Petitioner.

☐ Permit a court-ordered interview or examination of the children or Respondent.

☐ **10.** **Possession of Personal Property** *(does not affect ownership of property)* **(R10) (Court Enforced)**

☐ Petitioner is awarded possession of the following personal property: _____

_____

_____

_____

☐ Respondent shall return ☐ all of the property ☐ the following property: _____

_____

_____

_____ to _____

*Name of Person*

The Court finds as follows:

☐ Petitioner, but not Respondent, owns the property; OR

☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner. OR

☐ Petitioner claims the property as marital property, and a divorce case has been filed;

☐ Respondent is awarded possession of the following personal property: ☐ clothing ☐ medicine

☐ other personal property as follows: _____

_____

_____

OP-E 404.3                          Page 6 of 12                          (08/21)

Plaintiffs' Exhibit "F"  012  of 22

Enter the Case Number given by the Circuit Clerk: **21OP-31014**

☐ Personal property shall be transferred at: _____

                                    *Street Address*                  *City*        *State*   *ZIP*

on _____ at _____
      *Date*          *Time*

☐ Personal property shall be transferred only in the presence of:

    ☐ Another person: _____ ; OR
                 *Name*

    ☐ Law enforcement: _____
                  *Name of Law Enforcement agency*

        ☐ Petitioner      ☐ Respondent   will request the date of transfer from law enforcement.

☐ **11. Restrictions on Property**                **(R11) (Court Enforced)**

    ☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE *(check one)*:

        ☐ Petitioner, but not Respondent, owns the property.

        ☐ Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.

        ☐ Petitioner claims the property as marital property, and a divorce case has been filed.

    ☐ Restrictions on Resources of an Elderly Petitioner

    Respondent is prohibited from improperly using financial or other resources of an elderly Petitioner for the benefit of Respondent or any other person.

☐ **11.5 Possession of Animals**                **(R11.5) (Court Enforced)**

    Petitioner shall have care, custody, and control over the following animals: _____

    _____

    Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

**12. Temporary Support. Not available in an Emergency Order.**

**13. Payment for Losses because of Abuse. Not available in an Emergency Order.**

☐ **14. No Entry or Presence Under Influence**           **(R14) (Police Enforced)**

    Respondent is allowed at the Petitioner's residence, but cannot be or stay there while under the influence of drugs or alcohol. This would be a threat to the safety or of Petitioner or Petitioner's children.

☐ **14.5 Firearms** *(available **ONLY after** actual notice to Respondent and/or a hearing with the judge)*      **(R14.5) (Police Enforced)**

    The Court has examined Petitioner and any other witnesses under oath. The Court finds that:

    ☐ Respondent is a current or former intimate partner of the Petitioner and represents a threat to the physical safety of Petitioner or Petitioner's child.

    ☐ Respondent has received actual notice to appear in court and has had an opportunity to participate.

    ☐ This *Order* restrains Respondent from abusing, stalking, or threatening their intimate partner or children of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

        ☐ Respondent represents a credible threat to the physical safety of Petitioner or Petitioner's child.

        ☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Petitioner or their children that could reasonably be expected to cause bodily injury.

Plaintiffs' Exhibit "F"  013 of 22

Enter the Case Number given by the Circuit Clerk: 210P-31014

| Respondent: | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |
|---|---|

**Therefore:**

☐ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: _____
*Name of Law Enforcement Agency*

☐ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **15. Children's Records** **(R15) (Court Enforced)**

Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.
☐ The actual address of Petitioner is not included due to the risk of further abuse.
☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

**16. Shelter Reimbursement. Not available in an Emergency Order.**

☐ **17. Miscellaneous Remedies** **(R17) (Court Enforced)**

☐ Respondent is further ordered as follows: _____

_____

_____

_____

_____

☐ **18. Telephone Services** **(R18) (Court Enforced)**

☐ A wireless telephone provider provides service for Respondent and Petitioner *(account details below)*:
Name of Provider: _____
Name of Account Holder: _____
Billing Phone #: _____
Petitioner Phone #'s: _____
Petitioner Phone #'s: _____

☐ After considering the evidence, the wireless telephone service provider shall terminate Respondent's use Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

| Petitioner: | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |
|---|---|

☐ **RULINGS PURSUANT TO 750 ILCS60/221(a)(2) and (b)(2)**

☐ The relief requested in Sections: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ Other _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to

Plaintiffs' Exhibit "F" 014 of 22

**2IOP-31014**

Enter the Case Number given by the Circuit Clerk: _____

Petitioner from the denial of the remedy; OR _____

_____

_____

☐ The relief requested in Sections: _____
in the *Petition* is RESERVED.

