# PLAINTIFFS' EXHIBIT "G"

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 03

FILED
7/28/2022 3:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP31014
Calendar, 03
18866546

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
THIRD MUNICIPAL DISTRICT**

| | | |
|---|---|---|
| DR. GARY MOTYKIE, | ) | |
| Petitioner | ) | No. 2021-OP-31014 |
| | ) | |
| v. | ) | |
| | ) | **2021OP31014** |
| KATHERINE TORBICK, | ) | |
| Respondent | ) | |

**NOTICE OF FILING**

TO:    James J. Macchitelli, 1051 Perimeter Drive, Suite 400, Schaumburg, IL 60173; VIA
EMAIL: Jimmymacclaw@gmail.com

**PLEASE TAKE NOTICE** that on **July 28, 2022**, we filed with the Clerk of the Circuit Court of Cook County, Third Municipal District, the attached Response to Respondent's Motion to Compel.

/s/ Jay T. Mergenthaler
Attorney for Petitioner, Dr. Gary Motykie

LAW OFFICES OF JOSEPH G. HOWARD, P.C., # 34186
217 North Jefferson St., Suite 600
Chicago, Illinois 60661
(312) 831-1200
jm@howardlegalfirm.com

**PROOF OF SERVICE**

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Section 109 of the Illinois Code of Civil Procedure that the above notice and any attached pleadings were [ ] hand delivered to the recipient, [ ] placed in the U.S. Mail at 217 N. Jefferson St., properly addressed, with postage prepaid, [ x ] via email from the sender's email (jm@howardlegalfirm.com) to the recipient emails set forth above [ ] sent via facsimile complete with ___ pages from sender's facsimile (312.831.1211) to the recipient parties at the addresses / fax numbers set forth above before 5.00 P.M., on **July 28, 2022.**

/s/ Jay T. Mergenthaler
JAY T. MERGENTHALER

1

Plaintiffs' Exhibit " G "  002  of 10

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 03

Case: 1:23-cv-01779 Document #: 125-8 Filed: 03/02/26 Page 3 of 10 PageID #:1759

FILED
7/28/2022 3:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP31014
Calendar, 03
18866546

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**THIRD MUNICIPAL DISTRICT**

| | | |
|---|---|---|
| DR. GARY MOTYKIE, | ) | |
| Petitioner | ) | No. 2021-OP-31014 |
| | ) | |
| v. | ) | |
| | ) | **2021OP31014** |
| KATHERINE TORBICK, | ) | |
| Respondent | ) | |

**RESPONSE TO RESPONDENT'S MOTION TO COMPEL**

NOW COMES Petitioner, DR. GARY MOTYKIE, ("Petitioner"), by and through his attorneys, THE LAW OFFICES OF JOSEPH G. HOWARD, PC, and for his Response to Respondent's Motion to Compel filed herein by Respondent, KATHERINE TORBICK ("Respondent"), states as follows:

**PRELIMINARY STATEMENT**

The Motion to Compel stems from a provision in an Emergency Order of Protection that was issued on December 23, 2021. Respondent is the girlfriend of co-Respondent Kevin Motykie. On January 8, 2022, after Respondent was served and removed from the premises owned by Petitioner pursuant to this Court's order, Respondent now complains that she has a property dispute with Petitioner over some of the items that were in Petitioner's home. However, such a complaint has no place in a domestic violence courtroom. As this Court noted on one of the prior hearing dates when this issue was briefly raised by one of the Respondents, "this is not divorce court." Instead, if Respondent chooses to pursue this claim, the appropriate action is a Replevin action. In a Replevin action, an aggrieved party can recover property from another if it has been wrongly withheld. See 735 ILCS 5/19-104. That is the exact situation we have here. The Replevin statute requires a Verified Complaint, and it proceeds in the normal course of a civil lawsuit with discovery, motion practice and if appropriate, a trial. This Court is not the

1

Plaintiffs' Exhibit " G " 003 of 10

FILED DATE: 7/28/2022 3:15 PM   2021OP31014

appropriate venue for such a property dispute. Contrary to Respondent's motion, there were actually six separate moves wherein Ms. Torbick's and/or Kevin Motykie's property was moved out of Petitioner's home (several at Petitioner's expense). This fact alone defeats Respondent's Motion. Respondent and/or her movers were allowed access on multiple occasions and the fact that there is a legitimate dispute regarding who owns certain property does not amount to a violation of the Court's order. Petitioner was not present at all of the moves and there were different individuals present on each of the moves, including co-Respondent Kevin Motykie's family members, hired movers, and private security guards who were present to supervise the moves. A trial or hearing of this magnitude would have a minimum of 10 and as many as 15 witnesses. Such a hearing would take days and is clearly not appropriate for a busy domestic violence court call.

