**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEVIN D. MOTYKIE, et al.
                         Plaintiffs,                )
v.                                                           )        Case Number: 1:23-CV-01779
                                                              )
GARY MOTYKIE, M.D.,                          )        Judge Jeremy C. Daniel
OFFICER JOSEPH BELMONTE,           )
OFFICER RANDY AKIN,                        )        JURY DEMAND
OFFICER SCOTT MAY, and               )
OFFICER ERNIE MEYERSON and        )
VILLAGE OF INVERNESS, ILLINOIS,    )
                         Defendants.             )

### MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Plaintiffs, KEVIN D. MOTYKIE, ESTATE OF KATHERINE D. TORBICK, and JT, a minor, by and through their attorney, James J. Macchitelli, moves this Honorable Court to dismiss, without prejudice, this matter against Defendants, GARY MOTYKIE, M.D., OFFICER JOSEPH BELMONTE, OFFICER RANDY AKIN, OFFICER SCOTT MAY,  OFFICER ERNIE MEYERSON and VILLAGE OF INVERNESS, ILLINOIS, pursuant to Federal Rule of Civil Procedure 41(a)(2), and, in support thereof states as follows:

1.      Plaintiff commenced this action on March 21, 2023, alleging claims against Defendants arising from the unlawful entry of Defendants into Plaintiff's residence and filed claims for relief under 42 U.S.C. §1983.

2.      "Defendants conspired with a local judge and Inverness Police Officers to act under color of state law to unlawfully remove Plaintiffs from their residential home and to take all of their personal property which deprived Plaintiffs of their Fourteenth Amendment right to due process of law."  The lawsuit is based on federal question whether the Defendants, through public corruption, conspired to violate Plaintiffs' Constitutional Rights.

3. On August 28, 2024, the District Court granted Defendants' Motions to Dismiss because it followed "The *Rooker-Feldman* Doctrine."

4. The 7th Circuit Court of Appeals vacated the dismissal and sent the matter back to the District Judge who was to reconsider dismissal under the 7th Circuit Court of Appeals recent decision on a case known as *Gilbank v. Wood County Department of Human Services, et al.*, 111 F.4th 754 (7th Cir. 2024), en banc decision which addressed significant issue surrounding the application of the Rooker-Feldman doctrine and a majority of the court adopted a new standard for evaluating federal subject-matter jurisdiction under the Rooker Feldman doctrine.

5. This Court Ordered Plaintiffs to file an amended complaint which was filed and to which Defendants filed another motion to dismiss which is pending and undecided as Plaintiff's attorney sent copies of the amended complaint to opposing attorneys timely but because of complications with MSA filing requirements, Plaintiff was not able to file until he received assistance for online to obtain required back-up codes.

6. In the meantime and after four years of constant stress caused by this litigation and several other cases against Defendant, Gary Motykie, M.D., Plaintiffs, Kevin D. Motykie and Katherine D. Torbick, had daily arguments as to how Kevin D. Motykie could allow his brother, Gary Motykie, M.D., to take all of their personal belongings and refuse to return the property, on April 30, 2026, it is alleged that Kevin D. Motykie tied or handcuffed Katherine Motykie to a chair in their residence and torture Katherine for 7 hours and that strangled her to death and Kevin remains incarcerated and may remain incarcerated without parol for the rest of his life..

7. After Plaintiff's attorney informed this Court of Katherine's death and Kevin's

incarceration, this court ordered Plaintiff's attorney to determine if the Plaintiffs and / or the Estate of Katherine Torbick wish to continue with the litigation of this case.

8. However, too much is currently happening to make an intelligent decision and since that is why Plaintiffs move to voluntarily dismiss this case without prejudice as Gary Motykie, M.D. has retained Plaintiffs' personal property and refuses to return such property which is a violation of Illinois law and cannot be tolerated.

9. This Motion is made voluntarily, knowingly, and in good faith, and is not filed for purposes of delay nor harassment.

10. Defendants will not face any prejudice if this case is voluntarily non-suited without prejudice although it is believed that Defendants shall object as there has never been an agreement from Defendants on any issue in this case.

11. The requested dismissal will conserve judicial resources and avoid further litigation expenses for the parties and the Court.

12. Plaintiff requests that each party bear its own attorney's fees and costs be ordered.

13. In closing, Plaintiff's attorney provides this Motion to Voluntarily Dismiss as a response to the demand to Show Cause and advises further that because of the tragic events discussed, communications have been difficult and decisions made at this time may not be made in a knowing and intelligent manner; thus, voluntary dismissal without prejudice seems to be the best resolution that remains fair.

WHEREFORE, Plaintiffs respectfully requests that this Court:

A. Enter an Order dismissing this action without prejudice against Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(2) pursuant to Federal Rule of Civil Procedure 41(a)(2);

B.  Order that each party bear its own costs and attorney's fees; and

C.  Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

*James J. Macchitelli*

Attorney Number: 6208773  
James J. Macchitelli  
(jimmymacclaw@gmail.com)  
Attorney for Plaintiffs  
1900 East Golf Road, Suite 950  
Schaumburg, Illinois 60173  
847-414-4532

James J. Macchitelli  
Attorney at Law