The findings indicated below are hereby incorporated into this *Order*.

**ENTERED:** _Joel L. Greenblatt_ _____     Date _____

Judge

**ENTERED**
Judge Joel L. Greenblatt - 1881

**DEC 23 2021**

I hereby certify that this is a true and correct copy of the original order on file with the Court.

I HEREBY CERTIFY THE ABOVE TO BE CORRECT.

Clerk of the Circuit Court of    DATE 12/23/2021 _____ County, Illinois

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Seal (and signature, as locally required)

This order is the command
of the Circuit Court and
violation thereof is subject
to the penalty of the law.

Copies given    ☐ Petitioner    ☐ Respondent in Open Court    ☐ Sheriff to serve Respondent    ☐ LEADS
                ☐ State's Attorney

**FINDINGS:**
**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds**

1.  The people protected by this *Order* are:
    ☐ Petitioner
    ☐ Minor children listed in caption of this *Order*
    ☐ Other Protected Persons listed on page 1 of this *Order*

2.  The Petitioner has the following relationship to Respondent:
    ☐ Boyfriend / Girlfriend / Dating Relationship (including ex) (BG)     ☐ Spouse (SE)     ☐ Ex-Spouse (XS)
    ☐ Has Children with Respondent (never married to Respondent) (CC)     ☐ Sharing or Shared Home (CS)     ☐ Child (CH)
    ☐ Parent (PA)     ☐ Brother / Sister / Sibling (SB)     ☐ Other Family Member (OF)
    ☐ Other -- Petitioner not Related to Respondent (OT)     ☐ In-law (IL)     ☐ Personal Caregiver to Disabled Petitioner (PC)
    ☐ Petitioner with Disability receives care from respondent (PD)     ☐ Personal Assistant of Petitioner (PR)     ☐ Grandchild (GC)
    ☐ Grandparent (GP)     ☐ Step-Child (SC)     ☐ Step-Brother / Step-Sister / Step-Sibling (SS)
    ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent     ☐ Foster Child has Family or Household Relationship with Respondent     ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with Respondent
    ☐ Step-Parent (SP)

3.  ☐ Respondent HAS received actual notice of Petitioner's request for an *Order of Protection*.
    ☐ Respondent HAS NOT received notice of Petitioner's request for an *Order of Protection*
    ☐ Petitioner is present in person in court.     ☐ Represented by: _____
                                                            *Name of Lawyer*

4.  ☐ Respondent is not present in court.
    ☐ Respondent is present in person in court.     ☐ Represented by: _____
                                                            *Name of Lawyer*

OP-E 404.3                          Page 9 of 12                          (08/21)

Plaintiffs' Exhibit "F"  015  of  22

210P-31014

Enter the Case Number given by the Circuit Clerk: _____

5. ☐ Good cause exists to grant these remedies in this *Order* even though Respondent has not received notice Because:

    ☐ a. If Respondent were given prior or greater notice, it is likely that the harm that the remedies in this *Order* are intended to prevent would occur (R01, R03, R05, R08, R09, R11, R14, R15, and R17).

    ☐ b. If Respondent were given prior or greater notice, the immediate danger of further abuse outweighs the hardships to Respondent of an *Order* granting exclusive possession of the residence (R02).

    ☐ c. If Respondent were given prior or greater notice, it is likely that personal property would be disposed of improperly, or Petitioner has an immediate and pressing need for possession of that property.

6. Other Relevant Factors and Findings (*check all that apply*):

    ☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child of any party has been named as either Respondent or Petitioner.

    ☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or inaccessibility.

    ☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

    ☐ There is reason to believe Respondent is (*check all that apply*): ☐ armed ☐ dangerous ☐ suicidal

7. ☐ **Civil Cases:** In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor child(ren) will be abused, removed from the jurisdiction, improperly concealed within the State, or improperly separated from the child(ren)'s primary caretaker. The court finds that:

    • The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.

    • Venue is proper.

    • Respondent has abused Petitioner and/or the children identified as protected persons in Section 5 on page 4 and / or the Protected Persons listed on Page 1 of this *Order*.

    • The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.

    • It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

8. ☐ **Criminal Cases:** The Court is entering this *Order* based on the following prima facie evidence:

    ☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

    ☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

    ☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

    ☐ the entry of a protective order in a separate civil case brought by Petitioner against Respondent.

### IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a hearing, Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*;

2. Get a time for the hearing from the Circuit Clerk; AND

3. Provide the other party with a copy of your motion and notify them in writing of the time and place of the hearing.

Plaintiffs' Exhibit "F"  016 of 22

2-IOP - 31014

Enter the Case Number given by the Circuit Clerk: _____

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You have notice that Petitioner has asked for an *Order of Protection*. You must appear in court on the date in this order if you want to try to prevent the entry of a *long-term Order of Protection*. If you do not, a *long-term Order of Protection* may be issued against you.

If you want to contest the *Short-Term Order of Protection* you must:

| Emergency Order of Protection (Civil Case) | Ex parte Protective Order (Criminal Case) |
|---|---|
| • File a motion with the court stating:<br>  1) you did not receive prior notice, and<br>  2) you have a valid defense to the *Order, OR*<br>  3) the *Order*, or any of its remedies, was not authorized under the law. | • File a written notice with the court stating You have a meritorious *(valid)* defense.<br>• Written notice must include an Affidavit providing the evidence of your meritorious *(valid)* defense. You must bring this evidence to the hearing. |

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, intimidation, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any Protected Persons are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any order contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change vacate this *Order of Protection*.
- If you wish to ask the court for a *Plenary Order of Protection* which could be in force for up to two years, you MUST APPEAR in court on the date set for a hearing, which is listed on page 1 of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

<u>**NOTICE ABOUT ENFORCEMENT:**</u>

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. § 2265), provided notice this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment. 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

DEFINITION OF TERMS USED IN THIS <em>ORDER</em>

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1.  **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation but does not include reasonable direction of a minor child by a parent or person *in loco parentis*.

2.  **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with

OP-E 404.3                          Page 11 of 12                          (08/21)

Plaintiffs' Exhibit "F"  017 of 22

22 IOP-31014

disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a. creating a disturbance at Petitioner's place of employment or school; or
   b. repeatedly telephoning Petitioner's place of employment, home or residence; or
   c. repeatedly following Petitioner about in a public place or places; or
   d. repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e. improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f. threatening physical force, confinement, or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation, or willful deprivation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health, or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
   a. the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
   b. the repeated, careless imposition of unreasonable confinement; or
   c. the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
   d. the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
   e. the failure to protect a high-risk adult with disabilities from health and safety hazards.
   Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
   a. knowing or reckless use of physical force, confinement or restraint; or
   b. knowing, repeated and unnecessary sleep deprivation; or
   c. knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
   a. at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint, and the threat is directed towards that person or a family member of that person; or
   b. placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
   c. placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

Plaintiffs' Exhibit "F"   018  of  22

# RESPONDENT'S EXHIBIT "B"

Plaintiffs' Exhibit "F" 019 of 22

## Short Form Notification

❑ Order of Protection ❑ Civil No Contact Order ❑ Stalking No Contact Order

| | |
|---|---|
| Date of Service: 1/8/22 Time: 3:05PM<br><br>Respondent's Name (Person Served):<br>KATHERINE D TOERICK<br>Respondent's Date of Birth: 9/13/82<br>GARY MOTYKIE<br>Petitioner's Name (Person Protected):<br><br>_____<br>Other Protected Persons:<br>_____<br>_____ | A protective order was entered against you on 12/23/21<br>in 2/21 EUCLID AVE. Rolling Meadows, Cook<br>County Court File #:<br>21OP-31014<br>Protected Address: 1120 GLENCREST DR<br>INVERNESS, Cook County, IL 60010<br><br>❑ A hearing is set on this matter. If you fail to appear, a<br>default order may be entered against you. The hearing<br>details: Date: 1/13/22 Time: 1:30PM #207<br>Location: 2121 EUCLID, Rolling Meadows, IL |