Although Respondent accuses Petitioner of wrongfully retaining her belongings, she neglects to mention that Petitioner actually purchased many of these items in question and in fact, many were purchased with the house when he bought it in 2019. Moreover, there is a pending case in the Chancery division where co-Respondent Kevin Motykie, Respondent's boyfriend, is being sued by Petitioner for Replevin, Conversion, and other counts (22-CH-00848). Some of the property Respondent seeks in this motion is subject to the jurisdiction of that Court.

Finally, as demonstrated below, although Respondent has claimed she has produced receipts, the majority of said receipts are handwritten from estate sales or purport to be purchased through other online shopping sites. Petitioner has argued in the Chancery case and here that many of the items in the house may have been purchased by his brother Kevin Motykie—but he used Petitioner's credit card or the credit card from his business. Given the complicated scheme, it would take significant discovery and time to find out who actually purchased some of the items in dispute. This can be resolved if and when Respondent chooses to initiate a Replevin action or

2

perhaps she may be able to intervene in the Chancery division case where Petitioner is litigating his fraud and embezzlement claims against co-Respondent Kevin Motykie.

With regard to the specific allegations in the Motion to Compel, Petitioner responds as follows:

1. Petitioner admits the allegations in Paragraph 1.

2. Petitioner admits the allegations in Paragraph 2.

3. Petitioner admits the allegations in Paragraph 3. Answering further, it should be noted that Respondent was well aware of the fact that a Petition for an Order of Protection had previously been filed as the Order and the Petition had been served upon Co-Respondent Christopher Bono (and another resident of the property at 1120 Glencrest Drive) on a prior date. Additionally, either Respondent or her boyfriend Kevin Motykie had the locks changed on the property in order to evade service. Thus, on the January 8, 2022 service date, Petitioner had to engage the services of a locksmith in order to open the door to his residence and allow the Inverness police to serve the order.

4. Petitioner denies the allegations in Paragraph 4. Answering further, both Respondent and Kevin Motykie were present in the home when the police arrived and refused to open the door, necessitating Petitioner to call a locksmith and have the door opened. Thus, the allegation that she had "fifteen minutes" to "gather a few necessities" is preposterous. It took Inverness police over an hour to even enter the residence and then Respondent and Kevin Motykie were afforded ample time to remove some of their property out of the home.

5. Petitioner admits the allegations in Paragraph 5.

Plaintiffs' Exhibit " G " 005 of 10

FILED DATE: 7/28/2022 3:15 PM    2021OP31014

6. Petitioner admits the allegations in Paragraph 6.

7. Petitioner denies the allegations in Paragraph 7. Answering further, much of the property was owned solely by Petitioner and many of the items within the home were purchased by him and/or were purchased in conjunction with his purchase of the home in 2019. Moreover, Petitioner learned that many of the items in the home were purchased with his credit card or his business credit card and/or with funds stolen from his business by Kevin Motykie. Moreover, the items on the list and the procedure for removing them were agreed upon between Counsel for Petitioner and Kenneth Alpert, Counsel for Kevin Motykie and Katherine Torbick. Answering further, the list in Exhibit "D" was an initial list that was renegotiated between the parties and their attorneys many times, and amended many times subsequent to the January 30 move.

8. Petitioner denies the allegations in Paragraph 8. Answering further, many of the items on the list were in dispute and Petitioner believed many of the items had been purchased with his funds that were stolen from his business by Kevin Motykie or funds that were purchased with either his business or his personal credit cards by Kevin Motykie.

9. Petitioner denies that he "intentionally interfered with Respondent's attempts and rights to remove their personal property from the Inverness property." Petitioner has insufficient information to admit or deny the remaining allegations in Paragraph 9 and demands strict proof thereof. Answering further, Petitioner affirmatively states that in fact, Petitioner, through his attorney and in cooperation with both Respondent's initial counsel, her second Counsel, and while she was pro se, worked to provide Respondent with her personal property. These efforts included a total of two moves where Respondent or her movers were granted access to the home, and three moves where

4

Plaintiffs' Exhibit " G "  006  of  10

Petitioner, at his own expense had Respondent's and Kevin Motykie's property moved to their new residence. Moreover, in an effort to resolve this matter, Petitioner also provided Respondent and Kevin Motykie with property that was in the home that they did not own or purchase.