The following are **some** of the restrictions placed on you. You must obtain a copy of the order for a complete list of restrictions. Instructions for obtaining the full order are on the back of this form.

**Order of Protection**

1. ❑ Do not further abuse, harass, intimidate, or harm the petitioner or other protected persons.
2. ❑ Do not enter the petitioner's residence.
3. ❑ Stay away from petitioner and protected persons at additional locations.
5. ❑ Petitioner has been given physical care and possession of child(ren).
8. ❑ Do not remove child(ren) or hide the child(ren) from the petitioner.
9. ❑ You must appear in court **or** ❑ you must appear in court with the child(ren).
10. ❑ Petitioner has been granted possession of certain personal property.
11. ❑ Do not damage, destroy, conceal, or sell certain personal property.
14. ❑ Do not enter or remain in the residence while under the influence of drugs or alcohol.
15. ❑ Do not access child(ren)'s school, medical, or other records.
17. ❑ You are also ordered to _____
and ❑ You shall not possess a firearm. (14.5)

*[stamp: IRIS Y. MARTINEZ CLERK OF THE CIRCUIT COURT OF COOK COUNTY  22 JAN 12 AM 10: FILED]*

**Civil No Contact Order**

1. ☑ You must stay at least __500__ feet from petitioner and protected persons. You are prohibited from coming to 1120 GLENCREST RD, INVERNESS, Cook CO, IL
2. ☑ Do not contact the petitioner or protected persons in any way.
3. ☑ Do not take, hide, or damage the property of the petitioner or protected persons.

**Stalking No Contact Order**

1. ❑ Do not threaten to commit or commit stalking.
2. ❑ Do not have contact with the petitioner or protected persons.
3. ❑ Do not come within _____ feet of petitioner's _____ residence
_____ school _____ daycare or workplace.

**Notice to respondent: You are subject to arrest and may be charged with a misdemeanor or a felony if you violate any of the terms of this order.**

Respondent's current address: 1120 GLENCREST DR., INVERNESS, IL 60010

**Affidavit of Service**
I certify that on the 8th day of January of 2022, in Cook County at 3:05 a./p.
I personally served this notice and that I orally informed the person of the conditions checked and the enforcement notice listed.

Officer BELMONTE #7                    Agency INVERNESS POLICE
Signature _____ #7                    Agency Report# 22-000050

Plaintiffs' Exhibit "F" 020 of 22

Law Enforcement Copy

# RESPONDENT'S EXHIBIT " C"

Plaintiffs' Exhibit "F"  021  of  22

Order                                                 (02/25/21) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Gary Motykie

_____ v. _____ Petitioner

No. 21OP31015

Katherine Torbick

Respondent

**ORDER**

This case coming to be heard on Respondents' motion to allow access to personal property; all parties present and informed. It is hereby ordered that the Respondent, Katherine Torbick shall be allowed to access and remove personal property at 1120 Glencrest DRIVE, INVERNESS, ILLINOIS 60010. The Respondent shall be accompanied by a member of the Inverness Police Department. The date shall be set to allow for the convenience of all parties involved.

Attorney No.: 6257859

Name: Kenneth M. Alpert

Atty. for: Katherine Torbick

Address: 444 N. Northwest Highway

City/State/Zip: Park Ridge, IL 60068 Ste 340

Telephone: 847-421-6464

ENTERED:

Dated: _____

Judge _____ Judge's No.

ENTERED
Judge Joel L. Greenblatt - 1881
JAN 13 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Plaintiffs' Exhibit "F" 022 of 22