10. Petitioner denies the allegations in Paragraph 10.

11. Petitioner denies the allegations in Paragraph 11.

12. Petitioner admits only that, through Counsel, the parties agreed to allow Respondents access to the property to facilitate the removal of certain agreed upon property, and denies the rest and remaining allegations in Paragraph 12.

13. Petitioner admits only that he was not present at the property on January 30 and denies the rest and remaining allegations in Paragraph 13. Answering further, he states that Respondent and Kevin Motykie were allowed to remove certain property for a prescribed two-hour time period that was previously agreed upon between Counsel for Respondent and Counsel for Petitioner. However, Petitioner allowed Respondents well over three hours to remove their property. Petitioner admits that he had security present due to the fact that he was not present and that many items were in dispute regarding ownership and many items were the subject of a pending lawsuit in the Chancery division, including vintage automobiles, safes, and other items. Answering further, Petitioner had reconnected an ADT security system (which was previously destroyed by Respondent while she was living in the residence) which was active and working the day prior to the move. However, on the day of the move, the system was oddly not working. Petitioner learned later from the ADT representative that came to repair the system that the wire from the house to the ADT box had been disconnected and cut.

5

Plaintiffs' Exhibit " G " 007 of 10

FILED DATE: 7/28/2022 3:15 PM    2021OP31014

On information and belief, Petitioner believes that Kevin Motykie, who previously worked as an ADT technician, disabled the system.

14. Petitioner denies the allegations in Paragraph 14 and states affirmatively that the January 30 move was not intended to move all of Respondent's and Kevin Motykie's property, but only a portion thereof.

15. Petitioner denies the allegations in Paragraph 15. Petitioner was not present for the March 21 move, but members of Kevin Motykie's family and others were present and told Petitioner that the truck was full when it departed the property. Answering further, on information and belief, the truck, which was paid for and packed by movers and members of Kevin Motykie's family, was fully packed and not damaged when it left the Inverness property.

16. Petitioner admits only that a POD was packed and sent to Respondent's home on March 23, 2022, and denies the rest and remaining allegations in Paragraph 16. Answering further, Petitioner affirmatively states that the property inside was not damaged and contained items that Respondent and Kevin Motykie requested.

17. Petitioner denies the allegations in Paragraph 17. Answering further, Petitioner was not present for the packing of the POD sent on April 29, but has photographs detailing the condition of the POD prior to it being sent, which shows that the items were properly packed. Petitioner had the POD photographed due to accusations made by Respondent and Kevin Motykie after the first POD that items had been damaged and/or improperly packed.

18. Petitioner admits only that Respondent and Kevin Motykie's movers cancelled the move on May 3 and set up a move on May 10, and denies the rest and remaining

6

Plaintiffs' Exhibit " G "  008  of  10

allegations in Paragraph 18. Answering further, on that date, the remaining property which was not in dispute and accessible, or which Petitioner agreed to give up (notwithstanding his position that some of these items had been purchased with his funds or with his credit card) was delivered by Respondent's and Kevin Motykie's movers to their home.

19. Petitioner denies the allegations and relief suggested in Paragraph 19.

20. Petitioner denies the allegations and relief suggested in Paragraph 20. Answering further, Petitioner affirmatively states that there have been a total of 6 moves (three of which allowed Respondent, Kevin Motykie, or their movers access to the property) and further states that the only property remaining in the home is property that remains in dispute regarding ownership and property that is inaccessible. The inaccessible items include a large exercise machine and several oversized tool cases which are in the garage but blocked by automobiles that currently do not have keys, making it impossible to move them. Petitioner has paid for three moves of property from his home to Respondent's current residence and will make the remaining items available once he is able to move the automobiles in the garage.

WHEREFORE, Petitioner, DR. GARY MOTYKIE, respectfully requests that this Court deny, with prejudice, the relief sought by Respondent, KATHERINE TORBICK, and grant Petitioner additional relief as to this Court seems just.

GARY MOTYKIE

By: /s/ Joseph G. Howard
Joseph G. Howard, Attorney for Petitioner

7

Plaintiffs' Exhibit " G " 009 of 10

FILED DATE: 7/28/2022 3:15 PM   2021OP31014

LAW OFFICES OF JOSEPH G. HOWARD, P.C. #34186
217 North Jefferson Street, Suite 600
Chicago, Illinois  60661
(312) 831-1200
jh@howardlegalfirm.com

8

Plaintiffs'  Exhibit  " G "  010  of  10